1  **Konrad L. Trope** (California SBN: 133214)
   TROPE LAW GROUP, P.C.
2  5737 Kanan Rd., #585
   Agoura Hills, CA 91301
3  Phone: (818) 575-7423
   Email: ktrope@tropelawgroup.com
4
5  Attorneys for Plaintiffs Bruder Releasing Inc., and
6  World Wrestling Organization,

7              **UNITED STATES DISTRICT COURT**

8      **CENTRAL DISTICT OF CALIFORNIA, WESTERN DIVISION**

9

10  BRUDER RELEASING INC., a            Case No: 5:24-cv-01133
    California Incorporation; and WORLD  [Before the Hon. _____]
11  WRESTLING ORGANIZATION,
    headquartered in San Diego California.  **COMPLAINT FOR DAMAGES, AND**
12                                       **DECLARATORY RELIEF:**
                                         1.  **Direct Copyright Infringement, 17**
13                          Plaintiff,       **U.S.C. §§ 101, *et seq.*;**
                                         2.  **Direct Copyright Infringement 17**
14                   vs.                     **U.S.C. §§ 101, *et seq.*;**
                                         3.  **Direct Copyright Infringement 17**
15  GRUPO TELEVISA, S.A.B., a mass          **U.S.C. §§ 101, *et seq.*;**
    media corporation head quartered in  4.  **Direct Copyright Infringement 17**
16  Mexico City, Mexico;                    **U.S.C. §§ 101, *et seq.*;**
    TELEVISAUNIVISION, INC., a           5.  **Direct Copyright Infringement 17**
17  Mexican-American media company          **U.S.C. §§ 101, *et seq.*;**
    incorporated in Delaware; PLUTO TV,  6.  **Direct Copyright Infringement 17**
18  online streaming service owned and      **U.S.C. §§ 101, *et seq.*;**
    operated by the Paramount Streaming  7.  **Direct Copyright Infringement 17**
19  division of Paramount Global;           **U.S.C. §§ 101, *et seq.*;**
    PARAMOUNT STREAMING, a              8.  **Direct Copyright Infringement 17**
20  California Company and a division of    **U.S.C. §§ 101, *et seq.*;**
    Paramount Global that oversees the   9.  **Direct Copyright Infringement 17**
21  company's video streaming technology;   **U.S.C. §§ 101, *et seq.*;**
    PARAMOUNT GLOBAL, a mass           10. **Direct Copyright Infringement 17**
22  media and entertainment conglomerate    **U.S.C. §§ 101, *et seq.*;**
    and a Delaware incorporation; and    11. **Direct Copyright Infringement, 17**
23  DOES 1 through 10, inclusive,           **U.S.C. §§ 101, *et seq.*;**
                                         12. **Direct Copyright Infringement 17**
24                                          **U.S.C. §§ 101, *et seq.*;**
                            Defendants.  13. **Direct Copyright Infringement 17**
25                                          **U.S.C. §§ 101, *et seq.*;**
                                         14. **Direct Copyright Infringement 17**
26                                          **U.S.C. §§ 101, *et seq.*;**
                                         15. **Direct Copyright Infringement 17**
27                                          **U.S.C. §§ 101, *et seq.*;**
                                         16. **Direct Copyright Infringement 17**
28                                          **U.S.C. §§ 101, *et seq.*;**

                    1          COMPLAINT FOR COPYRIGHT
                                      INFRINGEMENT

17. **Direct Copyright Infringement 17 U.S.C. §§ 101,** *et seq.***;**
18. **Direct Copyright Infringement 17 U.S.C. §§ 101,** *et seq.***;**
19. **Direct Copyright Infringement 17 U.S.C. §§ 101,** *et seq.***;**
20. **Direct Copyright Infringement 17 U.S.C. §§ 101,** *et seq.***;**
21. **Direct Copyright Infringement, 17 U.S.C. §§ 101,** *et seq.***;**
22. **Direct Copyright Infringement 17 U.S.C. §§ 101,** *et seq.***;**
23. **Direct Copyright Infringement 17 U.S.C. §§ 101,** *et seq.***;**
24. **Direct Copyright Infringement 17 U.S.C. §§ 101,** *et seq.***;**
25. **Direct Copyright Infringement 17 U.S.C. §§ 101,** *et seq.***;**
26. **Direct Copyright Infringement 17 U.S.C. §§ 101,** *et seq.***;**
27. **Direct Copyright Infringement 17 U.S.C. §§ 101,** *et seq.***;**
28. **Direct Copyright Infringement 17 U.S.C. §§ 101,** *et seq.***;**
29. **Direct Copyright Infringement 17 U.S.C. §§ 101,** *et seq.***;**
30. **Direct Copyright Infringement 17 U.S.C. §§ 101,** *et seq.***;**
31. **Breach of Contract;**
32. **Breach of Contract;**
33. **Breach of Contract;**
34. **Breach of Contract;**
35. **Breach of Contract;**
36. **Breach of Contract;**
37. **Breach of Contract;**
38. **Breach of Contract;**
39. **Breach of Contract;**
40. **Breach of Contract;**
41. **Breach of Contract;**
42. **Breach of Contract;**
43. **Breach of Contract;**
44. **Breach of Contract;**
45. **Breach of Contract;**
46. **Breach of Contract;**
47. **Breach of Contract;**
48. **Breach of Contract;**
49. **Breach of Contract;**
50. **Breach of the Covenant of Good Faith and Fair Dealing;**
51. **Breach of the Covenant of Good Faith and Fair Dealing;**
52. **Breach of the Covenant of Good Faith and Fair Dealing;**
53. **Breach of the Covenant of Good Faith and Fair Dealing;**

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

54. **Breach of the Covenant of Good Faith and Fair Dealing;**

55. **Breach of the Covenant of Good Faith and Fair Dealing;**

56. **Breach of the Covenant of Good Faith and Fair Dealing;**

57. **Breach of the Covenant of Good Faith and Fair Dealing;**

58. **Breach of the Covenant of Good Faith and Fair Dealing;**

59. **Breach of the Covenant of Good Faith and Fair Dealing;**

60. **Breach of the Covenant of Good Faith and Fair Dealing;**

61. **Breach of the Covenant of Good Faith and Fair Dealing;**

62. **Breach of the Covenant of Good Faith and Fair Dealing;**

63. **Breach of the Covenant of Good Faith and Fair Dealing;**

64. **Breach of the Covenant of Good Faith and Fair Dealing;**

65. **Breach of the Covenant of Good Faith and Fair Dealing;**

66. **Breach of the Covenant of Good Faith and Fair Dealing;**

67. **Breach of the Covenant of Good Faith and Fair Dealing;**

68. **Breach of the Covenant of Good Faith and Fair Dealing;**

69. **False Designation of Origin, 15 U.S.C. §1125(a);**

70. **False Designation of Origin, 15 U.S.C. §1125(a);**

71. **False Designation of Origin, 15 U.S.C. §1125(a);**

72. **False Designation of Origin, 15 U.S.C. §1125(a);**

73. **False Designation of Origin, 15 U.S.C. §1125(a);**

74. **False Designation of Origin, 15 U.S.C. §1125(a);**

75. **False Designation of Origin, 15 U.S.C. §1125(a);**

76. **False Designation of Origin, 15 U.S.C. §1125(a);**

77. **False Designation of Origin, 15 U.S.C. §1125(a);**

78. **False Designation of Origin, 15 U.S.C. §1125(a);**

79. **False Designation of Origin, 15 U.S.C. §1125(a);**

80. **False Designation of Origin, 15 U.S.C. §1125(a);**

81. **False Designation of Origin, 15**

COMPLAINT FOR COPYRIGHT INFRINGEMENT

U.S.C. §1125(a);
82. **False Designation of Origin, 15 U.S.C. §1125(a);**
83. **False Designation of Origin, 15 U.S.C. §1125(a);**
84. **False Designation of Origin, 15 U.S.C. §1125(a);**
85. **False Designation of Origin, 15 U.S.C. §1125(a);**
86. **False Designation of Origin, 15 U.S.C. §1125(a);**
87. **False Designation of Origin, 15 U.S.C. §1125(a);**
88. **False Designation of Origin, 15 U.S.C. §1125(a);**
89. **False Designation of Origin, 15 U.S.C. §1125(a);**
90. **False Designation of Origin, 15 U.S.C. §1125(a);**
91. **False Designation of Origin, 15 U.S.C. §1125(a);**
92. **False Designation of Origin, 15 U.S.C. §1125(a);**
93. **False Designation of Origin, 15 U.S.C. §1125(a);**
94. **False Designation of Origin, 15 U.S.C. §1125(a);**
95. **False Designation of Origin, 15 U.S.C. §1125(a);**
96. **False Designation of Origin, 15 U.S.C. §1125(a);**
97. **False Designation of Origin, 15 U.S.C. §1125(a);**
98. **False Designation of Origin, 15 U.S.C. §1125(a); and**

**JURY DEMAND**

**COMES NOW**, Plaintiffs BRUDER RELEASING, INC. ("BRI"), a California incorporation that operates as a production and releasing company; WORLD WRESTLING ORGANIZATION, a California head quartered company that focuses on bringing *Lucha Libre* (Mexican wrestling) beyond Mexico, by producing and distributing content across multiple platforms to territories like Mexico, Brazil, and Latin-America presenting their complaint herein against Defendants GRUPO TELEVIA, S.A.B., ("Televisa"), a mass media corporation headquartered in Mexico City, Mexico; TELEVISAUNIVISION, ("TelevisaUnivision"), a Mexican-American media company incorporated in Delaware and a California registered corporate agent; PLUTO TV, ("Pluto TV"), an

COMPLAINT FOR COPYRIGHT INFRINGEMENT

online streaming service owned and operated by the Paramount Streaming division of Paramount Global; PARAMOUNT STREAMING, ("Paramount Streaming"), a California Company and a division of Paramount Global that oversees the company's video streaming technology; PARAMOUNT GLOBAL, ("Paramount Global"), a mass media and entertainment conglomerate and a Delaware incorporation; and allege as follows.

## THE PARTIES

1.     Plaintiff Bruder Releasing, Inc., is a California incorporation that operates as a production and releasing company, ("BRI").

2.     Plaintiff World Wrestling Organization is head quartered in San Diego, California and focuses on bringing *Lucha Libre* (Mexican wrestling) beyond Mexico, by producing and distributing content across multiple platforms to territories like Mexico, Brazil, and Latin-America, ("WWO").

3.     Defendant Grupo Televisa, S.A.B., is head quartered in Mexico City, Mexico and is a mass media corporation, ("Televisa").

4.     Defendant TelevisaUnivision is a Mexican-American media company incorporated in Delaware and a California registered corporate agent; and Televisa owns a 45% stake of TelevisaUnivision, ("TelevisaUnivision").

5.     Defendant Pluto TV is an online streaming service owned and operated by the Paramount Streaming division of Paramount Global, ("Pluto TV").

6.     Defendant Paramount Streaming is a California Company and a division of Paramount Global that oversees the company's video streaming technology, ("Paramount Streaming").

7.     Defendant Paramount Global is the parent company to Paramount Streaming and its subsidiaries and is a Delaware incorporated mass media and entertainment conglomerate, ("Paramount Global").

8.     Plaintiff BRI had a license agreement with Televisa and Plaintiff delivered 30 World Wrestling Organization ("WWO") shows to Televisa. This

COMPLAINT FOR COPYRIGHT INFRINGEMENT

license agreement began on November 1st, 2019, and terminated on October 31st, 2020. A true and correct copy of the distribution agreement is attached hereto and incorporated herein by reference as though set forth in full as **Exhibit '1'**.

9.     Plaintiff BRI also has a license agreement with Televisa for programs selected by Televisa upon availability notice created by BRI on a quarterly basis for Televisa to select and distribute. The license period started on February 1st, 2020, and terminated on January 31st, 2023. A true and correct copy of the distribution agreement is attached hereto and incorporated herein by reference as though set forth in full as **Exhibit '2'**.

10.     Plaintiffs are informed, believe, and thereon allege that the Defendants Televisa, Pluto TV, Paramount Streaming, and Paramount Global were aware, authorized, approved, and conspired with other Defendants in the illegal conduct of Defendants Televisa and Pluto TV alleged herein.

11.     The true names and capacities of the Defendants sued in this Complaint as DOES 1 through 10, inclusive, whether individual, corporate, associate, or otherwise, are presently unknown to Plaintiffs who therefore sue these Defendants by such fictitious names.  Plaintiffs will amend this Complaint to set forth the true names and capacities of DOES 1 through 10, inclusive, when they have been ascertained or at the time of trial herein.  Plaintiffs are informed, believe, and thereon allege that each of these such fictitiously named Defendants participated in some manner in the events and occurrences referred to hereinafter and/or proximately caused the damages complained of herein.

12.     Plaintiffs are informed, believe, and thereon allege that, at all times herein mentioned, each of the Defendants (including *inter alia*, the fictitiously named Defendants) were the agent, servant, employee or co-conspirator of each of the other Defendants, and doing the things herein alleged, was acting in the scope of their, or its actual, apparent or special authority as such agent, servant, employee or co-conspirator, and with the permission or consent of each such co-Defendant.

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

1
2
### JURISDICTION AND VENUE

3     13.    Plaintiffs brings this civil action pursuant to the Copyright Act of 1976,
4 as amended, 17 U.S.C §§ 101, 501, *et seq.*; the Lanham Act as codified at 15 U.S.C.
5 §§ 1125, *et seq*.

6     14.    Plaintiffs are informed, believe, and thereon allege that Defendant
7 Televisa, while a Mexican company head quartered in Mexico, provides service
8 worldwide. In 2021, Televisa sold the company's media and entertainment assets for
9 a 45% stake, to Univision Communications and formed a new company called
10 TelevisaUnivision. TelevisaUnivision is and was at all relevant times a corporation
11 formed under the laws of the State of Delaware with its principal place of business
12 in Florida. However, TelevisaUnivision is a California Registered  Corporation.

13     15.    Pluto TV is an online streaming service and a subsidiary of Paramount
14 Streaming and Paramount Global – incorporated in Delaware providing services
15 nationally and internationally. For purposes of this complaint, Plaintiffs are informed,
16 believe, and thereon allege that the infringing misconduct and acts took place in
17 California.

18     16.    Plaintiffs are informed, believe, and thereon allege that because
19 streaming occurs over the internet, inevitably, the streaming of 30 WWO titles for 19
20 months beyond the licensing agreement's expiry took place within the borders of
21 California.

22     17.    The Court has jurisdiction over the subject matter of this action pursuant
23 to the Copyright Act of the United States, 17 U.S.C. §§ 101, 501 *et seq.* and pursuant
24 to 28 U.S.C. § 1338(a).

25     18.    Venue is properly laid in this Court pursuant to 28 U.S.C. §§ 1391(b)
26 and 1400(a) because the Defendants reside, may be found, or transact business in this
27 District.

28

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

19.     This court also has supplemental jurisdiction over all other claims that do not arise under a federal statute in that these supplemental claims are so related to the claims in the action within such original jurisdiction of this court that they form part of the same case or controversy under Article III of the *United States Constitution* pursuant to 28 U.S.C. § 1367.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

20.     Plaintiffs are informed, believe, and thereon allege that Espinoza Peralta Armando Francisco ("Armando Espinosa") is the copyright holder of the World Wrestling Organization. A true and correct copy of the copyright certificate is attached hereto and incorporated herein by reference as though set forth in full as **Exhibit '3'.**

21.     Plaintiffs are informed, believe, and thereon allege that Armando Espinosa is entitled to international copyright protections under the Berne Convention for the Protection of Literary and Artistic Works ("Berne Convention"). The Berne Convention requires all members to (1) have certain levels of copyright protection, (2) protect the works made by citizens of other member countries, and (3) allow owners from Berne Convention signatory nations to bring claims of copyright infringement in United States courts. 17 U.S.C. §§101, *et seq.*; *Liaigre v. California Furniture Collection*, 2022 WL 18278600, at *7 (C.D. Cal. Oct. 6, 2022). As the United States of America and Mexico are members to the Berne Convention, they are required to protect the copyright of works made by citizens of other member countries. Berne Convention Implementation Act of 1988, Pub. L. No. 100-568, 102 Stat. 2853 (March 1, 1989).

22.     Plaintiffs are informed, believe, and thereon allege that on or about October 10th, 2019, BRI licensed WWO's titles to Televisa to Pay Per View ("PPV") and Video on Demand ("VOD") on Over the Top ("OTT") broadcast television. A

COMPLAINT FOR COPYRIGHT INFRINGEMENT

true and correct copy of the distribution agreement is attached hereto and incorporated herein by reference as though set forth in full as **Exhibit '4'.**

23.     Plaintiffs are informed, believe, and thereon allege that on or about October 16th, 2019, BRI and Televisa entered into a Distribution Agreement ("Agreement") for 30 wrestling shows ("30 WWO titles") of the World Wrestling Organization ("WWO"), with a length of 60 minutes each. For this Agreement, the license period shall start on November 1st, 2019, and shall terminate on October 31st, 2020. Further, the distributor shall make payments to the Licensor's Bank Account on a quarterly basis in USD, corresponding to 70% of the Net Receipts. *See* **Exhibit 1.**

24.     Plaintiffs are informed, believe, and thereon allege that on or about January 28th, 2020, BRI and Televisa entered into a Distribution Agreement ("Agreement") for any programs BRI sends to Televisa on a quarterly basis in the form of an availability notice list. Televisa is free to select those titles to be distributed in terms of this Agreement. For this Agreement, the license period shall start on February 1st, 2020, and shall terminate on January 31st, 2023. Further, the distributor shall make payments to the Licensor's Bank Account on a quarterly basis in USD, corresponding to 70% of the Net Receipts. Through this Agreement, the Distributor is entitled to distribute the Programs to any of its affiliates, subsidiaries, or companies that are a part of Grupo Televisa, ("Distribution Rights"). *See* **Exhibit 2.**

25.     Plaintiffs are informed, believe, and thereon allege that on or about June 29th, 2020, Mario Castro, Director of Sales Asia & Africa from Televisa asked Marc Bruder, President of BRI if BRI would agree to include WWO on Pluto TV. Pluto TV is an online streaming service and a subsidiary of Paramount Streaming and Paramount Global – incorporated in Delaware providing services nationally and internationally. BRI approved including WWO on Pluto TV. A true and correct copy of the email communication is attached hereto and incorporated herein by reference as though set forth in full as **Exhibit '5'.**

COMPLAINT FOR COPYRIGHT INFRINGEMENT

26.     Plaintiffs are informed, believe, and thereon allege that on or about April 2021, Televisa announced that they would sell the company's media and entertainment assets to Univision Communications. Televisa will own a 45% stake of the company and the new company will be known as TelevisaUnivision. This transaction was completed by January 31, 2022.

27.     Plaintiffs are informed, believe, and thereon allege that following the Distribution Rights as set out in **Exhibit 2**, the distributor is now TelevisaUnivision and Pluto TV as Grupo Televisa was originally entitled to distribute the Programs to any of its affiliates, subsidiaries, or companies that were a part of Televisa.

28.     Plaintiffs are informed, believe, and thereon allege that according to the terms of Payment set out in both **Exhibit 1** and **Exhibit 2**, the Distributor (now TelevisaUnivision, Pluto TV, Paramount Streaming, and Paramount Global) were to make payments to the licensor's Bank Account on a quarterly basis in USD, corresponding to 70% of the Net Receipts. However, after revenue reports from the Third Quarter in 2021 for the months of July, August, and September, BRI has not received any more revenue reports. Email communications from March 2022 to August 2022 show BRI consistently following up and requesting revenue reports from Televisa, TelevisaUnivision, and Pluto TV who have passively failed to provide any revenue reports or payment in the form of royalties. A true and correct copy of the email communication is attached hereto and incorporated herein by reference as though set forth in full as **Exhibit '6'**.

29.     Plaintiffs are informed, believe, and thereon allege that by not performing on terms of payment agreed upon, there has been a breach of contract and a breach of the covenant of good faith and fair dealing implied in the contract for over 19 months. TelevisaUnivision has failed to provide BRI with any royalty statements despite repeated requests as seen in **Exhibit 6.**

30.     Plaintiffs are informed, believe, and thereon allege that the licensing agreement was terminated via email communication on August 18, 2022, from Yani

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

Ojito, Senior Manager – Content partnerships, at Pluto TV indicating to Marc Bruder, President at BRI, that the programming team at Pluto TV has decided to "pass on renewing." The email stated that Pluto TV did not have any additional interest in airing the content. A true and correct copy of the notice of copyright infringement is attached hereto and incorporated herein by reference as though set forth in full as **Exhibit '7'.**

31. Plaintiffs are informed, believe, and thereon allege that in an email dated August 19th, 2022, TelevisaUnivision claimed that all episodes of WWO were deleted from their drive.

32. Plaintiffs are informed, believe, and thereon allege that on January 19th, 2023, and August 21st, 2023, WWO notified BRI about WWO titles being available to view on Pluto TV, a public platform. By continuing to display WWO titles after the license agreement was terminated, Pluto TV, TelevisaUnivision, Paramount Streaming, and Paramount Global have reaped additional profits and continue to retain all income generated from their ongoing unauthorized distribution of WWO titles. This results in a willful copyright infringement.

33. Plaintiffs are informed, believe, and thereon allege that in or about Fall of 2023, TelevisaUnivision, Pluto TV, Paramount Streaming, and Paramount Global were put on notice by phone and email regarding their infringement of these 30 WWO titles for a duration of at least 19 months beyond the authorized license window. Plaintiffs repeatedly contacted TelevisaUnivision and Pluto TV regarding the unlicensed and unauthorized distribution of WWO program contents which received no response.

34. Plaintiffs are informed, believe, and thereon allege that on October 30th, 2023, WWO sent out a final notice of copyright infringement to TelevisaUnivision and Pluto TV. A true and correct copy of the notice of copyright infringement is attached hereto and incorporated herein by reference as though set forth in full as **Exhibit '8'.**

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

35.    Plaintiffs are informed, believe, and thereon allege that on November 2023, there was a conference call held with representatives of TelevisaUnivision, Pluto TV, Paramount Streaming, and Paramount Global. During this call, the Defendants admitted their error but attempted to say it was inadvertent, which Plaintiffs reject based on the fact that in August 2022, Pluto TV communicated the termination of the License Agreement. *See supra* paragraph 30.

36.    Plaintiffs are informed, believe, and thereon allege that on February 28th, 2024, Paramount sent a tabular representation of revenue received after Televisa-MTVNLA license agreement was terminated. The tabular representation begins on the date of September 1st, 2022, and ends on October 1st, 2023. This shows that Paramount displayed 30 titles of WWO on their streaming service – a place open to the public for 19 months after the license expired. Willfully displaying 30 titles of WWO after the license expired, is a willful violation of copyright. A true and correct copy of the tabular representation of revenue received after the Televisa-MTVNLA license agreement was terminated is attached hereto and incorporated herein by reference as though set forth in full as **Exhibit '9'.**

37.    A copyright owner is required to prove infringement was committed willfully. *See* 17 U.S.C §504(c)(2). Once proved, a copyright owner may be awarded statutory damages to a sum not more than $150,000. By continuing to stream the 30 WWO titles for 19 months, it is clear that the infringement committed was willful.

38.    The Copyright Act does not require proof that the protected work was actually viewed by anyone; and defines "publicly" to require that the display be "a place open to the public." 17 U.S.C. §101. Any "publicly" accessible server is thus encompassed by this definition. *Bell v. Wilmott Storage Services*, 12 F. 4th 1065, 1074 (9th Cir. 2021). Further, by continuing to keep the 30 WWO titles on its websites and platforms there has been an infringement of the exclusive right of public display that is fixed and embodied in a perceivable format on Pluto TV's platforms. *See Hunley v. Instagram*, 73 F.4th 1060, 1069 (9th Cir. 2023).

39.    Plaintiffs are informed and believe and thereon allege that the Defendants' acts of infringement are ongoing and continue to this day, including still publicly displaying on the internet through Pluto TV platforms WWO titles 19 months after the license was terminated.

**FIRST CLAIM FOR RELIEF**

[Direct Copyright Infringement Against all Defendants for

Title 1: WWO *Destruccion Total* #1]

(Violations of 17 U.S.C. §§ 101, 106, 504)

40.    Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

41.    Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of World Wrestling Organization ("WWO"), with a copyright registration number of 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

42.    Defendant Pluto TV was allowed to publicly display the 30 titles of WWO on its streaming service provided that the Distributor, Televisa and Pluto TV, continued to provide BRI with 70% of the net receipts in USD on a quarterly basis.

43.    After the third quarter in 2021, no revenue reports or payments were made to BRI for the display of the 30 titles of WWO on Pluto TV's streaming services. *See supra* ¶ 27–28.

44.    All the Defendants' conduct described hereinabove constitutes:

  a.  Tortious interference with Plaintiffs' contractual rights as to copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§101, 106, and 205; and

  b.  Tortious interference with Plaintiffs' prospective economic advantages related to the copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§ 101, 106, 205.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

45.     Thus, Defendants have realized unjust profits, gains, and advantages as a proximate result of their repeated infringements.

46.     Televisa, Pluto TV, Paramount Streaming, and Paramount Global have deliberately and intentionally failed to communicate with BRI or pay revenue as per the payment terms of the license distribution agreement. Further, they fraudulently and intentionally continued to publicly display this title of WWO on streaming services even after the license agreement had expired.

47.     Plaintiffs are entitled to recover from all the Defendants the amount of actual damages sustained or incurred as a result of the infringement under 17 U.S.C. §504, and such amount as shown by the appropriate evidence and profits lost.

48.     At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c)(2) as the conduct of all the defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 1: WWO *Destruccion Total* #1, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title are $2,850,000.00 or an amount to be proven at trial.

49.     Plaintiffs are also entitled to recover attorneys' fees and cost of suit pursuant to 17 U.S.C. §505.

50.     The Defendants' conduct has caused, and, unless enjoined by the court, will continue to cause, Plaintiffs repetitive and irreparable injury that cannot be fully compensated or measured in monetary damages Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §502 Plaintiffs are also entitled to injunctive relief to prohibit further infringement of Plaintiffs' rights to the WWO title.

**SECOND CLAIM FOR RELIEF**

[Direct Copyright Infringement Against all Defendants for

Title 2: WWO *Destruccion Total* #2]

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

(Violations of 17 U.S.C. §§ 101, 106, 504)

51.    Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39 , inclusive, as if fully set forth herein.

52.    Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of World Wrestling Organization ("WWO"), with a copyright registration number of 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

53.    Defendant Pluto TV was allowed to publicly display the 30 titles of WWO on its streaming service provided that the Distributor, Televisa and Pluto TV, continued to provide BRI with 70% of the net receipts in USD on a quarterly basis.

54.    After the third quarter in 2021, no revenue reports or payments were made to BRI for the display of the 30 titles of WWO on Pluto TV's streaming services. *See supra* ¶ 27–28.

55.    All the Defendants' conduct described hereinabove constitutes:

   a. Tortious interference with Plaintiffs' contractual rights as to copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§101, 106, and 205; and

   b. Tortious interference with Plaintiffs' prospective economic advantages related to the copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§ 101, 106, 205.

56.    Thus, Defendants have realized unjust profits, gains, and advantages as a proximate result of their repeated infringements.

57.    Televisa, Pluto TV, Paramount Streaming, and Paramount Global have deliberately and intentionally failed to communicate with BRI or pay revenue as per the payment terms of the license distribution agreement. Further, they fraudulently and intentionally continued to publicly display this title of WWO on streaming services even after the license agreement had expired.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

58.     Plaintiffs are entitled to recover from all the Defendants the amount of actual damages sustained or incurred as a result of the infringement under 17 U.S.C. §504, and such amount as shown by the appropriate evidence and profits lost.

59.     At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c)(2) as the conduct of all the Defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 2: WWO *Destruccion Total* #2, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title are $2,850,000.00 or an amount to be proven at trial.

60.     Plaintiffs are also entitled to recover attorneys' fees and cost of suit pursuant to 17 U.S.C. §505.

61.     The Defendants' conduct has caused, and, unless enjoined by the court, will continue to cause, Plaintiffs repetitive and irreparable injury that cannot be fully compensated or measured in monetary damages Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §502 Plaintiffs are also entitled to injunctive relief to prohibit further infringement of Plaintiffs' rights to the WWO title.

**THIRD CLAIM FOR RELIEF**

[Direct Copyright Infringement Against all Defendants for

Title 3: WWO *Destruccion The Crash*]

(Violations of 17 U.S.C. §§ 101, 106, 504)

62.     Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

63.     Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of World Wrestling Organization ("WWO"), with a copyright registration number of 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

64.     Defendant Pluto TV was allowed to publicly display the 30 titles of WWO on its streaming service provided that the Distributor, Televisa and Pluto TV, continued to provide BRI with 70% of the net receipts in USD on a quarterly basis.

65.     After the third quarter in 2021, no revenue reports or payments were made to BRI for the display of the 30 titles of WWO on Pluto TV's streaming services. *See supra* ¶ 27–28.

66.     All the Defendants' conduct described hereinabove constitutes:

    a. Tortious interference with Plaintiffs' contractual rights as to copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§101, 106, and 205; and

    b. Tortious interference with Plaintiffs' prospective economic advantages related to the copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§ 101, 106, 205.

67.     Thus, Defendants have realized unjust profits, gains, and advantages as a proximate result of their repeated infringements.

68.     Televisa, Pluto TV, Paramount Streaming, and Paramount Global have deliberately and intentionally failed to communicate with BRI or pay revenue as per the payment terms of the license distribution agreement. Further, they fraudulently and intentionally continued to publicly display this title of WWO on streaming services even after the license agreement had expired.

69.     Plaintiffs are entitled to recover from all the defendants the amount of actual damages sustained or incurred as a result of the infringement under 17 U.S.C. §504, and such amount as shown by the appropriate evidence and profits lost.

70.     At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c)(2) as the conduct of all the defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 3: WWO *Destruccion The Crash*, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The

COMPLAINT FOR COPYRIGHT INFRINGEMENT

statutory damages that should be awarded for this title are $2,850,000.00 or an amount to be proven at trial.

71.    Plaintiffs are also entitled to recover attorneys' fees and cost of suit pursuant to 17 U.S.C. §505.

72.    The Defendants' conduct has caused, and, unless enjoined by the court, will continue to cause, Plaintiffs repetitive and irreparable injury that cannot be fully compensated or measured in monetary damages Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §502 Plaintiffs are also entitled to injunctive relief to prohibit further infringement of Plaintiffs' rights to the WWO title.

**FOURTH CLAIM FOR RELIEF**

[Direct Copyright Infringement Against all Defendants for

Title 4: WWO *Apocalipsis*]

(Violations of 17 U.S.C. §§ 101, 106, 504)

73.    Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39 , inclusive, as if fully set forth herein.

74.    Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of World Wrestling Organization ("WWO"), with a copyright registration number of 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

75.    Defendant Pluto TV was allowed to publicly display the 30 titles of WWO on its streaming service provided that the Distributor, Televisa and Pluto TV, continued to provide BRI with 70% of the net receipts in USD on a quarterly basis.

76.    After the third quarter in 2021, no royalty reports or payments were made to BRI for the display of the 30 titles of WWO on Pluto TV's streaming services. *See supra* ¶ 27–28.

77.    All the Defendants' conduct described hereinabove constitutes:

a. Tortious interference with Plaintiffs' contractual rights as to

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§101, 106, and 205; and

    b. Tortious interference with Plaintiffs' prospective economic advantages related to the copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§ 101, 106, 205.

78.    Thus, Defendants have realized unjust profits, gains, and advantages as a proximate result of their repeated infringements.

79.    Televisa, Pluto TV, Paramount Streaming, and Paramount Global have deliberately and intentionally failed to communicate with BRI or pay revenue as per the payment terms of the license distribution agreement. Further, they fraudulently and intentionally continued to publicly display this title of WWO on streaming services even after the license agreement had expired.

80.    Plaintiffs are entitled to recover from all the Defendants the amount of actual damages sustained or incurred as a result of the infringement under 17 U.S.C. §504, and such amount as shown by the appropriate evidence and profits lost.

81.    At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c)(2) as the conduct of all the Defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 4: WWO *Apocalipsis*, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title are $2,850,000.00 or an amount to be proven at trial.

82.    Plaintiffs are also entitled to recover attorneys' fees and cost of suit pursuant to 17 U.S.C. §505.

83.    The Defendants' conduct has caused, and, unless enjoined by the court, will continue to cause, Plaintiffs repetitive and irreparable injury that cannot be fully compensated or measured in monetary damages Plaintiffs have no adequate remedy

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

at law. Pursuant to 17 U.S.C. §502 Plaintiffs are also entitled to injunctive relief to prohibit further infringement of Plaintiffs' rights to the WWO title.

### FIFTH CLAIM FOR RELIEF

[Direct Copyright Infringement Against all Defendants for

Title 5: WWO *La Gran Revancha* #1]

(Violations of 17 U.S.C. §§ 101, 106, 504)

84.     Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

85.     Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of World Wrestling Organization ("WWO"), with a copyright registration number of 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

86.     Defendant Pluto TV was allowed to publicly display the 30 titles of WWO on its streaming service provided that the Distributor, Televisa and Pluto TV, continued to provide BRI with 70% of the net receipts in USD on a quarterly basis.

87.     After the third quarter in 2021, no revenue reports or payments were made to BRI for the display of the 30 titles of WWO on Pluto TV's streaming services. *See supra* ¶ 27–28.

88.     All the Defendants' conduct described hereinabove constitutes:

    a. Tortious interference with Plaintiffs' contractual rights as to copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§101, 106, and 205; and

    b. Tortious interference with Plaintiffs' prospective economic advantages related to the copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§ 101, 106, 205.

89.     Thus, Defendants have realized unjust profits, gains, and advantages as a proximate result of their repeated infringements.

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

90.     Televisa, Pluto TV, Paramount Streaming, and Paramount Global have deliberately and intentionally failed to communicate with BRI or pay revenue as per the payment terms of the license distribution agreement. Further, they fraudulently and intentionally continued to publicly display this title of WWO on streaming services even after the license agreement had expired.

91.     Plaintiffs are entitled to recover from all the defendants the amount of actual damages sustained or incurred as a result of the infringement under 17 U.S.C. §504, and such amount as shown by the appropriate evidence and profits lost.

92.     At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c)(2) as the conduct of all the Defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 5: WWO *La Gran Revancha* #1, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title are $2,850,000.00 or an amount to be proven at trial.

93.     Plaintiffs are also entitled to recover attorneys' fees and cost of suit pursuant to 17 U.S.C. §505.

94.     The Defendants' conduct has caused, and, unless enjoined by the court, will continue to cause, Plaintiffs repetitive and irreparable injury that cannot be fully compensated or measured in monetary damages Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §502 Plaintiffs are also entitled to injunctive relief to prohibit further infringement of Plaintiffs' rights to the WWO title.

/
//
///
////
////

21                                    COMPLAINT FOR COPYRIGHT
                                                    INFRINGEMENT

**SIXTH CLAIM FOR RELIEF**

[Direct Copyright Infringement Against all Defendants for

Title 6: WWO *La Gran Revancha* #2]

(Violations of 17 U.S.C. §§ 101, 106, 504)

95.     Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

96.     Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of World Wrestling Organization ("WWO"), with a copyright registration number of 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

97.     Defendant Pluto TV was allowed to publicly display the 30 titles of WWO on its streaming service provided that the Distributor, Televisa and Pluto TV, continued to provide BRI with 70% of the net receipts in USD on a quarterly basis.

98.     After the third quarter in 2021, no revenue reports or payments were made to BRI for the display of the 30 titles of WWO on Pluto TV's streaming services. *See supra* ¶ 27–28.

99.     All the Defendants' conduct described hereinabove constitutes:

    a. Tortious interference with Plaintiffs' contractual rights as to copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§101, 106, and 205; and

    b. Tortious interference with Plaintiffs' prospective economic advantages related to the copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§ 101, 106, 205.

100.   Thus, Defendants have realized unjust profits, gains, and advantages as a proximate result of their repeated infringements.

101.   Televisa, Pluto TV, Paramount Streaming, and Paramount Global have deliberately and intentionally failed to communicate with BRI or pay revenue as per the payment terms of the license distribution agreement. Further, they fraudulently

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

and intentionally continued to publicly display this title of WWO on streaming services even after the license agreement had expired.

102. Plaintiffs are entitled to recover from all the Defendants the amount of actual damages sustained or incurred as a result of the infringement under 17 U.S.C. §504, and such amount as shown by the appropriate evidence and profits lost.

103. At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c)(2) as the conduct of all the Defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 6: WWO *La Gran Revancha* #2, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title are $2,850,000.00 or an amount to be proven at trial.

104. Plaintiffs are also entitled to recover attorneys' fees and cost of suit pursuant to 17 U.S.C. §505.

105. The Defendants' conduct has caused, and, unless enjoined by the court, will continue to cause, Plaintiffs repetitive and irreparable injury that cannot be fully compensated or measured in monetary damages Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §502 Plaintiffs are also entitled to injunctive relief to prohibit further infringement of Plaintiffs' rights to the WWO title.

## SEVENTH CLAIM FOR RELIEF

[Direct Copyright Infringement Against all Defendants for

Title 7: WWO *Total Domination* #1]

(Violations of 17 U.S.C. §§ 101, 106, 504)

106. Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

107. Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of World Wrestling Organization ("WWO"), with a

COMPLAINT FOR COPYRIGHT INFRINGEMENT

copyright registration number of 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

108.   Defendant Pluto TV was allowed to publicly display the 30 titles of WWO on its streaming service provided that the Distributor, Televisa and Pluto TV, continued to provide BRI with 70% of the net receipts in USD on a quarterly basis.

109.   After the third quarter in 2021, no revenue reports or payments were made to BRI for the display of the 30 titles of WWO on Pluto TV's streaming services. *See supra* ¶ 27–28.

110.   All the Defendants' conduct described hereinabove constitutes:

      a.   Tortious interference with Plaintiffs' contractual rights as to copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§101, 106, and 205; and

      b.   Tortious interference with Plaintiffs' prospective economic advantages related to the copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§ 101, 106, 205.

111.   Thus, Defendants have realized unjust profits, gains, and advantages as a proximate result of their repeated infringements.

112.   Televisa, Pluto TV, Paramount Streaming, and Paramount Global have deliberately and intentionally failed to communicate with BRI or pay revenue as per the payment terms of the license distribution agreement. Further, they fraudulently and intentionally continued to publicly display this title of WWO on streaming services even after the license agreement had expired.

113.   Plaintiffs are entitled to recover from all the Defendants the amount of actual damages sustained or incurred as a result of the infringement under 17 U.S.C. §504, and such amount as shown by the appropriate evidence and profits lost.

114.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c)(2) as the conduct of all the defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

Plaintiffs' rights. Here, Title 7: WWO *Total Domination* #1, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title are $2,850,000.00 or an amount to be proven at trial.

115.   Plaintiffs are also entitled to recover attorneys' fees and cost of suit pursuant to 17 U.S.C. §505.

116.   The Defendants' conduct has caused, and, unless enjoined by the court, will continue to cause, Plaintiffs repetitive and irreparable injury that cannot be fully compensated or measured in monetary damages Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §502 Plaintiffs are also entitled to injunctive relief to prohibit further infringement of Plaintiffs' rights to the WWO title.

**EIGHTH CLAIM FOR RELIEF**

[Direct Copyright Infringement Against all Defendants for

Title 8: WWO *Total Domination* #2]

(Violations of 17 U.S.C. §§ 101, 106, 504)

117.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

118.   Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of World Wrestling Organization ("WWO"), with a copyright registration number of 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

119.   Defendant Pluto TV was allowed to publicly display the 30 titles of WWO on its streaming service provided that the Distributor, Televisa and Pluto TV, continued to provide BRI with 70% of the net receipts in USD on a quarterly basis.

120.   After the third quarter in 2021, no revenue reports or payments were made to BRI for the display of the 30 titles of WWO on Pluto TV's streaming services. *See supra* ¶ 27–28.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

121.   All the Defendants' conduct described hereinabove constitutes:

    a. Tortious interference with Plaintiffs' contractual rights as to copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§101, 106, and 205; and

    b. Tortious interference with Plaintiffs' prospective economic advantages related to the copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§ 101, 106, 205.

122.   Thus, Defendants have realized unjust profits, gains, and advantages as a proximate result of their repeated infringements.

123.   Televisa, Pluto TV, Paramount Streaming, and Paramount Global have deliberately and intentionally failed to communicate with BRI or pay revenue as per the payment terms of the license distribution agreement. Further, they fraudulently and intentionally continued to publicly display this title of WWO on streaming services even after the license agreement had expired.

124.   Plaintiffs are entitled to recover from all the defendants the amount of actual damages sustained or incurred as a result of the infringement under 17 U.S.C. §504, and such amount as shown by the appropriate evidence and profits lost.

125.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c)(2) as the conduct of all the defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 8: WWO *Total Domination* #2, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title are $2,850,000.00 or an amount to be proven at trial.

126.   Plaintiffs are also entitled to recover attorneys' fees and cost of suit pursuant to 17 U.S.C. §505.

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

127.   The Defendants' conduct has caused, and, unless enjoined by the court, will continue to cause, Plaintiffs repetitive and irreparable injury that cannot be fully compensated or measured in monetary damages Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §502 Plaintiffs are also entitled to injunctive relief to prohibit further infringement of Plaintiffs' rights to the WWO title.

### NINTH CLAIM FOR RELIEF

[Direct Copyright Infringement Against all Defendants for

Title 9: WWO *La Cuenta Final*]

(Violations of 17 U.S.C. §§ 101, 106, 504)

128.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

129.   Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of World Wrestling Organization ("WWO"), with a copyright registration number of 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

130.   Defendant Pluto TV was allowed to publicly display the 30 titles of WWO on its streaming service provided that the Distributor, Televisa and Pluto TV, continued to provide BRI with 70% of the net receipts in USD on a quarterly basis.

131.   After the third quarter in 2021, no revenue reports or payments were made to BRI for the display of the 30 titles of WWO on Pluto TV's streaming services. *See supra* ¶ 27–28.

132.   All the Defendants' conduct described hereinabove constitutes:

    a.   Tortious interference with Plaintiffs' contractual rights as to copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§101, 106, and 205; and

    b.   Tortious interference with Plaintiffs' prospective economic advantages related to the copying and distribution of the 30 titles of

COMPLAINT FOR COPYRIGHT INFRINGEMENT

WWO in violation of 17 U.S.C. §§ 101, 106, 205.

133.   Thus, Defendants have realized unjust profits, gains, and advantages as a proximate result of their repeated infringements.

134.   Televisa, Pluto TV, Paramount Streaming, and Paramount Global have deliberately and intentionally failed to communicate with BRI or pay revenue as per the payment terms of the license distribution agreement. Further, they fraudulently and intentionally continued to publicly display this title of WWO on streaming services even after the license agreement had expired.

135.   Plaintiffs are entitled to recover from all the Defendants the amount of actual damages sustained or incurred as a result of the infringement under 17 U.S.C. §504, and such amount as shown by the appropriate evidence and profits lost.

136.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c)(2) as the conduct of all the Defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 9: WWO *La Cuenta Final*, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title are $2,850,000.00 or an amount to be proven at trial.

137.   Plaintiffs are also entitled to recover attorneys' fees and cost of suit pursuant to 17 U.S.C. §505.

138.   The Defendants' conduct has caused, and, unless enjoined by the court, will continue to cause, Plaintiffs repetitive and irreparable injury that cannot be fully compensated or measured in monetary damages Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §502 Plaintiffs are also entitled to injunctive relief to prohibit further infringement of Plaintiffs' rights to the WWO title.

/

//

///

COMPLAINT FOR COPYRIGHT INFRINGEMENT

**TENTH CLAIM FOR RELIEF**

[Direct Copyright Infringement Against all Defendants for

Title 10: WWO *Tijuana En Fuego*]

(Violations of 17 U.S.C. §§ 101, 106, 504)

139. Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39 , inclusive, as if fully set forth herein.

140. Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of World Wrestling Organization ("WWO"), with a copyright registration number of 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

141. Defendant Pluto TV was allowed to publicly display the 30 titles of WWO on its streaming service provided that the Distributor, Televisa and Pluto TV, continued to provide BRI with 70% of the net receipts in USD on a quarterly basis.

142. After the third quarter in 2021, no revenue reports or payments were made to BRI for the display of the 30 titles of WWO on Pluto TV's streaming services. *See supra* ¶ 27–28.

143. All the Defendants' conduct described hereinabove constitutes:

    a. Tortious interference with Plaintiffs' contractual rights as to copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§101, 106, and 205; and

    b. Tortious interference with Plaintiffs' prospective economic advantages related to the copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§ 101, 106, 205.

144. Thus, Defendants have realized unjust profits, gains, and advantages as a proximate result of their repeated infringements.

145. Televisa, Pluto TV, Paramount Streaming, and Paramount Global have deliberately and intentionally failed to communicate with BRI or pay revenue as per the payment terms of the license distribution agreement. Further, they fraudulently

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

and intentionally continued to publicly display this title of WWO on streaming services even after the license agreement had expired.

146.   Plaintiffs are entitled to recover from all the Defendants the amount of actual damages sustained or incurred as a result of the infringement under 17 U.S.C. §504, and such amount as shown by the appropriate evidence and profits lost.

147.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c)(2) as the conduct of all the Defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 10: WWO *Tijuana En Fuego*, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title are $2,850,000.00 or an amount to be proven at trial.

148.   Plaintiffs are also entitled to recover attorneys' fees and cost of suit pursuant to 17 U.S.C. §505.

149.   The Defendants' conduct has caused, and, unless enjoined by the court, will continue to cause, Plaintiffs repetitive and irreparable injury that cannot be fully compensated or measured in monetary damages Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §502 Plaintiffs are also entitled to injunctive relief to prohibit further infringement of Plaintiffs' rights to the WWO title.

**ELEVENTH CLAIM FOR RELIEF**

[Direct Copyright Infringement Against all Defendants for

Title 11: WWO *Misterio Mayhem*]

(Violations of 17 U.S.C. §§ 101, 106, 504)

150.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

151.   Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of World Wrestling Organization ("WWO"), with a

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

copyright registration number of 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

152.   Defendant Pluto TV was allowed to publicly display the 30 titles of WWO on its streaming service provided that the Distributor, Televisa and Pluto TV, continued to provide BRI with 70% of the net receipts in USD on a quarterly basis.

153.   After the third quarter in 2021, no revenue reports or payments were made to BRI for the display of the 30 titles of WWO on Pluto TV's streaming services. *See supra* ¶ 27–28.

154.   All the Defendants' conduct described hereinabove constitutes:

    a. Tortious interference with Plaintiffs' contractual rights as to copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§101, 106, and 205; and

    b. Tortious interference with Plaintiffs' prospective economic advantages related to the copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§ 101, 106, 205.

155.   Thus, Defendants have realized unjust profits, gains, and advantages as a proximate result of their repeated infringements.

156.   Televisa, Pluto TV, Paramount Streaming, and Paramount Global have deliberately and intentionally failed to communicate with BRI or pay revenue as per the payment terms of the license distribution agreement. Further, they fraudulently and intentionally continued to publicly display this title of WWO on streaming services even after the license agreement had expired.

157.   Plaintiffs are entitled to recover from all the Defendants the amount of actual damages sustained or incurred as a result of the infringement under 17 U.S.C. §504, and such amount as shown by the appropriate evidence and profits lost.

158.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c)(2) as the conduct of all the Defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of

COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiffs' rights. Here, Title 11: WWO *Misterio Mayhem*, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title are $2,850,000.00 or an amount to be proven at trial.

159.   Plaintiffs are also entitled to recover attorneys' fees and cost of suit pursuant to 17 U.S.C. §505.

160.   The Defendants' conduct has caused, and, unless enjoined by the court, will continue to cause, Plaintiffs repetitive and irreparable injury that cannot be fully compensated or measured in monetary damages Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §502 Plaintiffs are also entitled to injunctive relief to prohibit further infringement of Plaintiffs' rights to the WWO title.

**TWELFTH SECOND CLAIM FOR RELIEF**

[Direct Copyright Infringement Against all Defendants for

Title 12: WWO *Tag Team Tournament*]

(Violations of 17 U.S.C. §§ 101, 106, 504)

161.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

162.   Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of World Wrestling Organization ("WWO"), with a copyright registration number of 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

163.   Defendant Pluto TV was allowed to publicly display the 30 titles of WWO on its streaming service provided that the Distributor, Televisa and Pluto TV, continued to provide BRI with 70% of the net receipts in USD on a quarterly basis.

164.   After the third quarter in 2021, no revenue reports or payments were made to BRI for the display of the 30 titles of WWO on Pluto TV's streaming services. *See supra* ¶ 27–28.

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

165.   All the Defendants' conduct described hereinabove constitutes:

    a.   Tortious interference with Plaintiffs' contractual rights as to copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§101, 106, and 205; and

    b.   Tortious interference with Plaintiffs' prospective economic advantages related to the copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§ 101, 106, 205.

166.   Thus, Defendants have realized unjust profits, gains, and advantages as a proximate result of their repeated infringements.

167.   Televisa, Pluto TV, Paramount Streaming, and Paramount Global have deliberately and intentionally failed to communicate with BRI or pay revenue as per the payment terms of the license distribution agreement. Further, they fraudulently and intentionally continued to publicly display this title of WWO on streaming services even after the license agreement had expired.

168.   Plaintiffs are entitled to recover from all the Defendants the amount of actual damages sustained or incurred as a result of the infringement under 17 U.S.C. §504, and such amount as shown by the appropriate evidence and profits lost.

169.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c)(2) as the conduct of all the Defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 12: WWO *Tag Team Tournament*, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title are $2,850,000.00 or an amount to be proven at trial.

170.   Plaintiffs are also entitled to recover attorneys' fees and cost of suit pursuant to 17 U.S.C. §505.

171.   The Defendants' conduct has caused, and, unless enjoined by the court, will continue to cause, Plaintiffs repetitive and irreparable injury that cannot be fully

COMPLAINT FOR COPYRIGHT INFRINGEMENT

compensated or measured in monetary damages Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §502 Plaintiffs are also entitled to injunctive relief to prohibit further infringement of Plaintiffs' rights to the WWO title.

### THIRTEENTH CLAIM FOR RELIEF

[Direct Copyright Infringement Against all Defendants for

Title 13: WWO *Tijuana Nights* #1]

(Violations of 17 U.S.C. §§ 101, 106, 504)

172.    Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

173.    Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of World Wrestling Organization ("WWO"), with a copyright registration number of 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

174.    Defendant Pluto TV was allowed to publicly display the 30 titles of WWO on its streaming service provided that the Distributor, Televisa and Pluto TV, continued to provide BRI with 70% of the net receipts in USD on a quarterly basis.

175.    After the third quarter in 2021, no revenue reports or payments were made to BRI for the display of the 30 titles of WWO on Pluto TV's streaming services. *See supra* ¶ 27–28.

176.    All the Defendants' conduct described hereinabove constitutes:

a. Tortious interference with Plaintiffs' contractual rights as to copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§101, 106, and 205; and

b. Tortious interference with Plaintiffs' prospective economic advantages related to the copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§ 101, 106, 205.

177.   Thus, Defendants have realized unjust profits, gains, and advantages as a proximate result of their repeated infringements.

178.   Televisa, Pluto TV, Paramount Streaming, and Paramount Global have deliberately and intentionally failed to communicate with BRI or pay revenue as per the payment terms of the license distribution agreement. Further, they fraudulently and intentionally continued to publicly display this title of WWO on streaming services even after the license agreement had expired.

179.   Plaintiffs are entitled to recover from all the Defendants the amount of actual damages sustained or incurred as a result of the infringement under 17 U.S.C. §504, and such amount as shown by the appropriate evidence and profits lost.

180.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c)(2) as the conduct of all the Defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 13: WWO *Tijuana Nights* #1, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title are $2,850,000.00 or an amount to be proven at trial.

181.   Plaintiffs are also entitled to recover attorneys' fees and cost of suit pursuant to 17 U.S.C. §505.

182.   The Defendants' conduct has caused, and, unless enjoined by the court, will continue to cause, Plaintiffs repetitive and irreparable injury that cannot be fully compensated or measured in monetary damages Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §502 Plaintiffs are also entitled to injunctive relief to prohibit further infringement of Plaintiffs' rights to the WWO title.

/

//

///

////

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

**FOURTEENTH CLAIM FOR RELIEF**

[Direct Copyright Infringement Against all Defendants for

Title 14: WWO *Tijuana Nights* #2]

(Violations of 17 U.S.C. §§ 101, 106, 504)

183.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39 , inclusive, as if fully set forth herein.

184.   Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of World Wrestling Organization ("WWO"), with a copyright registration number of 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

185.   Defendant Pluto TV was allowed to publicly display the 30 titles of WWO on its streaming service provided that the Distributor, Televisa and Pluto TV, continued to provide BRI with 70% of the net receipts in USD on a quarterly basis.

186.   After the third quarter in 2021, no revenue reports or payments were made to BRI for the display of the 30 titles of WWO on Pluto TV's streaming services. *See supra* ¶ 27–28.

187.   All the Defendants' conduct described hereinabove constitutes:

    a.   Tortious interference with Plaintiffs' contractual rights as to copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§101, 106, and 205; and

    b.   Tortious interference with Plaintiffs' prospective economic advantages related to the copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§ 101, 106, 205.

188.   Thus, Defendants have realized unjust profits, gains, and advantages as a proximate result of their repeated infringements.

189.   Televisa, Pluto TV, Paramount Streaming, and Paramount Global have deliberately and intentionally failed to communicate with BRI or pay revenue as per the payment terms of the license distribution agreement. Further, they fraudulently

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

and intentionally continued to publicly display this title of WWO on streaming services even after the license agreement had expired.

190.   Plaintiffs are entitled to recover from all the Defendants the amount of actual damages sustained or incurred as a result of the infringement under 17 U.S.C. §504, and such amount as shown by the appropriate evidence and profits lost.

191.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c)(2) as the conduct of all the Defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 14: WWO *Tijuana Nights* #2, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title are $2,850,000.00 or an amount to be proven at trial.

192.   Plaintiffs are also entitled to recover attorneys' fees and cost of suit pursuant to 17 U.S.C. §505.

193.   The Defendants' conduct has caused, and, unless enjoined by the court, will continue to cause, Plaintiffs repetitive and irreparable injury that cannot be fully compensated or measured in monetary damages Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §502 Plaintiffs are also entitled to injunctive relief to prohibit further infringement of Plaintiffs' rights to the WWO title.

## FIFTEENTH CLAIM FOR RELIEF

[Direct Copyright Infringement Against all Defendants for

Title 15: WWO *Tijuana Nights* #3]

(Violations of 17 U.S.C. §§ 101, 106, 504)

194.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

195.   Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of World Wrestling Organization ("WWO"), with a

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

copyright registration number of 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

196.   Defendant Pluto TV was allowed to publicly display the 30 titles of WWO on its streaming service provided that the Distributor, Televisa and Pluto TV, continued to provide BRI with 70% of the net receipts in USD on a quarterly basis.

197.   After the third quarter in 2021, no revenue reports or payments were made to BRI for the display of the 30 titles of WWO on Pluto TV's streaming services. *See supra* ¶ 27–28.

198.   All the Defendants' conduct described hereinabove constitutes:

    a.   Tortious interference with Plaintiffs' contractual rights as to copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§101, 106, and 205; and

    b.   Tortious interference with Plaintiffs' prospective economic advantages related to the copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§ 101, 106, 205.

199.   Thus, Defendants have realized unjust profits, gains, and advantages as a proximate result of their repeated infringements.

200.   Televisa, Pluto TV, Paramount Streaming, and Paramount Global have deliberately and intentionally failed to communicate with BRI or pay revenue as per the payment terms of the license distribution agreement. Further, they fraudulently and intentionally continued to publicly display this title of WWO on streaming services even after the license agreement had expired.

201.   Plaintiffs are entitled to recover from all the Defendants the amount of actual damages sustained or incurred as a result of the infringement under 17 U.S.C. §504, and such amount as shown by the appropriate evidence and profits lost.

202.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c)(2) as the conduct of all the Defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of

COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiffs' rights. Here, Title 15: WWO *Tijuana Nights* #3, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title are $2,850,000.00 or an amount to be proven at trial.

203. Plaintiffs are also entitled to recover attorneys' fees and cost of suit pursuant to 17 U.S.C. §505.

204. The Defendants' conduct has caused, and, unless enjoined by the court, will continue to cause, Plaintiffs repetitive and irreparable injury that cannot be fully compensated or measured in monetary damages Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §502 Plaintiffs are also entitled to injunctive relief to prohibit further infringement of Plaintiffs' rights to the WWO title.

### SIXTEENTH CLAIM FOR RELIEF

[Direct Copyright Infringement Against all Defendants for

Title 16: WWO *Tijuana Nights* #4]

(Violations of 17 U.S.C. §§ 101, 106, 504)

205. Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39 , inclusive, as if fully set forth herein.

206. Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of World Wrestling Organization ("WWO"), with a copyright registration number of 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

207. Defendant Pluto TV was allowed to publicly display the 30 titles of WWO on its streaming service provided that the Distributor, Televisa and Pluto TV, continued to provide BRI with 70% of the net receipts in USD on a quarterly basis.

208. After the third quarter in 2021, no revenue reports or payments were made to BRI for the display of the 30 titles of WWO on Pluto TV's streaming services. *See supra* ¶ 27–28.

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

209.   All the Defendants' conduct described hereinabove constitutes:

    a.  Tortious interference with Plaintiffs' contractual rights as to copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§101, 106, and 205; and

    b.  Tortious interference with Plaintiffs' prospective economic advantages related to the copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§ 101, 106, 205.

210.   Thus, Defendants have realized unjust profits, gains, and advantages as a proximate result of their repeated infringements.

211.   Televisa, Pluto TV, Paramount Streaming, and Paramount Global have deliberately and intentionally failed to communicate with BRI or pay revenue as per the payment terms of the license distribution agreement. Further, they fraudulently and intentionally continued to publicly display this title of WWO on streaming services even after the license agreement had expired.

212.   Plaintiffs are entitled to recover from all the Defendants the amount of actual damages sustained or incurred as a result of the infringement under 17 U.S.C. §504, and such amount as shown by the appropriate evidence and profits lost.

213.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c)(2) as the conduct of all the Defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 16: WWO *Tijuana Nights* #4, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title are $2,850,000.00 or an amount to be proven at trial.

214.   Plaintiffs are also entitled to recover attorneys' fees and cost of suit pursuant to 17 U.S.C. §505.

215.   The Defendants' conduct has caused, and, unless enjoined by the court, will continue to cause, Plaintiffs repetitive and irreparable injury that cannot be fully

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

compensated or measured in monetary damages Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §502 Plaintiffs are also entitled to injunctive relief to prohibit further infringement of Plaintiffs' rights to the WWO title.

**SEVENTEENTH CLAIM FOR RELIEF**

[Direct Copyright Infringement Against all Defendants for

Title 17: WWO *Tijuana Nights* #5]

(Violations of 17 U.S.C. §§ 101, 106, 504)

216.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39 , inclusive, as if fully set forth herein.

217.   Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of World Wrestling Organization ("WWO"), with a copyright registration number of 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

218.   Defendant Pluto TV was allowed to publicly display the 30 titles of WWO on its streaming service provided that the Distributor, Televisa and Pluto TV, continued to provide BRI with 70% of the net receipts in USD on a quarterly basis.

219.   After the third quarter in 2021, no revenue reports or payments were made to BRI for the display of the 30 titles of WWO on Pluto TV's streaming services. *See supra* ¶ 27–28.

220.   All the Defendants' conduct described hereinabove constitutes:

a. Tortious interference with Plaintiffs' contractual rights as to copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§101, 106, and 205; and

b. Tortious interference with Plaintiffs' prospective economic advantages related to the copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§ 101, 106, 205.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

221.   Thus, Defendants have realized unjust profits, gains, and advantages as a proximate result of their repeated infringements.

222.   Televisa, Pluto TV, Paramount Streaming, and Paramount Global have deliberately and intentionally failed to communicate with BRI or pay revenue as per the payment terms of the license distribution agreement. Further, they fraudulently and intentionally continued to publicly display this title of WWO on streaming services even after the license agreement had expired.

223.   Plaintiffs are entitled to recover from all the Defendants the amount of actual damages sustained or incurred as a result of the infringement under 17 U.S.C. §504, and such amount as shown by the appropriate evidence and profits lost.

224.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c)(2) as the conduct of all the Defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 17: WWO *Tijuana Nights* #5, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title are $2,850,000.00 or an amount to be proven at trial.

225.   Plaintiffs are also entitled to recover attorneys' fees and cost of suit pursuant to 17 U.S.C. §505.

226.   The Defendants' conduct has caused, and, unless enjoined by the court, will continue to cause, Plaintiffs repetitive and irreparable injury that cannot be fully compensated or measured in monetary damages Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §502 Plaintiffs are also entitled to injunctive relief to prohibit further infringement of Plaintiffs' rights to the WWO title.

### EIGHTEENTH CLAIM FOR RELIEF

[Direct Copyright Infringement Against all Defendants for

Title 18: WWO *Tijuana Nights* #6]

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

(Violations of 17 U.S.C. §§ 101, 106, 504)

227.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39 , inclusive, as if fully set forth herein.

228.   Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of World Wrestling Organization ("WWO"), with a copyright registration number of 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

229.   Defendant Pluto TV was allowed to publicly display the 30 titles of WWO on its streaming service provided that the Distributor, Televisa and Pluto TV, continued to provide BRI with 70% of the net receipts in USD on a quarterly basis.

230.   After the third quarter in 2021, no revenue reports or payments were made to BRI for the display of the 30 titles of WWO on Pluto TV's streaming services. *See supra* ¶ 27–28.

231.   All the Defendants' conduct described hereinabove constitutes:

    a.  Tortious interference with Plaintiffs' contractual rights as to copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§101, 106, and 205; and

    b.  Tortious interference with Plaintiffs' prospective economic advantages related to the copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§ 101, 106, 205.

232.   Thus, Defendants have realized unjust profits, gains, and advantages as a proximate result of their repeated infringements.

233.   Televisa, Pluto TV, Paramount Streaming, and Paramount Global have deliberately and intentionally failed to communicate with BRI or pay revenue as per the payment terms of the license distribution agreement. Further, they fraudulently and intentionally continued to publicly display this title of WWO on streaming services even after the license agreement had expired.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

234.   Plaintiffs are entitled to recover from all the Defendants the amount of actual damages sustained or incurred as a result of the infringement under 17 U.S.C. §504, and such amount as shown by the appropriate evidence and profits lost.

235.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c)(2) as the conduct of all the Defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 18: WWO *Tijuana Nights* #6, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title are $2,850,000.00 or an amount to be proven at trial.

236.   Plaintiffs are also entitled to recover attorneys' fees and cost of suit pursuant to 17 U.S.C. §505.

237.   The Defendants' conduct has caused, and, unless enjoined by the court, will continue to cause, Plaintiffs repetitive and irreparable injury that cannot be fully compensated or measured in monetary damages Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §502 Plaintiffs are also entitled to injunctive relief to prohibit further infringement of Plaintiffs' rights to the WWO title.

## NINETEENTH CLAIM FOR RELIEF

[Direct Copyright Infringement Against all Defendants for

Title 19: WWO *Tijuana Nights* #7]

(Violations of 17 U.S.C. §§ 101, 106, 504)

238.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

239.   Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of World Wrestling Organization ("WWO"), with a copyright registration number of 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

240.   Defendant Pluto TV was allowed to publicly display the 30 titles of WWO on its streaming service provided that the Distributor, Televisa and Pluto TV, continued to provide BRI with 70% of the net receipts in USD on a quarterly basis.

241.   After the third quarter in 2021, no revenue reports or payments were made to BRI for the display of the 30 titles of WWO on Pluto TV's streaming services. *See supra* ¶ 27–28.

242.   All the Defendants' conduct described hereinabove constitutes:

    a. Tortious interference with Plaintiffs' contractual rights as to copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§101, 106, and 205; and

    b. Tortious interference with Plaintiffs' prospective economic advantages related to the copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§ 101, 106, 205.

243.   Thus, Defendants have realized unjust profits, gains, and advantages as a proximate result of their repeated infringements.

244.   Televisa, Pluto TV, Paramount Streaming, and Paramount Global have deliberately and intentionally failed to communicate with BRI or pay revenue as per the payment terms of the license distribution agreement. Further, they fraudulently and intentionally continued to publicly display this title of WWO on streaming services even after the license agreement had expired.

245.   Plaintiffs are entitled to recover from all the Defendants the amount of actual damages sustained or incurred as a result of the infringement under 17 U.S.C. §504, and such amount as shown by the appropriate evidence and profits lost.

246.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c)(2) as the conduct of all the Defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 19: WWO *Tijuana Nights* #7, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

statutory damages that should be awarded for this title are $2,850,000.00 or an amount to be proven at trial.

247.   Plaintiffs are also entitled to recover attorneys' fees and cost of suit pursuant to 17 U.S.C. §505.

248.   The Defendants' conduct has caused, and, unless enjoined by the court, will continue to cause, Plaintiffs repetitive and irreparable injury that cannot be fully compensated or measured in monetary damages Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §502 Plaintiffs are also entitled to injunctive relief to prohibit further infringement of Plaintiffs' rights to the WWO title.

**TWENTIETH CLAIM FOR RELIEF**

[Direct Copyright Infringement Against all Defendants for

Title 20: WWO *Tijuana Nights* #8]

(Violations of 17 U.S.C. §§ 101, 106, 504)

249.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

250.   Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of World Wrestling Organization ("WWO"), with a copyright registration number of 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

251.   Defendant Pluto TV was allowed to publicly display the 30 titles of WWO on its streaming service provided that the Distributor, Televisa and Pluto TV, continued to provide BRI with 70% of the net receipts in USD on a quarterly basis.

252.   After the third quarter in 2021, no revenue reports or payments were made to BRI for the display of the 30 titles of WWO on Pluto TV's streaming services. *See supra* ¶ 27–28.

253.   All the Defendants' conduct described hereinabove constitutes:

a. Tortious interference with Plaintiffs' contractual rights as to

46

COMPLAINT FOR COPYRIGHT INFRINGEMENT

copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§101, 106, and 205; and

   b. Tortious interference with Plaintiffs' prospective economic advantages related to the copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§ 101, 106, 205.

254.   Thus, Defendants have realized unjust profits, gains, and advantages as a proximate result of their repeated infringements.

255.   Televisa, Pluto TV, Paramount Streaming, and Paramount Global have deliberately and intentionally failed to communicate with BRI or pay revenue as per the payment terms of the license distribution agreement. Further, they fraudulently and intentionally continued to publicly display this title of WWO on streaming services even after the license agreement had expired.

256.   Plaintiffs are entitled to recover from all the Defendants the amount of actual damages sustained or incurred as a result of the infringement under 17 U.S.C. §504, and such amount as shown by the appropriate evidence and profits lost.

257.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c)(2) as the conduct of all the Defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 20: WWO *Tijuana Nights* #8, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title are $2,850,000.00 or an amount to be proven at trial.

258.   Plaintiffs are also entitled to recover attorneys' fees and cost of suit pursuant to 17 U.S.C. §505.

259.   The Defendants' conduct has caused, and, unless enjoined by the court, will continue to cause, Plaintiffs repetitive and irreparable injury that cannot be fully compensated or measured in monetary damages Plaintiffs have no adequate remedy

COMPLAINT FOR COPYRIGHT INFRINGEMENT

at law. Pursuant to 17 U.S.C. §502 Plaintiffs are also entitled to injunctive relief to prohibit further infringement of Plaintiffs' rights to the WWO title.

### TWENTY-FIRST CLAIM FOR RELIEF

[Direct Copyright Infringement Against all Defendants

Title 21: WWO *Tijuana Nights* #9]

(Violations of 17 U.S.C. §§ 101, 106, 504)

260.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39 , inclusive, as if fully set forth herein.

261.   Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of World Wrestling Organization ("WWO"), with a copyright registration number of 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

262.   Defendant Pluto TV was allowed to publicly display the 30 titles of WWO on its streaming service provided that the Distributor, Televisa and Pluto TV, continued to provide BRI with 70% of the net receipts in USD on a quarterly basis.

263.   After the third quarter in 2021, no revenue reports or payments were made to BRI for the display of the 30 titles of WWO on Pluto TV's streaming services. *See supra* ¶ 27–28.

264.   All the Defendants' conduct described hereinabove constitutes:

> a.  Tortious interference with Plaintiffs' contractual rights as to copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§101, 106, and 205; and

> b.  Tortious interference with Plaintiffs' prospective economic advantages related to the copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§ 101, 106, 205.

265.   Thus, Defendants have realized unjust profits, gains, and advantages as a proximate result of their repeated infringements.

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

266.   Televisa, Pluto TV, Paramount Streaming, and Paramount Global have deliberately and intentionally failed to communicate with BRI or pay revenue as per the payment terms of the license distribution agreement. Further, they fraudulently and intentionally continued to publicly display this title of WWO on streaming services even after the license agreement had expired.

267.   Plaintiffs are entitled to recover from all the Defendants the amount of actual damages sustained or incurred as a result of the infringement under 17 U.S.C. §504, and such amount as shown by the appropriate evidence and profits lost.

268.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c)(2) as the conduct of all the Defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 21: WWO *Tijuana Nights* #9, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title are $2,850,000.00 or an amount to be proven at trial.

269.   Plaintiffs are also entitled to recover attorneys' fees and cost of suit pursuant to 17 U.S.C. §505.

270.   The Defendants' conduct has caused, and, unless enjoined by the court, will continue to cause, Plaintiffs repetitive and irreparable injury that cannot be fully compensated or measured in monetary damages Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §502 Plaintiffs are also entitled to injunctive relief to prohibit further infringement of Plaintiffs' rights to the WWO title.

### TWENTY-SECOND CLAIM FOR RELIEF

[Direct Copyright Infringement Against all Defendants for

Title 22: WWO *Tijuana Nights* #10]

(Violations of 17 U.S.C. §§ 101, 106, 504)

271.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

272.   Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of World Wrestling Organization ("WWO"), with a copyright registration number of 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

273.   Defendant Pluto TV was allowed to publicly display the 30 titles of WWO on its streaming service provided that the Distributor, Televisa and Pluto TV, continued to provide BRI with 70% of the net receipts in USD on a quarterly basis.

274.   After the third quarter in 2021, no revenue reports or payments were made to BRI for the display of the 30 titles of WWO on Pluto TV's streaming services. *See supra* ¶ 27–28.

275.   All the Defendants' conduct described hereinabove constitutes:

   a. Tortious interference with Plaintiffs' contractual rights as to copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§101, 106, and 205; and

   b. Tortious interference with Plaintiffs' prospective economic advantages related to the copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§ 101, 106, 205.

276.   Thus, Defendants have realized unjust profits, gains, and advantages as a proximate result of their repeated infringements.

277.   Televisa, Pluto TV, Paramount Streaming, and Paramount Global have deliberately and intentionally failed to communicate with BRI or pay revenue as per the payment terms of the license distribution agreement. Further, they fraudulently and intentionally continued to publicly display this title of WWO on streaming services even after the license agreement had expired.

278.   Plaintiffs are entitled to recover from all the Defendants the amount of actual damages sustained or incurred as a result of the infringement under 17 U.S.C. §504, and such amount as shown by the appropriate evidence and profits lost.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

279.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c)(2) as the conduct of all the Defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 22: WWO *Tijuana Nights* #10, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title are $2,850,000.00 or an amount to be proven at trial.

280.   Plaintiffs are also entitled to recover attorneys' fees and cost of suit pursuant to 17 U.S.C. §505.

281.   The Defendants' conduct has caused, and, unless enjoined by the court, will continue to cause, Plaintiffs repetitive and irreparable injury that cannot be fully compensated or measured in monetary damages Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §502 Plaintiffs are also entitled to injunctive relief to prohibit further infringement of Plaintiffs' rights to the WWO title.

**TWENTY-THIRD CLAIM FOR RELIEF**

[Direct Copyright Infringement Against all Defendants for

Title 23: WWO *Tijuana Nights* #11]

(Violations of 17 U.S.C. §§ 101, 106, 504)

282.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

283.   Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of World Wrestling Organization ("WWO"), with a copyright registration number of 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

284.   Defendant Pluto TV was allowed to publicly display the 30 titles of WWO on its streaming service provided that the Distributor, Televisa and Pluto TV, continued to provide BRI with 70% of the net receipts in USD on a quarterly basis.

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

285.   After the third quarter in 2021, no revenue reports or payments were made to BRI for the display of the 30 titles of WWO on Pluto TV's streaming services. *See supra* ¶ 27–28.

286.   All the Defendants' conduct described hereinabove constitutes:

      a. Tortious interference with Plaintiffs' contractual rights as to copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§101, 106, and 205; and

      b. Tortious interference with Plaintiffs' prospective economic advantages related to the copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§ 101, 106, 205.

287.   Thus, Defendants have realized unjust profits, gains, and advantages as a proximate result of their repeated infringements.

288.   Televisa, Pluto TV, Paramount Streaming, and Paramount Global have deliberately and intentionally failed to communicate with BRI or pay revenue as per the payment terms of the license distribution agreement. Further, they fraudulently and intentionally continued to publicly display this title of WWO on streaming services even after the license agreement had expired.

289.   Plaintiffs are entitled to recover from all the Defendants the amount of actual damages sustained or incurred as a result of the infringement under 17 U.S.C. §504, and such amount as shown by the appropriate evidence and profits lost.

290.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c)(2) as the conduct of all the Defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 23: WWO *Tijuana Nights* #11, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title are $2,850,000.00 or an amount to be proven at trial.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

291.   Plaintiffs are also entitled to recover attorneys' fees and cost of suit pursuant to 17 U.S.C. §505.

292.   The Defendants' conduct has caused, and, unless enjoined by the court, will continue to cause, Plaintiffs repetitive and irreparable injury that cannot be fully compensated or measured in monetary damages Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §502 Plaintiffs are also entitled to injunctive relief to prohibit further infringement of Plaintiffs' rights to the WWO title.

### TWENTY-FOURTH CLAIM FOR RELIEF

[Direct Copyright Infringement Against all Defendants for

Title 24: WWO *Tijuana Nights* #12]

(Violations of 17 U.S.C. §§ 101, 106, 504)

293.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39 , inclusive, as if fully set forth herein.

294.   Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of World Wrestling Organization ("WWO"), with a copyright registration number of 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

295.   Defendant Pluto TV was allowed to publicly display the 30 titles of WWO on its streaming service provided that the Distributor, Televisa and Pluto TV, continued to provide BRI with 70% of the net receipts in USD on a quarterly basis.

296.   After the third quarter in 2021, no revenue reports or payments were made to BRI for the display of the 30 titles of WWO on Pluto TV's streaming services. *See supra* ¶ 27–28.

297.   All the Defendants' conduct described hereinabove constitutes:

   a. Tortious interference with Plaintiffs' contractual rights as to copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§101, 106, and 205; and

COMPLAINT FOR COPYRIGHT INFRINGEMENT

b. Tortious interference with Plaintiffs' prospective economic advantages related to the copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§ 101, 106, 205.

298. Thus, Defendants have realized unjust profits, gains, and advantages as a proximate result of their repeated infringements.

299. Televisa, Pluto TV, Paramount Streaming, and Paramount Global have deliberately and intentionally failed to communicate with BRI or pay revenue as per the payment terms of the license distribution agreement. Further, they fraudulently and intentionally continued to publicly display this title of WWO on streaming services even after the license agreement had expired.

300. Plaintiffs are entitled to recover from all the Defendants the amount of actual damages sustained or incurred as a result of the infringement under 17 U.S.C. §504, and such amount as shown by the appropriate evidence and profits lost.

301. At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c)(2) as the conduct of all the Defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 24: WWO *Tijuana Nights* #12, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title are $2,850,000.00 or an amount to be proven at trial.

302. Plaintiffs are also entitled to recover attorneys' fees and cost of suit pursuant to 17 U.S.C. §505.

303. The Defendants' conduct has caused, and, unless enjoined by the court, will continue to cause, Plaintiffs repetitive and irreparable injury that cannot be fully compensated or measured in monetary damages Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §502 Plaintiffs are also entitled to injunctive relief to prohibit further infringement of Plaintiffs' rights to the WWO title.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

**TWENTY-FIFTH CLAIM FOR RELIEF**

[Direct Copyright Infringement Against all Defendants for

Title 25: WWO *Tijuana Nights* #13]

(Violations of 17 U.S.C. §§ 101, 106, 504)

304.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

305.   Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of World Wrestling Organization ("WWO"), with a copyright registration number of 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

306.   Defendant Pluto TV was allowed to publicly display the 30 titles of WWO on its streaming service provided that the Distributor, Televisa and Pluto TV, continued to provide BRI with 70% of the net receipts in USD on a quarterly basis.

307.   After the third quarter in 2021, no revenue reports or payments were made to BRI for the display of the 30 titles of WWO on Pluto TV's streaming services. *See supra* ¶ 27–28.

308.   All the Defendants' conduct described hereinabove constitutes:

   a. Tortious interference with Plaintiffs' contractual rights as to copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§101, 106, and 205; and

   b. Tortious interference with Plaintiffs' prospective economic advantages related to the copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§ 101, 106, 205.

309.   Thus, Defendants have realized unjust profits, gains, and advantages as a proximate result of their repeated infringements.

310.   Televisa, Pluto TV, Paramount Streaming, and Paramount Global have deliberately and intentionally failed to communicate with BRI or pay revenue as per the payment terms of the license distribution agreement. Further, they fraudulently

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

and intentionally continued to publicly display this title of WWO on streaming services even after the license agreement had expired.

311.   Plaintiffs are entitled to recover from all the Defendants the amount of actual damages sustained or incurred as a result of the infringement under 17 U.S.C. §504, and such amount as shown by the appropriate evidence and profits lost.

312.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c)(2) as the conduct of all the Defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 25: WWO *Tijuana Nights* #13, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title are $2,850,000.00.00 or an amount to be proven at trial.

313.   Plaintiffs are also entitled to recover attorneys' fees and cost of suit pursuant to 17 U.S.C. §505.

314.   The Defendants' conduct has caused, and, unless enjoined by the court, will continue to cause, Plaintiffs repetitive and irreparable injury that cannot be fully compensated or measured in monetary damages Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §502 Plaintiffs are also entitled to injunctive relief to prohibit further infringement of Plaintiffs' rights to the WWO title.

### TWENTY-SIXTH CLAIM FOR RELIEF

[Direct Copyright Infringement Against all Defendants for

Title 26: WWO *Tijuana Nights* #14]

(Violations of 17 U.S.C. §§ 101, 106, 504)

315.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

316.   Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of World Wrestling Organization ("WWO"), with a

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

copyright registration number of 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

317.   Defendant Pluto TV was allowed to publicly display the 30 titles of WWO on its streaming service provided that the Distributor, Televisa and Pluto TV, continued to provide BRI with 70% of the net receipts in USD on a quarterly basis.

318.   After the third quarter in 2021, no revenue reports or payments were made to BRI for the display of the 30 titles of WWO on Pluto TV's streaming services. *See supra* ¶ 27–28.

319.   All the Defendants' conduct described hereinabove constitutes:

a. Tortious interference with Plaintiffs' contractual rights as to copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§101, 106, and 205; and

b. Tortious interference with Plaintiffs' prospective economic advantages related to the copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§ 101, 106, 205.

320.   Thus, Defendants have realized unjust profits, gains, and advantages as a proximate result of their repeated infringements.

321.   Televisa, Pluto TV, Paramount Streaming, and Paramount Global have deliberately and intentionally failed to communicate with BRI or pay revenue as per the payment terms of the license distribution agreement. Further, they fraudulently and intentionally continued to publicly display this title of WWO on streaming services even after the license agreement had expired.

322.   Plaintiffs are entitled to recover from all the Defendants the amount of actual damages sustained or incurred as a result of the infringement under 17 U.S.C. §504, and such amount as shown by the appropriate evidence and profits lost.

323.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c)(2) as the conduct of all the Defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of

COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiffs' rights. Here, Title 26: WWO *Tijuana Nights* #14, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title are $2,850,000.00 or an amount to be proven at trial.

324.   Plaintiffs are also entitled to recover attorneys' fees and cost of suit pursuant to 17 U.S.C. §505.

325.   The Defendants' conduct has caused, and, unless enjoined by the court, will continue to cause, Plaintiffs repetitive and irreparable injury that cannot be fully compensated or measured in monetary damages Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §502 Plaintiffs are also entitled to injunctive relief to prohibit further infringement of Plaintiffs' rights to the WWO title.

**TWENTY-SEVENTH CLAIM FOR RELIEF**

[Direct Copyright Infringement Against all Defendants for

Title 27: WWO *Tijuana Nights* #15]

(Violations of 17 U.S.C. §§ 101, 106, 504)

326.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

327.   Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of World Wrestling Organization ("WWO"), with a copyright registration number of 03-2023-112910551300-01, reflecting a filing date of November 29, 2023. *See* **Exhibit 3**.

328.   Defendant Pluto TV was allowed to publicly display the 30 titles of WWO on its streaming service provided that the Distributor, Televisa and Pluto TV, continued to provide BRI with 70% of the net receipts in USD on a quarterly basis.

329.   After the third quarter in 2021, no revenue reports or payments were made to BRI for the display of the 30 titles of WWO on Pluto TV's streaming services. *See supra* ¶ 27–28.

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

330.   All the Defendants' conduct described hereinabove constitutes:

    c.  Tortious interference with Plaintiffs' contractual rights as to copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§101, 106, and 205; and

    d.  Tortious interference with Plaintiffs' prospective economic advantages related to the copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§ 101, 106, 205.

331.   Thus, Defendants have realized unjust profits, gains, and advantages as a proximate result of their repeated infringements.

332.   Televisa, Pluto TV, Paramount Streaming, and Paramount Global have deliberately and intentionally failed to communicate with BRI or pay revenue as per the payment terms of the license distribution agreement. Further, they fraudulently and intentionally continued to publicly display this title of WWO on streaming services even after the license agreement had expired.

333.   Plaintiffs are entitled to recover from all the Defendants the amount of actual damages sustained or incurred as a result of the infringement under 17 U.S.C. §504, and such amount as shown by the appropriate evidence and profits lost.

334.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c)(2) as the conduct of all the Defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 27: WWO *Tijuana Nights* #15, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title are $2,850,000.00 or an amount to be proven at trial.

335.   Plaintiffs are also entitled to recover attorneys' fees and cost of suit pursuant to 17 U.S.C. §505.

336.   The Defendants' conduct has caused, and, unless enjoined by the court, will continue to cause, Plaintiffs repetitive and irreparable injury that cannot be fully

COMPLAINT FOR COPYRIGHT INFRINGEMENT

compensated or measured in monetary damages Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §502 Plaintiffs are also entitled to injunctive relief to prohibit further infringement of Plaintiffs' rights to the WWO title.

### TWENTY-EIGHTH CLAIM FOR RELIEF

[Direct Copyright Infringement Against all Defendants for

Title 28: WWO *Tijuana Nights* #16]

(Violations of 17 U.S.C. §§ 101, 106, 504)

337.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

338.   Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of World Wrestling Organization ("WWO"), with a copyright registration number of 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

339.   Defendant Pluto TV was allowed to publicly display the 30 titles of WWO on its streaming service provided that the Distributor, Televisa and Pluto TV, continued to provide BRI with 70% of the net receipts in USD on a quarterly basis.

340.   After the third quarter in 2021, no revenue reports or payments were made to BRI for the display of the 30 titles of WWO on Pluto TV's streaming services. *See supra* ¶ 27–28.

341.   All the Defendants' conduct described hereinabove constitutes:

a.   Tortious interference with Plaintiffs' contractual rights as to copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§101, 106, and 205; and

b.   Tortious interference with Plaintiffs' prospective economic advantages related to the copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§ 101, 106, 205.

342.   Thus, Defendants have realized unjust profits, gains, and advantages as a proximate result of their repeated infringements.

343.   Televisa, Pluto TV, Paramount Streaming, and Paramount Global have deliberately and intentionally failed to communicate with BRI or pay revenue as per the payment terms of the license distribution agreement. Further, they fraudulently and intentionally continued to publicly display this title of WWO on streaming services even after the license agreement had expired.

344.   Plaintiffs are entitled to recover from all the Defendants the amount of actual damages sustained or incurred as a result of the infringement under 17 U.S.C. §504, and such amount as shown by the appropriate evidence and profits lost.

345.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c)(2) as the conduct of all the Defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 28: WWO *Tijuana Nights* #16, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title are $2,850,000.00 or an amount to be proven at trial.

346.   Plaintiffs are also entitled to recover attorneys' fees and cost of suit pursuant to 17 U.S.C. §505.

347.   The Defendants' conduct has caused, and, unless enjoined by the court, will continue to cause, Plaintiffs repetitive and irreparable injury that cannot be fully compensated or measured in monetary damages Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §502 Plaintiffs are also entitled to injunctive relief to prohibit further infringement of Plaintiffs' rights to the WWO title.

### TWENTY-NINTH CLAIM FOR RELIEF

[Direct Copyright Infringement Against all Defendants for

Title 29: WWO *Tijuana Nights* #17]

(Violations of 17 U.S.C. §§ 101, 106, 504)

348.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

349.   Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of World Wrestling Organization ("WWO"), with a copyright registration number of 03-2023-112910551300-01, reflecting a filing date of November 29, 2023. *See* **Exhibit 3**.

350.   Defendant Pluto TV was allowed to publicly display the 30 titles of WWO on its streaming service provided that the Distributor, Televisa and Pluto TV, continued to provide BRI with 70% of the net receipts in USD on a quarterly basis.

351.   After the third quarter in 2021, no revenue reports or payments were made to BRI for the display of the 30 titles of WWO on Pluto TV's streaming services. *See supra* ¶ 27–28.

352.   All the Defendants' conduct described hereinabove constitutes:

    a.  Tortious interference with Plaintiffs' contractual rights as to copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§101, 106, and 205; and

    b.  Tortious interference with Plaintiffs' prospective economic advantages related to the copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§ 101, 106, 205.

353.   Thus, Defendants have realized unjust profits, gains, and advantages as a proximate result of their repeated infringements.

354.   Televisa, Pluto TV, Paramount Streaming, and Paramount Global have deliberately and intentionally failed to communicate with BRI or pay revenue as per the payment terms of the license distribution agreement. Further, they fraudulently and intentionally continued to publicly display this title of WWO on streaming services even after the license agreement had expired.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

355.  Plaintiffs are entitled to recover from all the Defendants the amount of actual damages sustained or incurred as a result of the infringement under 17 U.S.C. §504, and such amount as shown by the appropriate evidence and profits lost.

356.  At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c)(2) as the conduct of all the Defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 29: WWO *Tijuana Nights* #17, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title are $2,850,000.00 or an amount to be proven at trial.

357.  Plaintiffs are also entitled to recover attorneys' fees and cost of suit pursuant to 17 U.S.C. §505.

358.  The Defendants' conduct has caused, and, unless enjoined by the court, will continue to cause, Plaintiffs repetitive and irreparable injury that cannot be fully compensated or measured in monetary damages Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §502 Plaintiffs are also entitled to injunctive relief to prohibit further infringement of Plaintiffs' rights to the WWO title.

### THIRTIETH CLAIM FOR RELIEF

[Direct Copyright Infringement Against all Defendants for

Title 30: WWO *Tijuana Nights* #18]

(Violations of 17 U.S.C. §§ 101, 106, 504)

359.  Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

360.  Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of World Wrestling Organization ("WWO"), with a copyright registration number of 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

361.   Defendant Pluto TV was allowed to publicly display the 30 titles of WWO on its streaming service provided that the Distributor, Televisa and Pluto TV, continued to provide BRI with 70% of the net receipts in USD on a quarterly basis.

362.   After the third quarter in 2021, no revenue reports or payments were made to BRI for the display of the 30 titles of WWO on Pluto TV's streaming services. *See supra* ¶ 27–28.

363.   All the Defendants' conduct described hereinabove constitutes:

    a.   Tortious interference with Plaintiffs' contractual rights as to copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§101, 106, and 205; and

    b.   Tortious interference with Plaintiffs' prospective economic advantages related to the copying and distribution of the 30 titles of WWO in violation of 17 U.S.C. §§ 101, 106, 205.

364.   Thus, Defendants have realized unjust profits, gains, and advantages as a proximate result of their repeated infringements.

365.   Televisa, Pluto TV, Paramount Streaming, and Paramount Global have deliberately and intentionally failed to communicate with BRI or pay revenue as per the payment terms of the license distribution agreement. Further, they fraudulently and intentionally continued to publicly display this title of WWO on streaming services even after the license agreement had expired.

366.   Plaintiffs are entitled to recover from all the Defendants the amount of actual damages sustained or incurred as a result of the infringement under 17 U.S.C. §504, and such amount as shown by the appropriate evidence and profits lost.

367.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c)(2) as the conduct of all the Defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 30: WWO *Tijuana Nights* #18, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The

COMPLAINT FOR COPYRIGHT INFRINGEMENT

statutory damages that should be awarded for this title are $2,850,000.00 or an amount to be proven at trial.

368. Plaintiffs are also entitled to recover attorneys' fees and cost of suit pursuant to 17 U.S.C. §505.

369. The Defendants' conduct has caused, and, unless enjoined by the court, will continue to cause, Plaintiffs repetitive and irreparable injury that cannot be fully compensated or measured in monetary damages Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §502 Plaintiffs are also entitled to injunctive relief to prohibit further infringement of Plaintiffs' rights to the WWO title.

## THIRTY-FIRST CLAIM FOR RELIEF

[Breach of Contract Against all Defendants for Month #1]

370. Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

371. The BRI-Televisa fully executed license agreement for WWO constitutes a valid written Distribution Agreement between the Licensor – BRI, and the Distributor – Televisa.

372. Plaintiffs BRI and WWO have performed all obligations, conditions, covenants, and promises required under the Distribution Agreement, except for those matters where performance has been excused.

373. In the Distribution Agreement, Televisa has distribution rights to distribute the WWO program titles to any of its affiliates, subsidiaries, or companies that are a part of Televisa.

374. One of the terms in the Distribution Agreement discusses Payments. The Distributors (Televisa, TelevisaUnivision, Pluto TV, Paramount Streaming, and Paramount Global) were required to make payments to the licensor's Bank Account, in USD, on a quarterly basis corresponding to 70% of the Net Receipts. *See supra* ¶ 27–29.

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

375.   All the Defendants are Distributors and have failed to perform their obligations under the Distribution Agreement. This failure to perform constitutes a breach of the Distribution Agreement.

376.   As a direct and proximate result of all of the Defendants' breaches, Plaintiffs are seeking compensatory damages for an amount to be proven at trial.

377.   As a further direct, and proximate legal result of all of the Defendants' conduct, Plaintiffs have been obligated to spend or incur liability for costs of suit, attorneys' fees, and related expenses in order to recover the benefits due to the Plaintiffs under the Distribution Agreement, for an amount to be proven at trial.

### THIRTY-SECOND CLAIM FOR RELIEF

[Breach of Contract Against all Defendants for Month #2]

378.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

379.   The BRI-Televisa fully executed license agreement for WWO constitutes a valid written Distribution Agreement between the Licensor – BRI, and the Distributor – Televisa.

380.   Plaintiffs BRI and WWO have performed all obligations, conditions, covenants, and promises required under the Distribution Agreement, except for those matters where performance has been excused.

381.   In the Distribution Agreement, Televisa has distribution rights to distribute the WWO program titles to any of its affiliates, subsidiaries, or companies that are a part of Televisa.

382.   One of the terms in the Distribution Agreement discusses Payments. The Distributors (Televisa, TelevisaUnivision, Pluto TV, Paramount Streaming, and Paramount Global) were required to make payments to the licensor's Bank Account, in USD, on a quarterly basis corresponding to 70% of the Net Receipts. *See supra* ¶ 27–29.

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

383.   All the Defendants are Distributors and have failed to perform their obligations under the Distribution Agreement. This failure to perform constitutes a breach of the Distribution Agreement.

384.   As a direct and proximate result of all of the Defendants' breaches, Plaintiffs are seeking compensatory damages for an amount to be proven at trial.

385.   As a further direct, and proximate legal result of all of the Defendants' conduct, Plaintiffs have been obligated to spend or incur liability for costs of suit, attorneys' fees, and related expenses in order to recover the benefits due to the Plaintiffs under the Distribution Agreement, for an amount to be proven at trial.

## THIRTY-THIRD CLAIM FOR RELIEF

[Breach of Contract Against all Defendants for Month #3]

386.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

387.   The BRI-Televisa fully executed license agreement for WWO constitutes a valid written Distribution Agreement between the Licensor – BRI, and the Distributor – Televisa.

388.   Plaintiffs BRI and WWO have performed all obligations, conditions, covenants, and promises required under the Distribution Agreement, except for those matters where performance has been excused.

389.   In the Distribution Agreement, Televisa has distribution rights to distribute the WWO program titles to any of its affiliates, subsidiaries, or companies that are a part of Televisa.

390.   One of the terms in the Distribution Agreement discusses Payments. The Distributors (Televisa, TelevisaUnivision, Pluto TV, Paramount Streaming, and Paramount Global) were required to make payments to the licensor's Bank Account, in USD, on a quarterly basis corresponding to 70% of the Net Receipts. *See supra* ¶ 27–29.

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

391.   All the Defendants are Distributors and have failed to perform their obligations under the Distribution Agreement. This failure to perform constitutes a breach of the Distribution Agreement.

392.   As a direct and proximate result of all of the Defendants' breaches, Plaintiffs are seeking compensatory damages for an amount to be proven at trial.

393.   As a further direct, and proximate legal result of all of the Defendants' conduct, Plaintiffs have been obligated to spend or incur liability for costs of suit, attorneys' fees, and related expenses in order to recover the benefits due to the Plaintiffs under the Distribution Agreement, for an amount to be proven at trial.

## THIRTY-FOURTH CLAIM FOR RELIEF

[Breach of Contract Against all Defendants for Month #4]

394.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

395.   The BRI-Televisa fully executed license agreement for WWO constitutes a valid written Distribution Agreement between the Licensor – BRI, and the Distributor – Televisa.

396.   Plaintiffs BRI and WWO have performed all obligations, conditions, covenants, and promises required under the Distribution Agreement, except for those matters where performance has been excused.

397.   In the Distribution Agreement, Televisa has distribution rights to distribute the WWO program titles to any of its affiliates, subsidiaries, or companies that are a part of Televisa.

398.   One of the terms in the Distribution Agreement discusses Payments. The Distributors (Televisa, TelevisaUnivision, Pluto TV, Paramount Streaming, and Paramount Global) were required to make payments to the licensor's Bank Account, in USD, on a quarterly basis corresponding to 70% of the Net Receipts. *See supra* ¶ 27–29.

399.   All the Defendants are Distributors and have failed to perform their obligations under the Distribution Agreement. This failure to perform constitutes a breach of the Distribution Agreement.

400.   As a direct and proximate result of all of the Defendants' breaches, Plaintiffs are seeking compensatory damages for an amount to be proven at trial.

401.   As a further direct, and proximate legal result of all of the Defendants' conduct, Plaintiffs have been obligated to spend or incur liability for costs of suit, attorneys' fees, and related expenses in order to recover the benefits due to the Plaintiffs under the Distribution Agreement, for an amount to be proven at trial.

### THIRTY-FIFTH CLAIM FOR RELIEF

[Breach of Contract Against all Defendants for Month #5]

402.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

403.   The BRI-Televisa fully executed license agreement for WWO constitutes a valid written Distribution Agreement between the Licensor – BRI, and the Distributor – Televisa.

404.   Plaintiffs BRI and WWO have performed all obligations, conditions, covenants, and promises required under the Distribution Agreement, except for those matters where performance has been excused.

405.   In the Distribution Agreement, Televisa has distribution rights to distribute the WWO program titles to any of its affiliates, subsidiaries, or companies that are a part of Televisa.

406.   One of the terms in the Distribution Agreement discusses Payments. The Distributors (Televisa, TelevisaUnivision, Pluto TV, Paramount Streaming, and Paramount Global) were required to make payments to the licensor's Bank Account, in USD, on a quarterly basis corresponding to 70% of the Net Receipts. *See supra* ¶ 27–29.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

407.   All the Defendants are Distributors and have failed to perform their obligations under the Distribution Agreement. This failure to perform constitutes a breach of the Distribution Agreement.

408.   As a direct and proximate result of all of the Defendants' breaches, Plaintiffs are seeking compensatory damages for an amount to be proven at trial.

409.   As a further direct, and proximate legal result of all of the Defendants' conduct, Plaintiffs have been obligated to spend or incur liability for costs of suit, attorneys' fees, and related expenses in order to recover the benefits due to the Plaintiffs under the Distribution Agreement, for an amount to be proven at trial.

## THIRTY-SIXTH CLAIM FOR RELIEF

[Breach of Contract Against all Defendants for Month #6]

410.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

411.   The BRI-Televisa fully executed license agreement for WWO constitutes a valid written Distribution Agreement between the Licensor – BRI, and the Distributor – Televisa.

412.   Plaintiffs BRI and WWO have performed all obligations, conditions, covenants, and promises required under the Distribution Agreement, except for those matters where performance has been excused.

413.   In the Distribution Agreement, Televisa has distribution rights to distribute the WWO program titles to any of its affiliates, subsidiaries, or companies that are a part of Televisa.

414.   One of the terms in the Distribution Agreement discusses Payments. The Distributors (Televisa, TelevisaUnivision, Pluto TV, Paramount Streaming, and Paramount Global) were required to make payments to the licensor's Bank Account, in USD, on a quarterly basis corresponding to 70% of the Net Receipts. *See supra* ¶ 27–29.

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

415.   All the Defendants are Distributors and have failed to perform their obligations under the Distribution Agreement. This failure to perform constitutes a breach of the Distribution Agreement.

416.   As a direct and proximate result of all of the Defendants' breaches, Plaintiffs are seeking compensatory damages for an amount to be proven at trial.

417.   As a further direct, and proximate legal result of all of the Defendants' conduct, Plaintiffs have been obligated to spend or incur liability for costs of suit, attorneys' fees, and related expenses in order to recover the benefits due to the Plaintiffs under the Distribution Agreement, for an amount to be proven at trial.

## THIRTY-SEVENTH CLAIM FOR RELIEF

[Breach of Contract Against all Defendants for Month #7]

418.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

419.   The BRI-Televisa fully executed license agreement for WWO constitutes a valid written Distribution Agreement between the Licensor – BRI, and the Distributor – Televisa.

420.   Plaintiffs BRI and WWO have performed all obligations, conditions, covenants, and promises required under the Distribution Agreement, except for those matters where performance has been excused.

421.   In the Distribution Agreement, Televisa has distribution rights to distribute the WWO program titles to any of its affiliates, subsidiaries, or companies that are a part of Televisa.

422.   One of the terms in the Distribution Agreement discusses Payments. The Distributors (Televisa, TelevisaUnivision, Pluto TV, Paramount Streaming, and Paramount Global) were required to make payments to the licensor's Bank Account, in USD, on a quarterly basis corresponding to 70% of the Net Receipts. *See supra* ¶ 27–29.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

423. All the Defendants are Distributors and have failed to perform their obligations under the Distribution Agreement. This failure to perform constitutes a breach of the Distribution Agreement.

424. As a direct and proximate result of all of the Defendants' breaches, Plaintiffs are seeking compensatory damages for an amount to be proven at trial.

425. As a further direct, and proximate legal result of all of the Defendants' conduct, Plaintiffs have been obligated to spend or incur liability for costs of suit, attorneys' fees, and related expenses in order to recover the benefits due to the Plaintiffs under the Distribution Agreement, for an amount to be proven at trial.

### THIRTY-EIGHTH CLAIM FOR RELIEF

[Breach of Contract Against all Defendants for Month #8]

426. Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

427. The BRI-Televisa fully executed license agreement for WWO constitutes a valid written Distribution Agreement between the Licensor – BRI, and the Distributor – Televisa.

428. Plaintiffs BRI and WWO have performed all obligations, conditions, covenants, and promises required under the Distribution Agreement, except for those matters where performance has been excused.

429. In the Distribution Agreement, Televisa has distribution rights to distribute the WWO program titles to any of its affiliates, subsidiaries, or companies that are a part of Televisa.

430. One of the terms in the Distribution Agreement discusses Payments. The Distributors (Televisa, TelevisaUnivision, Pluto TV, Paramount Streaming, and Paramount Global) were required to make payments to the licensor's Bank Account, in USD, on a quarterly basis corresponding to 70% of the Net Receipts. *See supra* ¶ 27–29.

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

431.   All the Defendants are Distributors and have failed to perform their obligations under the Distribution Agreement. This failure to perform constitutes a breach of the Distribution Agreement.

432.   As a direct and proximate result of all of the Defendants' breaches, Plaintiffs are seeking compensatory damages for an amount to be proven at trial.

433.   As a further direct, and proximate legal result of all of the Defendants' conduct, Plaintiffs have been obligated to spend or incur liability for costs of suit, attorneys' fees, and related expenses in order to recover the benefits due to the Plaintiffs under the Distribution Agreement, for an amount to be proven at trial.

## THIRTY-NINTH CLAIM FOR RELIEF

[Breach of Contract Against all Defendants for Month #9]

434.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

435.   The BRI-Televisa fully executed license agreement for WWO constitutes a valid written Distribution Agreement between the Licensor – BRI, and the Distributor – Televisa.

436.   Plaintiffs BRI and WWO have performed all obligations, conditions, covenants, and promises required under the Distribution Agreement, except for those matters where performance has been excused.

437.   In the Distribution Agreement, Televisa has distribution rights to distribute the WWO program titles to any of its affiliates, subsidiaries, or companies that are a part of Televisa.

438.   One of the terms in the Distribution Agreement discusses Payments. The Distributors (Televisa, TelevisaUnivision, Pluto TV, Paramount Streaming, and Paramount Global) were required to make payments to the licensor's Bank Account, in USD, on a quarterly basis corresponding to 70% of the Net Receipts. *See supra* ¶ 27–29.

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

439.   All the Defendants are Distributors and have failed to perform their obligations under the Distribution Agreement. This failure to perform constitutes a breach of the Distribution Agreement.

440.   As a direct and proximate result of all of the Defendants' breaches, Plaintiffs are seeking compensatory damages for an amount to be proven at trial.

441.   As a further direct, and proximate legal result of all of the Defendants' conduct, Plaintiffs have been obligated to spend or incur liability for costs of suit, attorneys' fees, and related expenses in order to recover the benefits due to the Plaintiffs under the Distribution Agreement, for an amount to be proven at trial.

## FORTIETH CLAIM FOR RELIEF

[Breach of Contract Against all Defendants for Month #10]

442.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

443.   The BRI-Televisa fully executed license agreement for WWO constitutes a valid written Distribution Agreement between the Licensor – BRI, and the Distributor – Televisa.

444.   Plaintiffs BRI and WWO have performed all obligations, conditions, covenants, and promises required under the Distribution Agreement, except for those matters where performance has been excused.

445.   In the Distribution Agreement, Televisa has distribution rights to distribute the WWO program titles to any of its affiliates, subsidiaries, or companies that are a part of Televisa.

446.   One of the terms in the Distribution Agreement discusses Payments. The Distributors (Televisa, TelevisaUnivision, Pluto TV, Paramount Streaming, and Paramount Global) were required to make payments to the licensor's Bank Account, in USD, on a quarterly basis corresponding to 70% of the Net Receipts. *See supra* ¶ 27–29.

447.   All the Defendants are Distributors and have failed to perform their obligations under the Distribution Agreement. This failure to perform constitutes a breach of the Distribution Agreement.

448.   As a direct and proximate result of all of the Defendants' breaches, Plaintiffs are seeking compensatory damages for an amount to be proven at trial.

449.   As a further direct, and proximate legal result of all of the Defendants' conduct, Plaintiffs have been obligated to spend or incur liability for costs of suit, attorneys' fees, and related expenses in order to recover the benefits due to the Plaintiffs under the Distribution Agreement, for an amount to be proven at trial.

## FORTY-FIRST CLAIM FOR RELIEF

[Breach of Contract Against all Defendants for Month #11]

450.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

451.   The BRI-Televisa fully executed license agreement for WWO constitutes a valid written Distribution Agreement between the Licensor – BRI, and the Distributor – Televisa.

452.   Plaintiffs BRI and WWO have performed all obligations, conditions, covenants, and promises required under the Distribution Agreement, except for those matters where performance has been excused.

453.   In the Distribution Agreement, Televisa has distribution rights to distribute the WWO program titles to any of its affiliates, subsidiaries, or companies that are a part of Televisa.

454.   One of the terms in the Distribution Agreement discusses Payments. The Distributors (Televisa, TelevisaUnivision, Pluto TV, Paramount Streaming, and Paramount Global) were required to make payments to the licensor's Bank Account, in USD, on a quarterly basis corresponding to 70% of the Net Receipts. *See supra* ¶ 27–29.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

455.   All the Defendants are Distributors and have failed to perform their obligations under the Distribution Agreement. This failure to perform constitutes a breach of the Distribution Agreement.

456.   As a direct and proximate result of all of the Defendants' breaches, Plaintiffs are seeking compensatory damages for an amount to be proven at trial.

457.   As a further direct, and proximate legal result of all of the Defendants' conduct, Plaintiffs have been obligated to spend or incur liability for costs of suit, attorneys' fees, and related expenses in order to recover the benefits due to the Plaintiffs under the Distribution Agreement, for an amount to be proven at trial.

## FORTY-SECOND CLAIM FOR RELIEF

[Breach of Contract Against all Defendants for Month #12]

458.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

459.   The BRI-Televisa fully executed license agreement for WWO constitutes a valid written Distribution Agreement between the Licensor – BRI, and the Distributor – Televisa.

460.   Plaintiffs BRI and WWO have performed all obligations, conditions, covenants, and promises required under the Distribution Agreement, except for those matters where performance has been excused.

461.   In the Distribution Agreement, Televisa has distribution rights to distribute the WWO program titles to any of its affiliates, subsidiaries, or companies that are a part of Televisa.

462.   One of the terms in the Distribution Agreement discusses Payments. The Distributors (Televisa, TelevisaUnivision, Pluto TV, Paramount Streaming, and Paramount Global) were required to make payments to the licensor's Bank Account, in USD, on a quarterly basis corresponding to 70% of the Net Receipts. *See supra* ¶ 27–29.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

463.   All the Defendants are Distributors and have failed to perform their obligations under the Distribution Agreement. This failure to perform constitutes a breach of the Distribution Agreement.

464.   As a direct and proximate result of all of the Defendants' breaches, Plaintiffs are seeking compensatory damages for an amount to be proven at trial.

465.   As a further direct, and proximate legal result of all of the Defendants' conduct, Plaintiffs have been obligated to spend or incur liability for costs of suit, attorneys' fees, and related expenses in order to recover the benefits due to the Plaintiffs under the Distribution Agreement, for an amount to be proven at trial.

### FORTY-THIRD CLAIM FOR RELIEF

[Breach of Contract Against all Defendants for Month #13]

466.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

467.   The BRI-Televisa fully executed license agreement for WWO constitutes a valid written Distribution Agreement between the Licensor – BRI, and the Distributor – Televisa.

468.   Plaintiffs BRI and WWO have performed all obligations, conditions, covenants, and promises required under the Distribution Agreement, except for those matters where performance has been excused.

469.   In the Distribution Agreement, Televisa has distribution rights to distribute the WWO program titles to any of its affiliates, subsidiaries, or companies that are a part of Televisa.

470.   One of the terms in the Distribution Agreement discusses Payments. The Distributors (Televisa, TelevisaUnivision, Pluto TV, Paramount Streaming, and Paramount Global) were required to make payments to the licensor's Bank Account, in USD, on a quarterly basis corresponding to 70% of the Net Receipts. *See supra* ¶ 27–29.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

471.   All the Defendants are Distributors and have failed to perform their obligations under the Distribution Agreement. This failure to perform constitutes a breach of the Distribution Agreement.

472.   As a direct and proximate result of all of the Defendants' breaches, Plaintiffs are seeking compensatory damages for an amount to be proven at trial.

473.   As a further direct, and proximate legal result of all of the Defendants' conduct, Plaintiffs have been obligated to spend or incur liability for costs of suit, attorneys' fees, and related expenses in order to recover the benefits due to the Plaintiffs under the Distribution Agreement, for an amount to be proven at trial.

## FORTY-FOURTH CLAIM FOR RELIEF

[Breach of Contract Against all Defendants for Month #14]

474.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

475.   The BRI-Televisa fully executed license agreement for WWO constitutes a valid written Distribution Agreement between the Licensor – BRI, and the Distributor – Televisa.

476.   Plaintiffs BRI and WWO have performed all obligations, conditions, covenants, and promises required under the Distribution Agreement, except for those matters where performance has been excused.

477.   In the Distribution Agreement, Televisa has distribution rights to distribute the WWO program titles to any of its affiliates, subsidiaries, or companies that are a part of Televisa.

478.   One of the terms in the Distribution Agreement discusses Payments. The Distributors (Televisa, TelevisaUnivision, Pluto TV, Paramount Streaming, and Paramount Global) were required to make payments to the licensor's Bank Account, in USD, on a quarterly basis corresponding to 70% of the Net Receipts. *See supra* ¶ 27–29.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

479.   All the Defendants are Distributors and have failed to perform their obligations under the Distribution Agreement. This failure to perform constitutes a breach of the Distribution Agreement.

480.   As a direct and proximate result of all of the Defendants' breaches, Plaintiffs are seeking compensatory damages for an amount to be proven at trial.

481.   As a further direct, and proximate legal result of all of the Defendants' conduct, Plaintiffs have been obligated to spend or incur liability for costs of suit, attorneys' fees, and related expenses in order to recover the benefits due to the Plaintiffs under the Distribution Agreement, for an amount to be proven at trial.

## FORTY-FIFTH CLAIM FOR RELIEF

[Breach of Contract Against all Defendants for Month #15]

482.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

483.   The BRI-Televisa fully executed license agreement for WWO constitutes a valid written Distribution Agreement between the Licensor – BRI, and the Distributor – Televisa.

484.   Plaintiffs BRI and WWO have performed all obligations, conditions, covenants, and promises required under the Distribution Agreement, except for those matters where performance has been excused.

485.   In the Distribution Agreement, Televisa has distribution rights to distribute the WWO program titles to any of its affiliates, subsidiaries, or companies that are a part of Televisa.

486.   One of the terms in the Distribution Agreement discusses Payments. The Distributors (Televisa, TelevisaUnivision, Pluto TV, Paramount Streaming, and Paramount Global) were required to make payments to the licensor's Bank Account, in USD, on a quarterly basis corresponding to 70% of the Net Receipts. *See supra* ¶ 27–29.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

487.   All the Defendants are Distributors and have failed to perform their obligations under the Distribution Agreement. This failure to perform constitutes a breach of the Distribution Agreement.

488.   As a direct and proximate result of all of the Defendants' breaches, Plaintiffs are seeking compensatory damages for an amount to be proven at trial.

489.   As a further direct, and proximate legal result of all of the Defendants' conduct, Plaintiffs have been obligated to spend or incur liability for costs of suit, attorneys' fees, and related expenses in order to recover the benefits due to the Plaintiffs under the Distribution Agreement, for an amount to be proven at trial.

## FORTY-SIXTH CLAIM FOR RELIEF

[Breach of Contract Against all Defendants for Month #16]

490.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

491.   The BRI-Televisa fully executed license agreement for WWO constitutes a valid written Distribution Agreement between the Licensor – BRI, and the Distributor – Televisa.

492.   Plaintiffs BRI and WWO have performed all obligations, conditions, covenants, and promises required under the Distribution Agreement, except for those matters where performance has been excused.

493.   In the Distribution Agreement, Televisa has distribution rights to distribute the WWO program titles to any of its affiliates, subsidiaries, or companies that are a part of Televisa.

494.   One of the terms in the Distribution Agreement discusses Payments. The Distributors (Televisa, TelevisaUnivision, Pluto TV, Paramount Streaming, and Paramount Global) were required to make payments to the licensor's Bank Account, in USD, on a quarterly basis corresponding to 70% of the Net Receipts. *See supra* ¶ 27–29.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

495.   All the Defendants are Distributors and have failed to perform their obligations under the Distribution Agreement. This failure to perform constitutes a breach of the Distribution Agreement.

496.   As a direct and proximate result of all of the Defendants' breaches, Plaintiffs are seeking compensatory damages for an amount to be proven at trial.

497.   As a further direct, and proximate legal result of all of the Defendants' conduct, Plaintiffs have been obligated to spend or incur liability for costs of suit, attorneys' fees, and related expenses in order to recover the benefits due to the Plaintiffs under the Distribution Agreement, for an amount to be proven at trial.

### FORTY-SEVENTH CLAIM FOR RELIEF

[Breach of Contract Against all Defendants for Month #17]

498.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

499.   The BRI-Televisa fully executed license agreement for WWO constitutes a valid written Distribution Agreement between the Licensor – BRI, and the Distributor – Televisa.

500.   Plaintiffs BRI and WWO have performed all obligations, conditions, covenants, and promises required under the Distribution Agreement, except for those matters where performance has been excused.

501.   In the Distribution Agreement, Televisa has distribution rights to distribute the WWO program titles to any of its affiliates, subsidiaries, or companies that are a part of Televisa.

502.   One of the terms in the Distribution Agreement discusses Payments. The Distributors (Televisa, TelevisaUnivision, Pluto TV, Paramount Streaming, and Paramount Global) were required to make payments to the licensor's Bank Account, in USD, on a quarterly basis corresponding to 70% of the Net Receipts. *See supra* ¶ 27–29.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

503. All the Defendants are Distributors and have failed to perform their obligations under the Distribution Agreement. This failure to perform constitutes a breach of the Distribution Agreement.

504. As a direct and proximate result of all of the Defendants' breaches, Plaintiffs are seeking compensatory damages for an amount to be proven at trial.

505. As a further direct, and proximate legal result of all of the Defendants' conduct, Plaintiffs have been obligated to spend or incur liability for costs of suit, attorneys' fees, and related expenses in order to recover the benefits due to the Plaintiffs under the Distribution Agreement, for an amount to be proven at trial.

### FORTY-EIGHTH CLAIM FOR RELIEF

[Breach of Contract Against all Defendants for Month #18]

506. Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

507. The BRI-Televisa fully executed license agreement for WWO constitutes a valid written Distribution Agreement between the Licensor – BRI, and the Distributor – Televisa.

508. Plaintiffs BRI and WWO have performed all obligations, conditions, covenants, and promises required under the Distribution Agreement, except for those matters where performance has been excused.

509. In the Distribution Agreement, Televisa has distribution rights to distribute the WWO program titles to any of its affiliates, subsidiaries, or companies that are a part of Televisa.

510. One of the terms in the Distribution Agreement discusses Payments. The Distributors (Televisa, TelevisaUnivision, Pluto TV, Paramount Streaming, and Paramount Global) were required to make payments to the licensor's Bank Account, in USD, on a quarterly basis corresponding to 70% of the Net Receipts. *See supra* ¶ 27–29.

511.  All the Defendants are Distributors and have failed to perform their obligations under the Distribution Agreement. This failure to perform constitutes a breach of the Distribution Agreement.

512.  As a direct and proximate result of all of the Defendants' breaches, Plaintiffs are seeking compensatory damages for an amount to be proven at trial.

513.  As a further direct, and proximate legal result of all of the Defendants' conduct, Plaintiffs have been obligated to spend or incur liability for costs of suit, attorneys' fees, and related expenses in order to recover the benefits due to the Plaintiffs under the Distribution Agreement, for an amount to be proven at trial.

### FORTY-NINTH CLAIM FOR RELIEF

[Breach of Contract Against all Defendants for Month #19]

514.  Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

515.  The BRI-Televisa fully executed license agreement for WWO constitutes a valid written Distribution Agreement between the Licensor – BRI, and the Distributor – Televisa.

516.  Plaintiffs BRI and WWO have performed all obligations, conditions, covenants, and promises required under the Distribution Agreement, except for those matters where performance has been excused.

517.  In the Distribution Agreement, Televisa has distribution rights to distribute the WWO program titles to any of its affiliates, subsidiaries, or companies that are a part of Televisa.

518.  One of the terms in the Distribution Agreement discusses Payments. The Distributors (Televisa, TelevisaUnivision, Pluto TV, Paramount Streaming, and Paramount Global) were required to make payments to the licensor's Bank Account, in USD, on a quarterly basis corresponding to 70% of the Net Receipts. *See supra* ¶ 27–29.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

519.  All the Defendants are Distributors and have failed to perform their obligations under the Distribution Agreement. This failure to perform constitutes a breach of the Distribution Agreement.

520.  As a direct and proximate result of all of the Defendants' breaches, Plaintiffs are seeking compensatory damages for an amount to be proven at trial.

521.  As a further direct, and proximate legal result of all of the Defendants' conduct, Plaintiffs have been obligated to spend or incur liability for costs of suit, attorneys' fees, and related expenses in order to recover the benefits due to the Plaintiffs under the Distribution Agreement, for an amount to be proven at trial.

**FIFTIETH CLAIM FOR RELIEF**

[Breach of the Covenant of Good Faith and Fair Dealing

Against all Defendants for Month #1]

522.  Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

523.  At all times herein mentioned, all the Defendants were lawfully obligated to act fairly and in good faith towards the Plaintiffs, ensuring that the Plaintiffs received the full extent of the payments to which they were, and are, entitled. All the Defendants are expected to conduct themselves in accordance with the laws of the State of California, including but not limited to the California Code of Regulations and Fair Claims Practices Act.

524.  All the Defendants have passively failed, and continue to refuse, to exercise good faith and fair dealing with the Plaintiffs as set forth herein and have unfairly refused to provide any revenue reports or payments in the form of royalties.

525.  The covenant of good faith and fair dealing is implied as a supplement to the express contractual covenants to prevent all the Defendants from engaging in conduct which would frustrate the Plaintiffs' rights to the benefits of the Distribution Agreement. *McMillin Scripps N. P'ship v. Royal Ins. Co.*, 19 Cal. App. 4th 1215,

COMPLAINT FOR COPYRIGHT INFRINGEMENT

1222 (1993). An obligation is imposed by law on all the Defendants to act fairly and in good faith in discharging their contractual responsibilities. *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1150 (2001).

526. All the Defendants have an implied obligation of good faith and fair dealing in every contract under California Law, meaning that an obligation is imposed by law on all the Defendants to act fairly and in good faith in discharging their contractual responsibilities. *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1150 (2001).

527. At all times herein mentioned, the Defendants passively failed to conduct a reasonable investigation to provide the Plaintiffs with revenue reports as well as royalty statements even after multiple requests, as seen in **Exhibit 6**. *See supra* ¶ 27–29.

528. All the Defendants have failed to perform their obligations under the Distribution Agreement. This failure to perform constitutes a breach of the covenant of good faith and fair dealing implied in the Distribution Agreement.

529. As a direct and proximate result of all of the Defendants' conduct, the Plaintiffs have been obligated to spend or incur liability for costs of suit, attorneys' fees, and related expenses to recover the benefits due to the Plaintiffs under the Distribution Agreement, in an amount to be proven at trial.

## FIFTY-FIRST CLAIM FOR RELIEF

[Breach of the Covenant of Good Faith and Fair Dealing

Against all Defendants for Month #2]

530. Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

531. At all times herein mentioned, all the Defendants were lawfully obligated to act fairly and in good faith towards the Plaintiffs, ensuring that the Plaintiffs received the full extent of the payments to which they were, and are,

entitled. All the Defendants are expected to conduct themselves in accordance with the laws of the State of California, including but not limited to the California Code of Regulations and Fair Claims Practices Act.

532.  All the Defendants have passively failed, and continue to refuse, to exercise good faith and fair dealing with the Plaintiffs as set forth herein and have unfairly refused to provide any revenue reports or payments in the form of royalties.

533.  The covenant of good faith and fair dealing is implied as a supplement to the express contractual covenants to prevent all the Defendants from engaging in conduct which would frustrate the Plaintiffs' rights to the benefits of the Distribution Agreement. *McMillin Scripps N. P'ship v. Royal Ins. Co.*, 19 Cal. App. 4th 1215, 1222 (1993). An obligation is imposed by law on all the Defendants to act fairly and in good faith in discharging their contractual responsibilities. *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1150 (2001).

534.  All the Defendants have an implied obligation of good faith and fair dealing in every contract under California Law, meaning that an obligation is imposed by law on all the Defendants to act fairly and in good faith in discharging their contractual responsibilities. *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1150 (2001).

535.  At all times herein mentioned, the Defendants passively failed to conduct a reasonable investigation to provide the Plaintiffs with revenue reports as well as royalty statements even after multiple requests, as seen in **Exhibit 6**. *See supra* ¶ 27–29.

536.  All the Defendants have failed to perform their obligations under the Distribution Agreement. This failure to perform constitutes a breach of the covenant of good faith and fair dealing implied in the Distribution Agreement.

537.  As a direct and proximate result of all of the Defendants' conduct, the Plaintiffs have been obligated to spend or incur liability for costs of suit, attorneys'

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

fees, and related expenses to recover the benefits due to the Plaintiffs under the Distribution Agreement, in an amount to be proven at trial.

## FIFTY-SECOND CLAIM FOR RELIEF

[Breach of the Covenant of Good Faith and Fair Dealing

Against all Defendants for Month #3]

538.  Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

539.  At all times herein mentioned, all the Defendants were lawfully obligated to act fairly and in good faith towards the Plaintiffs, ensuring that the Plaintiffs received the full extent of the payments to which they were, and are, entitled. All the Defendants are expected to conduct themselves in accordance with the laws of the State of California, including but not limited to the California Code of Regulations and Fair Claims Practices Act.

540.  All the Defendants have passively failed, and continue to refuse, to exercise good faith and fair dealing with the Plaintiffs as set forth herein and have unfairly refused to provide any revenue reports or payments in the form of royalties.

541.  The covenant of good faith and fair dealing is implied as a supplement to the express contractual covenants to prevent all the Defendants from engaging in conduct which would frustrate the Plaintiffs' rights to the benefits of the Distribution Agreement. *McMillin Scripps N. P'ship v. Royal Ins. Co.*, 19 Cal. App. 4th 1215, 1222 (1993). An obligation is imposed by law on all the Defendants to act fairly and in good faith in discharging their contractual responsibilities. *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1150 (2001).

542.  All the Defendants have an implied obligation of good faith and fair dealing in every contract under California Law, meaning that an obligation is imposed by law on all the Defendants to act fairly and in good faith in discharging

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

their contractual responsibilities. *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1150 (2001).

543.  At all times herein mentioned, the Defendants passively failed to conduct a reasonable investigation to provide the Plaintiffs with revenue reports as well as royalty statements even after multiple requests, as seen in **Exhibit 6**. *See supra* ¶ 27–29.

544.  All the Defendants have failed to perform their obligations under the Distribution Agreement. This failure to perform constitutes a breach of the covenant of good faith and fair dealing implied in the Distribution Agreement.

545.  As a direct and proximate result of all of the Defendants' conduct, the Plaintiffs have been obligated to spend or incur liability for costs of suit, attorneys' fees, and related expenses to recover the benefits due to the Plaintiffs under the Distribution Agreement, in an amount to be proven at trial.

## FIFTY-THIRD CLAIM FOR RELIEF

[Breach of the Covenant of Good Faith and Fair Dealing

Against all Defendants for Month #4]

546.  Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

547.  At all times herein mentioned, all the Defendants were lawfully obligated to act fairly and in good faith towards the Plaintiffs, ensuring that the Plaintiffs received the full extent of the payments to which they were, and are, entitled. All the Defendants are expected to conduct themselves in accordance with the laws of the State of California, including but not limited to the California Code of Regulations and Fair Claims Practices Act.

548.  All the Defendants have passively failed, and continue to refuse, to exercise good faith and fair dealing with the Plaintiffs as set forth herein and have unfairly refused to provide any revenue reports or payments in the form of royalties.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

549. The covenant of good faith and fair dealing is implied as a supplement to the express contractual covenants to prevent all the Defendants from engaging in conduct which would frustrate the Plaintiffs' rights to the benefits of the Distribution Agreement. *McMillin Scripps N. P'ship v. Royal Ins. Co.*, 19 Cal. App. 4th 1215, 1222 (1993). An obligation is imposed by law on all the Defendants to act fairly and in good faith in discharging their contractual responsibilities. *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1150 (2001).

550. All the Defendants have an implied obligation of good faith and fair dealing in every contract under California Law, meaning that an obligation is imposed by law on all the Defendants to act fairly and in good faith in discharging their contractual responsibilities. *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1150 (2001).

551. At all times herein mentioned, the Defendants passively failed to conduct a reasonable investigation to provide the Plaintiffs with revenue reports as well as royalty statements even after multiple requests, as seen in **Exhibit 6**. *See supra* ¶ 27–29.

552. All the Defendants have failed to perform their obligations under the Distribution Agreement. This failure to perform constitutes a breach of the covenant of good faith and fair dealing implied in the Distribution Agreement.

553. As a direct and proximate result of all of the Defendants' conduct, the Plaintiffs have been obligated to spend or incur liability for costs of suit, attorneys' fees, and related expenses to recover the benefits due to the Plaintiffs under the Distribution Agreement, in an amount to be proven at trial.

### FIFTY-FOURTH CLAIM FOR RELIEF

[Breach of the Covenant of Good Faith and Fair Dealing

Against all Defendants for Month #5]

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

554.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

555.   At all times herein mentioned, all the Defendants were lawfully obligated to act fairly and in good faith towards the Plaintiffs, ensuring that the Plaintiffs received the full extent of the payments to which they were, and are, entitled. All the Defendants are expected to conduct themselves in accordance with the laws of the State of California, including but not limited to the California Code of Regulations and Fair Claims Practices Act.

556.   All the Defendants have passively failed, and continue to refuse, to exercise good faith and fair dealing with the Plaintiffs as set forth herein and have unfairly refused to provide any revenue reports or payments in the form of royalties.

557.   The covenant of good faith and fair dealing is implied as a supplement to the express contractual covenants to prevent all the Defendants from engaging in conduct which would frustrate the Plaintiffs' rights to the benefits of the Distribution Agreement. *McMillin Scripps N. P'ship v. Royal Ins. Co.*, 19 Cal. App. 4th 1215, 1222 (1993). An obligation is imposed by law on all the Defendants to act fairly and in good faith in discharging their contractual responsibilities. *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1150 (2001).

558.   All the Defendants have an implied obligation of good faith and fair dealing in every contract under California Law, meaning that an obligation is imposed by law on all the Defendants to act fairly and in good faith in discharging their contractual responsibilities. *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1150 (2001).

559.   At all times herein mentioned, the Defendants passively failed to conduct a reasonable investigation to provide the Plaintiffs with revenue reports as well royalty statements even after multiple requests, as seen in **Exhibit 6**. *See supra* ¶ 27–29.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

560.   All the Defendants have failed to perform their obligations under the Distribution Agreement. This failure to perform constitutes a breach of the covenant of good faith and fair dealing implied in the Distribution Agreement.

561.   As a direct and proximate result of all of the Defendants' conduct, the Plaintiffs have been obligated to spend or incur liability for costs of suit, attorneys' fees, and related expenses to recover the benefits due to the Plaintiffs under the Distribution Agreement, in an amount to be proven at trial.

**FIFTY-FITH CLAIM FOR RELIEF**

[Breach of the Covenant of Good Faith and Fair Dealing

Against all Defendants for Month #6]

562.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

563.   At all times herein mentioned, all the Defendants were lawfully obligated to act fairly and in good faith towards the Plaintiffs, ensuring that the Plaintiffs received the full extent of the payments to which they were, and are, entitled. All the Defendants are expected to conduct themselves in accordance with the laws of the State of California, including but not limited to the California Code of Regulations and Fair Claims Practices Act.

564.   All the Defendants have passively failed, and continue to refuse, to exercise good faith and fair dealing with the Plaintiffs as set forth herein and have unfairly refused to provide any revenue reports or payments in the form of royalties.

565.   The covenant of good faith and fair dealing is implied as a supplement to the express contractual covenants to prevent all the Defendants from engaging in conduct which would frustrate the Plaintiffs' rights to the benefits of the Distribution Agreement. *McMillin Scripps N. P'ship v. Royal Ins. Co.*, 19 Cal. App. 4th 1215, 1222 (1993). An obligation is imposed by law on all the Defendants to act fairly and

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

in good faith in discharging their contractual responsibilities. *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1150 (2001).

566.   All the Defendants have an implied obligation of good faith and fair dealing in every contract under California Law, meaning that an obligation is imposed by law on all the Defendants to act fairly and in good faith in discharging their contractual responsibilities. *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1150 (2001).

567.   At all times herein mentioned, the Defendants passively failed to conduct a reasonable investigation to provide the Plaintiffs with revenue reports as well as royalty statements even after multiple requests, as seen in **Exhibit 6**. *See supra* ¶ 27–29.

568.   All the Defendants have failed to perform their obligations under the Distribution Agreement. This failure to perform constitutes a breach of the covenant of good faith and fair dealing implied in the Distribution Agreement.

569.   As a direct and proximate result of all of the Defendants' conduct, the Plaintiffs have been obligated to spend or incur liability for costs of suit, attorneys' fees, and related expenses to recover the benefits due to the Plaintiffs under the Distribution Agreement, in an amount to be proven at trial.

**FIFTY-SIXTH CLAIM FOR RELIEF**

[Breach of the Covenant of Good Faith and Fair Dealing

Against all Defendants for Month #7]

570.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

571.   At all times herein mentioned, all the Defendants were lawfully obligated to act fairly and in good faith towards the Plaintiffs, ensuring that the Plaintiffs received the full extent of the payments to which they were, and are, entitled. All the Defendants are expected to conduct themselves in accordance with

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

the laws of the State of California, including but not limited to the California Code of Regulations and Fair Claims Practices Act.

572.   All the Defendants have passively failed, and continue to refuse, to exercise good faith and fair dealing with the Plaintiffs as set forth herein and have unfairly refused to provide any revenue reports or payments in the form of royalties.

573.   The covenant of good faith and fair dealing is implied as a supplement to the express contractual covenants to prevent all the Defendants from engaging in conduct which would frustrate the Plaintiffs' rights to the benefits of the Distribution Agreement. *McMillin Scripps N. P'ship v. Royal Ins. Co.*, 19 Cal. App. 4th 1215, 1222 (1993). An obligation is imposed by law on all the Defendants to act fairly and in good faith in discharging their contractual responsibilities. *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1150 (2001).

574.   All the Defendants have an implied obligation of good faith and fair dealing in every contract under California Law, meaning that an obligation is imposed by law on all the Defendants to act fairly and in good faith in discharging their contractual responsibilities. *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1150 (2001).

575.   At all times herein mentioned, the Defendants passively failed to conduct a reasonable investigation to provide the Plaintiffs with revenue reports as well as royalty statements even after multiple requests, as seen in **Exhibit 6**. *See supra* ¶ 27–29.

576.   All the Defendants have failed to perform their obligations under the Distribution Agreement. This failure to perform constitutes a breach of the covenant of good faith and fair dealing implied in the Distribution Agreement.

577.   As a direct and proximate result of all of the Defendants' conduct, the Plaintiffs have been obligated to spend or incur liability for costs of suit, attorneys' fees, and related expenses to recover the benefits due to the Plaintiffs under the Distribution Agreement, in an amount to be proven at trial.

1
2
### FIFTY-SEVENTH CLAIM FOR RELIEF
3
[Breach of the Covenant of Good Faith and Fair Dealing
4
Against all Defendants for Month #8]

5      578.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1
6  through 39, inclusive, as if fully set forth herein.

7      579.   At all times herein mentioned, all the Defendants were lawfully
8  obligated to act fairly and in good faith towards the Plaintiffs, ensuring that the
9  Plaintiffs received the full extent of the payments to which they were, and are,
10  entitled. All the Defendants are expected to conduct themselves in accordance with
11  the laws of the State of California, including but not limited to the California Code
12  of Regulations and Fair Claims Practices Act.

13      580.   All the Defendants have passively failed, and continue to refuse, to
14  exercise good faith and fair dealing with the Plaintiffs as set forth herein and have
15  unfairly refused to provide any revenue reports or payments in the form of royalties.

16      581.   The covenant of good faith and fair dealing is implied as a supplement
17  to the express contractual covenants to prevent all the Defendants from engaging in
18  conduct which would frustrate the Plaintiffs' rights to the benefits of the Distribution
19  Agreement. *McMillin Scripps N. P'ship v. Royal Ins. Co.*, 19 Cal. App. 4th 1215,
20  1222 (1993). An obligation is imposed by law on all the Defendants to act fairly and
21  in good faith in discharging their contractual responsibilities. *Vu v. Prudential Prop.*
22  *& Cas. Ins. Co.*, 26 Cal. 4th 1142, 1150 (2001).

23      582.   All the Defendants have an implied obligation of good faith and fair
24  dealing in every contract under California Law, meaning that an obligation is
25  imposed by law on all the Defendants to act fairly and in good faith in discharging
26  their contractual responsibilities. *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th
27  1142, 1150 (2001).

28

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

583.   At all times herein mentioned, the Defendants passively failed to conduct a reasonable investigation to provide the Plaintiffs with revenue reports as well as royalty statements even after multiple requests, as seen in **Exhibit 6**. *See supra* ¶ 27–29.

584.   All the Defendants have failed to perform their obligations under the Distribution Agreement. This failure to perform constitutes a breach of the covenant of good faith and fair dealing implied in the Distribution Agreement.

585.   As a direct and proximate result of all of the Defendants' conduct, the Plaintiffs have been obligated to spend or incur liability for costs of suit, attorneys' fees, and related expenses to recover the benefits due to the Plaintiffs under the Distribution Agreement, in an amount to be proven at trial.

## FIFTY-EIGHTH CLAIM FOR RELIEF

[Breach of the Covenant of Good Faith and Fair Dealing

Against all Defendants for Month #9]

586.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

587.   At all times herein mentioned, all the Defendants were lawfully obligated to act fairly and in good faith towards the Plaintiffs, ensuring that the Plaintiffs received the full extent of the payments to which they were, and are, entitled. All the Defendants are expected to conduct themselves in accordance with the laws of the State of California, including but not limited to the California Code of Regulations and Fair Claims Practices Act.

588.   All the Defendants have passively failed, and continue to refuse, to exercise good faith and fair dealing with the Plaintiffs as set forth herein and have unfairly refused to provide any revenue reports or payments in the form of royalties.

589.   The covenant of good faith and fair dealing is implied as a supplement to the express contractual covenants to prevent all the Defendants from engaging in

COMPLAINT FOR COPYRIGHT INFRINGEMENT

conduct which would frustrate the Plaintiffs' rights to the benefits of the Distribution Agreement. *McMillin Scripps N. P'ship v. Royal Ins. Co.*, 19 Cal. App. 4th 1215, 1222 (1993). An obligation is imposed by law on all the Defendants to act fairly and in good faith in discharging their contractual responsibilities. *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1150 (2001).

590. All the Defendants have an implied obligation of good faith and fair dealing in every contract under California Law, meaning that an obligation is imposed by law on all the Defendants to act fairly and in good faith in discharging their contractual responsibilities. *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1150 (2001).

591. At all times herein mentioned, the Defendants passively failed to conduct a reasonable investigation to provide the Plaintiffs with revenue reports as well as royalty statements even after multiple requests, as seen in **Exhibit 6**. *See supra* ¶ 27–29.

592. All the Defendants have failed to perform their obligations under the Distribution Agreement. This failure to perform constitutes a breach of the covenant of good faith and fair dealing implied in the Distribution Agreement.

593. As a direct and proximate result of all of the Defendants' conduct, the Plaintiffs have been obligated to spend or incur liability for costs of suit, attorneys' fees, and related expenses to recover the benefits due to the Plaintiffs under the Distribution Agreement, in an amount to be proven at trial.

## FIFTY-NINTH CLAIM FOR RELIEF

[Breach of the Covenant of Good Faith and Fair Dealing

Against all Defendants for Month #10]

594. Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

595.  At all times herein mentioned, all the Defendants were lawfully obligated to act fairly and in good faith towards the Plaintiffs, ensuring that the Plaintiffs received the full extent of the payments to which they were, and are, entitled. All the Defendants are expected to conduct themselves in accordance with the laws of the State of California, including but not limited to the California Code of Regulations and Fair Claims Practices Act.

596.  All the Defendants have passively failed, and continue to refuse, to exercise good faith and fair dealing with the Plaintiffs as set forth herein and have unfairly refused to provide any revenue reports or payments in the form of royalties.

597.  The covenant of good faith and fair dealing is implied as a supplement to the express contractual covenants to prevent all the Defendants from engaging in conduct which would frustrate the Plaintiffs' rights to the benefits of the Distribution Agreement. *McMillin Scripps N. P'ship v. Royal Ins. Co.*, 19 Cal. App. 4th 1215, 1222 (1993). An obligation is imposed by law on all the Defendants to act fairly and in good faith in discharging their contractual responsibilities. *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1150 (2001).

598.  All the Defendants have an implied obligation of good faith and fair dealing in every contract under California Law, meaning that an obligation is imposed by law on all the Defendants to act fairly and in good faith in discharging their contractual responsibilities. *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1150 (2001).

599.  At all times herein mentioned, the Defendants passively failed to conduct a reasonable investigation to provide the Plaintiffs with revenue reports as well as royalty statements even after multiple requests, as seen in **Exhibit 6**. *See supra* ¶ 27–29.

600.  All the Defendants have failed to perform their obligations under the Distribution Agreement. This failure to perform constitutes a breach of the covenant of good faith and fair dealing implied in the Distribution Agreement.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

601.   As a direct and proximate result of all of the Defendants' conduct, the Plaintiffs have been obligated to spend or incur liability for costs of suit, attorneys' fees, and related expenses to recover the benefits due to the Plaintiffs under the Distribution Agreement, in an amount to be proven at trial.

**SIXTIETH CLAIM FOR RELIEF**

[Breach of the Covenant of Good Faith and Fair Dealing

Against all Defendants for Month #11]

602.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

603.   At all times herein mentioned, all the Defendants were lawfully obligated to act fairly and in good faith towards the Plaintiffs, ensuring that the Plaintiffs received the full extent of the payments to which they were, and are, entitled. All the Defendants are expected to conduct themselves in accordance with the laws of the State of California, including but not limited to the California Code of Regulations and Fair Claims Practices Act.

604.   All the Defendants have passively failed, and continue to refuse, to exercise good faith and fair dealing with the Plaintiffs as set forth herein and have unfairly refused to provide any revenue reports or payments in the form of royalties.

605.   The covenant of good faith and fair dealing is implied as a supplement to the express contractual covenants to prevent all the Defendants from engaging in conduct which would frustrate the Plaintiffs' rights to the benefits of the Distribution Agreement. *McMillin Scripps N. P'ship v. Royal Ins. Co.*, 19 Cal. App. 4th 1215, 1222 (1993). An obligation is imposed by law on all the Defendants to act fairly and in good faith in discharging their contractual responsibilities. *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1150 (2001).

606.   All the Defendants have an implied obligation of good faith and fair dealing in every contract under California Law, meaning that an obligation is

COMPLAINT FOR COPYRIGHT INFRINGEMENT

imposed by law on all the Defendants to act fairly and in good faith in discharging their contractual responsibilities. *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1150 (2001).

607.   At all times herein mentioned, the Defendants passively failed to conduct a reasonable investigation to provide the Plaintiffs with revenue reports as well as royalty statements even after multiple requests, as seen in **Exhibit 6**. *See supra* ¶ 27–29.

608.   All the Defendants have failed to perform their obligations under the Distribution Agreement. This failure to perform constitutes a breach of the covenant of good faith and fair dealing implied in the Distribution Agreement.

609.   As a direct and proximate result of all of the Defendants' conduct, the Plaintiffs have been obligated to spend or incur liability for costs of suit, attorneys' fees, and related expenses to recover the benefits due to the Plaintiffs under the Distribution Agreement, in an amount to be proven at trial.

## SIXTY-FIRST CLAIM FOR RELIEF

[Breach of the Covenant of Good Faith and Fair Dealing

Against all Defendants for Month #12]

610.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

611.   At all times herein mentioned, all the Defendants were lawfully obligated to act fairly and in good faith towards the Plaintiffs, ensuring that the Plaintiffs received the full extent of the payments to which they were, and are, entitled. All the Defendants are expected to conduct themselves in accordance with the laws of the State of California, including but not limited to the California Code of Regulations and Fair Claims Practices Act.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

612.  All the Defendants have passively failed, and continue to refuse, to exercise good faith and fair dealing with the Plaintiffs as set forth herein and have unfairly refused to provide any revenue reports or payments in the form of royalties.

613.  The covenant of good faith and fair dealing is implied as a supplement to the express contractual covenants to prevent all the Defendants from engaging in conduct which would frustrate the Plaintiffs' rights to the benefits of the Distribution Agreement. *McMillin Scripps N. P'ship v. Royal Ins. Co.*, 19 Cal. App. 4th 1215, 1222 (1993). An obligation is imposed by law on all the Defendants to act fairly and in good faith in discharging their contractual responsibilities. *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1150 (2001).

614.  All the Defendants have an implied obligation of good faith and fair dealing in every contract under California Law, meaning that an obligation is imposed by law on all the Defendants to act fairly and in good faith in discharging their contractual responsibilities. *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1150 (2001).

615.  At all times herein mentioned, the Defendants passively failed to conduct a reasonable investigation to provide the Plaintiffs with revenue reports as well as royalty statements even after multiple requests, as seen in **Exhibit 6**. *See supra* ¶ 27–29.

616.  All the Defendants have failed to perform their obligations under the Distribution Agreement. This failure to perform constitutes a breach of the covenant of good faith and fair dealing implied in the Distribution Agreement.

617.  As a direct and proximate result of all of the Defendants' conduct, the Plaintiffs have been obligated to spend or incur liability for costs of suit, attorneys' fees, and related expenses to recover the benefits due to the Plaintiffs under the Distribution Agreement, in an amount to be proven at trial.

/

//

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

**SIXTY-SECOND CLAIM FOR RELIEF**

[Breach of the Covenant of Good Faith and Fair Dealing

Against all Defendants for Month #13]

618.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

619.   At all times herein mentioned, all the Defendants were lawfully obligated to act fairly and in good faith towards the Plaintiffs, ensuring that the Plaintiffs received the full extent of the payments to which they were, and are, entitled. All the Defendants are expected to conduct themselves in accordance with the laws of the State of California, including but not limited to the California Code of Regulations and Fair Claims Practices Act.

620.   All the Defendants have passively failed, and continue to refuse, to exercise good faith and fair dealing with the Plaintiffs as set forth herein and have unfairly refused to provide any revenue reports or payments in the form of royalties.

621.   The covenant of good faith and fair dealing is implied as a supplement to the express contractual covenants to prevent all the Defendants from engaging in conduct which would frustrate the Plaintiffs' rights to the benefits of the Distribution Agreement. *McMillin Scripps N. P'ship v. Royal Ins. Co.*, 19 Cal. App. 4th 1215, 1222 (1993). An obligation is imposed by law on all the Defendants to act fairly and in good faith in discharging their contractual responsibilities. *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1150 (2001).

622.   All the Defendants have an implied obligation of good faith and fair dealing in every contract under California Law, meaning that an obligation is imposed by law on all the Defendants to act fairly and in good faith in discharging their contractual responsibilities. *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1150 (2001).

623.   At all times herein mentioned, the Defendants passively failed to conduct a reasonable investigation to provide the Plaintiffs with revenue reports as

COMPLAINT FOR COPYRIGHT INFRINGEMENT

well as royalty statements even after multiple requests, as seen in **Exhibit 6**. *See supra* ¶ 27–29.

624.   All the Defendants have failed to perform their obligations under the Distribution Agreement. This failure to perform constitutes a breach of the covenant of good faith and fair dealing implied in the Distribution Agreement.

625.   As a direct and proximate result of all of the Defendants' conduct, the Plaintiffs have been obligated to spend or incur liability for costs of suit, attorneys' fees, and related expenses to recover the benefits due to the Plaintiffs under the Distribution Agreement, in an amount to be proven at trial.

### SIXTY-THIRD CLAIM FOR RELIEF

[Breach of the Covenant of Good Faith and Fair Dealing

Against all Defendants for Month #14]

626.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

627.   At all times herein mentioned, all the Defendants were lawfully obligated to act fairly and in good faith towards the Plaintiffs, ensuring that the Plaintiffs received the full extent of the payments to which they were, and are, entitled. All the Defendants are expected to conduct themselves in accordance with the laws of the State of California, including but not limited to the California Code of Regulations and Fair Claims Practices Act.

628.   All the Defendants have passively failed, and continue to refuse, to exercise good faith and fair dealing with the Plaintiffs as set forth herein and have unfairly refused to provide any revenue reports or payments in the form of royalties.

629.   The covenant of good faith and fair dealing is implied as a supplement to the express contractual covenants to prevent all the Defendants from engaging in conduct which would frustrate the Plaintiffs' rights to the benefits of the Distribution Agreement. *McMillin Scripps N. P'ship v. Royal Ins. Co.*, 19 Cal. App. 4th 1215,

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

1222 (1993). An obligation is imposed by law on all the Defendants to act fairly and in good faith in discharging their contractual responsibilities. *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1150 (2001).

630.   All the Defendants have an implied obligation of good faith and fair dealing in every contract under California Law, meaning that an obligation is imposed by law on all the Defendants to act fairly and in good faith in discharging their contractual responsibilities. *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1150 (2001).

631.   At all times herein mentioned, the Defendants passively failed to conduct a reasonable investigation to provide the Plaintiffs with revenue reports as well as royalty statements even after multiple requests, as seen in **Exhibit 6**. *See supra* ¶ 27–29.

632.   All the Defendants have failed to perform their obligations under the Distribution Agreement. This failure to perform constitutes a breach of the covenant of good faith and fair dealing implied in the Distribution Agreement.

633.   As a direct and proximate result of all of the Defendants' conduct, the Plaintiffs have been obligated to spend or incur liability for costs of suit, attorneys' fees, and related expenses to recover the benefits due to the Plaintiffs under the Distribution Agreement, in an amount to be proven at trial.

## SIXTY-FOURTH CLAIM FOR RELIEF

[Breach of the Covenant of Good Faith and Fair Dealing

Against all Defendants for Month #15]

634.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

635.   At all times herein mentioned, all the Defendants were lawfully obligated to act fairly and in good faith towards the Plaintiffs, ensuring that the Plaintiffs received the full extent of the payments to which they were, and are,

COMPLAINT FOR COPYRIGHT INFRINGEMENT

entitled. All the Defendants are expected to conduct themselves in accordance with the laws of the State of California, including but not limited to the California Code of Regulations and Fair Claims Practices Act.

636.   All the Defendants have passively failed, and continue to refuse, to exercise good faith and fair dealing with the Plaintiffs as set forth herein and have unfairly refused to provide any revenue reports or payments in the form of royalties.

637.   The covenant of good faith and fair dealing is implied as a supplement to the express contractual covenants to prevent all the Defendants from engaging in conduct which would frustrate the Plaintiffs' rights to the benefits of the Distribution Agreement. *McMillin Scripps N. P'ship v. Royal Ins. Co.*, 19 Cal. App. 4th 1215, 1222 (1993). An obligation is imposed by law on all the Defendants to act fairly and in good faith in discharging their contractual responsibilities. *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1150 (2001).

638.   All the Defendants have an implied obligation of good faith and fair dealing in every contract under California Law, meaning that an obligation is imposed by law on all the Defendants to act fairly and in good faith in discharging their contractual responsibilities. *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1150 (2001).

639.   At all times herein mentioned, the Defendants passively failed to conduct a reasonable investigation to provide the Plaintiffs with revenue reports as well as royalty statements even after multiple requests, as seen in **Exhibit 6**. *See supra* ¶ 27–29.

640.   All the Defendants have failed to perform their obligations under the Distribution Agreement. This failure to perform constitutes a breach of the covenant of good faith and fair dealing implied in the Distribution Agreement.

641.   As a direct and proximate result of all of the Defendants' conduct, the Plaintiffs have been obligated to spend or incur liability for costs of suit, attorneys'

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

1  fees, and related expenses to recover the benefits due to the Plaintiffs under the

2  Distribution Agreement, in an amount to be proven at trial.

### SIXTY-FIFTH CLAIM FOR RELIEF

[Breach of the Covenant of Good Faith and Fair Dealing

Against all Defendants for Month #16]

642.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

643.   At all times herein mentioned, all the Defendants were lawfully obligated to act fairly and in good faith towards the Plaintiffs, ensuring that the Plaintiffs received the full extent of the payments to which they were, and are, entitled. All the Defendants are expected to conduct themselves in accordance with the laws of the State of California, including but not limited to the California Code of Regulations and Fair Claims Practices Act.

644.   All the Defendants have passively failed, and continue to refuse, to exercise good faith and fair dealing with the Plaintiffs as set forth herein and have unfairly refused to provide any revenue reports or payments in the form of royalties.

645.   The covenant of good faith and fair dealing is implied as a supplement to the express contractual covenants to prevent all the Defendants from engaging in conduct which would frustrate the Plaintiffs' rights to the benefits of the Distribution Agreement. *McMillin Scripps N. P'ship v. Royal Ins. Co.*, 19 Cal. App. 4th 1215, 1222 (1993). An obligation is imposed by law on all the Defendants to act fairly and in good faith in discharging their contractual responsibilities. *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1150 (2001).

646.   All the Defendants have an implied obligation of good faith and fair dealing in every contract under California Law, meaning that an obligation is imposed by law on all the Defendants to act fairly and in good faith in discharging

their contractual responsibilities. *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1150 (2001).

647.   At all times herein mentioned, the Defendants passively failed to conduct a reasonable investigation to provide the Plaintiffs with revenue reports as well as royalty statements even after multiple requests, as seen in **Exhibit 6**. *See supra* ¶ 27–29.

648.   All the Defendants have failed to perform their obligations under the Distribution Agreement. This failure to perform constitutes a breach of the covenant of good faith and fair dealing implied in the Distribution Agreement.

649.   As a direct and proximate result of all of the Defendants' conduct, the Plaintiffs have been obligated to spend or incur liability for costs of suit, attorneys' fees, and related expenses to recover the benefits due to the Plaintiffs under the Distribution Agreement, in an amount to be proven at trial.

**SIXTY-SIXTH CLAIM FOR RELIEF**

[Breach of the Covenant of Good Faith and Fair Dealing

Against all Defendants for Month #17]

650.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

651.   At all times herein mentioned, all the Defendants were lawfully obligated to act fairly and in good faith towards the Plaintiffs, ensuring that the Plaintiffs received the full extent of the payments to which they were, and are, entitled. All the Defendants are expected to conduct themselves in accordance with the laws of the State of California, including but not limited to the California Code of Regulations and Fair Claims Practices Act.

652.   All the Defendants have passively failed, and continue to refuse, to exercise good faith and fair dealing with the Plaintiffs as set forth herein and have unfairly refused to provide any revenue reports or payments in the form of royalties.

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

653.   The covenant of good faith and fair dealing is implied as a supplement to the express contractual covenants to prevent all the Defendants from engaging in conduct which would frustrate the Plaintiffs' rights to the benefits of the Distribution Agreement. *McMillin Scripps N. P'ship v. Royal Ins. Co.*, 19 Cal. App. 4th 1215, 1222 (1993). An obligation is imposed by law on all the Defendants to act fairly and in good faith in discharging their contractual responsibilities. *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1150 (2001).

654.   All the Defendants have an implied obligation of good faith and fair dealing in every contract under California Law, meaning that an obligation is imposed by law on all the Defendants to act fairly and in good faith in discharging their contractual responsibilities. *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1150 (2001).

655.   At all times herein mentioned, the Defendants passively failed to conduct a reasonable investigation to provide the Plaintiffs with revenue reports as well as royalty statements even after multiple requests, as seen in **Exhibit 6**. *See supra* ¶ 27–29.

656.   All the Defendants have failed to perform their obligations under the Distribution Agreement. This failure to perform constitutes a breach of the covenant of good faith and fair dealing implied in the Distribution Agreement.

657.   As a direct and proximate result of all of the Defendants' conduct, the Plaintiffs have been obligated to spend or incur liability for costs of suit, attorneys' fees, and related expenses to recover the benefits due to the Plaintiffs under the Distribution Agreement, in an amount to be proven at trial.

/

//

///

////

/////

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

1

2 **SIXTY-SEVENTH CLAIM FOR RELIEF**

3 [Breach of the Covenant of Good Faith and Fair Dealing

4 Against all Defendants for Month #18]

5 658.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1

6 through 39, inclusive, as if fully set forth herein.

7 659.   At all times herein mentioned, all the Defendants were lawfully

8 obligated to act fairly and in good faith towards the Plaintiffs, ensuring that the

9 Plaintiffs received the full extent of the payments to which they were, and are,

10 entitled. All the Defendants are expected to conduct themselves in accordance with

11 the laws of the State of California, including but not limited to the California Code

12 of Regulations and Fair Claims Practices Act.

13 660.   All the Defendants have passively failed, and continue to refuse, to

14 exercise good faith and fair dealing with the Plaintiffs as set forth herein and have

15 unfairly refused to provide any revenue reports or payments in the form of royalties.

16 661.   The covenant of good faith and fair dealing is implied as a supplement

17 to the express contractual covenants to prevent all the Defendants from engaging in

18 conduct which would frustrate the Plaintiffs' rights to the benefits of the Distribution

19 Agreement. *McMillin Scripps N. P'ship v. Royal Ins. Co.*, 19 Cal. App. 4th 1215,

20 1222 (1993). An obligation is imposed by law on all the Defendants to act fairly and

21 in good faith in discharging their contractual responsibilities. *Vu v. Prudential Prop.*

22 *& Cas. Ins. Co.*, 26 Cal. 4th 1142, 1150 (2001).

23 662.   All the Defendants have an implied obligation of good faith and fair

24 dealing in every contract under California Law, meaning that an obligation is

25 imposed by law on all the Defendants to act fairly and in good faith in discharging

26 their contractual responsibilities. *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th

27 1142, 1150 (2001).

28

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

663.   At all times herein mentioned, the Defendants passively failed to conduct a reasonable investigation to provide the Plaintiffs with revenue reports as well as royalty statements even after multiple requests, as seen in **Exhibit 6**. *See supra* ¶ 27–29.

664.   All the Defendants have failed to perform their obligations under the Distribution Agreement. This failure to perform constitutes a breach of the covenant of good faith and fair dealing implied in the Distribution Agreement.

665.   As a direct and proximate result of all of the Defendants' conduct, the Plaintiffs have been obligated to spend or incur liability for costs of suit, attorneys' fees, and related expenses to recover the benefits due to the Plaintiffs under the Distribution Agreement, in an amount to be proven at trial.

### SIXTY-EIGHTH CLAIM FOR RELIEF

[Breach of the Covenant of Good Faith and Fair Dealing

Against all Defendants for Month #19]

666.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

667.   At all times herein mentioned, all the Defendants were lawfully obligated to act fairly and in good faith towards the Plaintiffs, ensuring that the Plaintiffs received the full extent of the payments to which they were, and are, entitled. All the Defendants are expected to conduct themselves in accordance with the laws of the State of California, including but not limited to the California Code of Regulations and Fair Claims Practices Act.

668.   All the Defendants have passively failed, and continue to refuse, to exercise good faith and fair dealing with the Plaintiffs as set forth herein and have unfairly refused to provide any revenue reports or payments in the form of royalties.

669.   The covenant of good faith and fair dealing is implied as a supplement to the express contractual covenants to prevent all the Defendants from engaging in

COMPLAINT FOR COPYRIGHT INFRINGEMENT

conduct which would frustrate the Plaintiffs' rights to the benefits of the Distribution Agreement. *McMillin Scripps N. P'ship v. Royal Ins. Co.*, 19 Cal. App. 4th 1215, 1222 (1993). An obligation is imposed by law on all the Defendants to act fairly and in good faith in discharging their contractual responsibilities. *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1150 (2001).

670.   All the Defendants have an implied obligation of good faith and fair dealing in every contract under California Law, meaning that an obligation is imposed by law on all the Defendants to act fairly and in good faith in discharging their contractual responsibilities. *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1150 (2001).

671.   At all times herein mentioned, the Defendants passively failed to conduct a reasonable investigation to provide the Plaintiffs with revenue reports as well as royalty statements even after multiple requests, as seen in **Exhibit 6**. *See supra* ¶ 27–29.

672.   All the Defendants have failed to perform their obligations under the Distribution Agreement. This failure to perform constitutes a breach of the covenant of good faith and fair dealing implied in the Distribution Agreement.

673.   As a direct and proximate result of all of the Defendants' conduct, the Plaintiffs have been obligated to spend or incur liability for costs of suit, attorneys' fees, and related expenses to recover the benefits due to the Plaintiffs under the Distribution Agreement, in an amount to be proven at trial.

**SIXTY-NINTH CLAIM FOR RELIEF**

[False Designation of Origin Against all Defendants for

Title 1: WWO *Destruccion Total* #1]

(Violations of 15 U.S.C. §§ 1125(a))

674.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

675.   Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of WWO, copyright registration number 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

676.   WWO titles are live wrestling events produced and distributed across multiple platforms in Mexico, Brazil, and Latin America. In these countries, WWO titles are distinctive and well-known in the wrestling industry and among viewing members of the public. Accordingly, the public will continue to associate and identify the WWO titles currently being available on Pluto TV as the work product of WWO owned by Armando Espinosa. Thus, the infringing and fraudulent acts of the Defendants are continuing to take a steep financial toll with no revenue reports and royalty payments being made. *See supra* ¶ 27–29.

677.   After terminating the Distribution Agreement via email on August 18th, 2022, and sending a subsequent email confirming that all episodes of WWO were deleted on August 19th, 2022; any showcasing of WWO titles on Defendants' platforms was and continues to be unauthorized, non-consensual, and a willful infringement of copyright.

678.   Without Plaintiffs' authorization or consent, Defendants have continued to display various WWO titles, without limitation, on their publicly accessible online video viewing platform – Pluto TV.

679.   Publicly displaying the 30 titles of WWO on Pluto TV's streaming service after the termination of the license agreement constitutes false designation of origin of goods and services. All the Defendants are falsely representing that the 30 WWO titles displayed on Pluto TV are legally licensed and approved by Plaintiffs and that the Defendants are in some way affiliated or connected with the Plaintiffs.

680.   Such conduct of all the Defendants is likely to confuse, has actually confused, has misled, is likely to mislead and deceive Plaintiffs' viewers. WWO viewers believe that the Defendants have been approved, authorized, or licensed by

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

Plaintiffs, which is untrue and a false designation of origin pursuant to 15 U.S.C. § 1125(a).

681.   Defendants' actions were done willfully, with full knowledge of falsity of such designations of origin and false descriptions or representations, with the express intent to cause confusion, and to mislead and deceive the WWO viewing public.

682.   This case qualifies as "an exceptional case" within the meaning of 15 U.S.C. §1117(a) in that the Defendants' actions have been malicious, fraudulent, deliberate, willful, and taken in bad faith with full knowledge and in conscious disregard of Plaintiff's rights. As such, Plaintiffs are entitled to recover their attorneys' fees pursuant to 15 U.S.C. §1117(a).

683.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 15 U.S.C. § 1117(d) as the conduct of all the defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 1: WWO *Destruccion Total* #1, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title, over 19 months are $1,900,000.00 ($100,000.00 x 19 months) or an amount to be proven at trial.

684.   Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to injunctive relief because the Defendants' conduct described herein above has caused, and if not enjoined, will continue to cause irreparable damage to the rights of Plaintiffs and to the business, reputation, and goodwill of Plaintiff WWO.

/

//

///

///

////

////

COMPLAINT FOR COPYRIGHT INFRINGEMENT

## SEVENTIETH CLAIM FOR RELIEF

[False Designation of Origin Against all Defendants for

Title 2: WWO *Destruccion Total* #2]

(Violations of 15 U.S.C. §§ 1125(a))

685.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

686.   Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of WWO, copyright registration number 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

687.   WWO titles are live wrestling events produced and distributed across multiple platforms in Mexico, Brazil, and Latin America. In these countries, WWO titles are distinctive and well-known in the wrestling industry and among viewing members of the public. Accordingly, the public will continue to associate and identify the WWO titles currently being available on Pluto TV as the work product of WWO owned by Armando Espinosa. Thus, the infringing and fraudulent acts of the Defendants are continuing to take a steep financial toll with no revenue reports and royalty payments being made. *See supra* ¶ 27–29.

688.   After terminating the Distribution Agreement via email on August 18th, 2022, and sending a subsequent email confirming that all episodes of WWO were deleted on August 19th, 2022; any showcasing of WWO titles on Defendants' platforms was and continues to be unauthorized, non-consensual, and a willful infringement of copyright.

689.   Without Plaintiffs' authorization or consent, Defendants have continued to display various WWO titles, without limitation, on their publicly accessible online video viewing platform – Pluto TV.

690.   Publicly displaying the 30 titles of WWO on Pluto TV's streaming service after the termination of the license agreement constitutes false designation of origin of goods and services. All the Defendants are falsely representing that the 30

COMPLAINT FOR COPYRIGHT INFRINGEMENT

WWO titles displayed on Pluto TV are legally licensed and approved by Plaintiffs and that the Defendants are in some way affiliated or connected with the Plaintiffs.

691.   Such conduct of all the Defendants is likely to confuse, has actually confused, has misled, is likely to mislead and deceive Plaintiffs' viewers. WWO viewers believe that the Defendants have been approved, authorized, or licensed by Plaintiffs, which is untrue and a false designation of origin pursuant to 15 U.S.C. § 1125(a).

692.   Defendants' actions were done willfully, with full knowledge of falsity of such designations of origin and false descriptions or representations, with the express intent to cause confusion, and to mislead and deceive the WWO viewing public.

693.   This case qualifies as "an exceptional case" within the meaning of 15 U.S.C. §1117(a) in that the Defendants' actions have been malicious, fraudulent, deliberate, willful, and taken in bad faith with full knowledge and in conscious disregard of Plaintiff's rights. As such, Plaintiffs are entitled to recover their attorneys' fees pursuant to 15 U.S.C. §1117(a).

694.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 15 U.S.C. § 1117(d) as the conduct of all the defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 2: WWO *Destruccion Total* #2, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title, over 19 months are $1,900,000.00 ($100,000.00 x 19 months) or an amount to be proven at trial.

695.   Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to injunctive relief because the Defendants' conduct described herein above has caused, and if not enjoined, will continue to cause irreparable damage to the rights of Plaintiffs and to the business, reputation, and goodwill of Plaintiff WWO.

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

**SEVENTY-FIRST CLAIM FOR RELIEF**

[False Designation of Origin Against all Defendants for

Title 3: WWO *The Crash*]

(Violations of 15 U.S.C. §§ 1125(a))

696.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

697.   Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of WWO, copyright registration number 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

698.   WWO titles are live wrestling events produced and distributed across multiple platforms in Mexico, Brazil, and Latin America. In these countries, WWO titles are distinctive and well-known in the wrestling industry and among viewing members of the public. Accordingly, the public will continue to associate and identify the WWO titles currently being available on Pluto TV as the work product of WWO owned by Armando Espinosa. Thus, the infringing and fraudulent acts of the Defendants are continuing to take a steep financial toll with no revenue reports and royalty payments being made. *See supra* ¶ 27–29.

699.   After terminating the Distribution Agreement via email on August 18th, 2022, and sending a subsequent email confirming that all episodes of WWO were deleted on August 19th, 2022; any showcasing of WWO titles on Defendants' platforms was and continues to be unauthorized, non-consensual, and a willful infringement of copyright.

700.   Without Plaintiffs' authorization or consent, Defendants have continued to display various WWO titles, without limitation, on their publicly accessible online video viewing platform – Pluto TV.

701.   Publicly displaying the 30 titles of WWO on Pluto TV's streaming service after the termination of the license agreement constitutes false designation of origin of goods and services. All the Defendants are falsely representing that the 30

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

WWO titles displayed on Pluto TV are legally licensed and approved by Plaintiffs and that the Defendants are in some way affiliated or connected with the Plaintiffs.

702.   Such conduct of all the Defendants is likely to confuse, has actually confused, has misled, is likely to mislead and deceive Plaintiffs' viewers. WWO viewers believe that the Defendants have been approved, authorized, or licensed by Plaintiffs, which is untrue and a false designation of origin pursuant to 15 U.S.C. § 1125(a).

703.   Defendants' actions were done willfully, with full knowledge of falsity of such designations of origin and false descriptions or representations, with the express intent to cause confusion, and to mislead and deceive the WWO viewing public.

704.   This case qualifies as "an exceptional case" within the meaning of 15 U.S.C. §1117(a) in that the Defendants' actions have been malicious, fraudulent, deliberate, willful, and taken in bad faith with full knowledge and in conscious disregard of Plaintiff's rights. As such, Plaintiffs are entitled to recover their attorneys' fees pursuant to 15 U.S.C. §1117(a).

705.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 15 U.S.C. § 1117(d) as the conduct of all the defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 3: WWO *The Crash*, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title, over 19 months are $1,900,000.00 ($100,000.00 x 19 months) or an amount to be proven at trial.

706.   Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to injunctive relief because the Defendants' conduct described herein above has caused, and if not enjoined, will continue to cause irreparable damage to the rights of Plaintiffs and to the business, reputation, and goodwill of Plaintiff WWO.

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

**SEVENTY-SECOND CLAIM FOR RELIEF**

[False Designation of Origin Against all Defendants for

Title 4: WWO *Apocalipsis*]

(Violations of 15 U.S.C. §§ 1125(a))

707.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

708.   Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of WWO, copyright registration number 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

709.   WWO titles are live wrestling events produced and distributed across multiple platforms in Mexico, Brazil, and Latin America. In these countries, WWO titles are distinctive and well-known in the wrestling industry and among viewing members of the public. Accordingly, the public will continue to associate and identify the WWO titles currently being available on Pluto TV as the work product of WWO owned by Armando Espinosa. Thus, the infringing and fraudulent acts of the Defendants are continuing to take a steep financial toll with no revenue reports and royalty payments being made. *See supra* ¶ 27–29.

710.   After terminating the Distribution Agreement via email on August 18th, 2022, and sending a subsequent email confirming that all episodes of WWO were deleted on August 19th, 2022; any showcasing of WWO titles on Defendants' platforms was and continues to be unauthorized, non-consensual, and a willful infringement of copyright.

711.   Without Plaintiffs' authorization or consent, Defendants have continued to display various WWO titles, without limitation, on their publicly accessible online video viewing platform – Pluto TV.

712.   Publicly displaying the 30 titles of WWO on Pluto TV's streaming service after the termination of the license agreement constitutes false designation of origin of goods and services. All the Defendants are falsely representing that the 30

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

WWO titles displayed on Pluto TV are legally licensed and approved by Plaintiffs and that the Defendants are in some way affiliated or connected with the Plaintiffs.

713. Such conduct of all the Defendants is likely to confuse, has actually confused, has misled, is likely to mislead and deceive Plaintiffs' viewers. WWO viewers believe that the Defendants have been approved, authorized, or licensed by Plaintiffs, which is untrue and a false designation of origin pursuant to 15 U.S.C. § 1125(a).

714. Defendants' actions were done willfully, with full knowledge of falsity of such designations of origin and false descriptions or representations, with the express intent to cause confusion, and to mislead and deceive the WWO viewing public.

715. This case qualifies as "an exceptional case" within the meaning of 15 U.S.C. §1117(a) in that the Defendants' actions have been malicious, fraudulent, deliberate, willful, and taken in bad faith with full knowledge and in conscious disregard of Plaintiff's rights. As such, Plaintiffs are entitled to recover their attorneys' fees pursuant to 15 U.S.C. §1117(a).

716. At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 15 U.S.C. § 1117(d) as the conduct of all the defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 4: WWO *Apocalipsis*, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title, over 19 months are $1,900,000.00 ($100,000.00 x 19 months) or an amount to be proven at trial.

717. Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to injunctive relief because the Defendants' conduct described herein above has caused, and if not enjoined, will continue to cause irreparable damage to the rights of Plaintiffs and to the business, reputation, and goodwill of Plaintiff WWO.

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

**SEVENTY-THIRD CLAIM FOR RELIEF**

[False Designation of Origin Against all Defendants for

Title 5: WWO *La Gran Revancha* #1]

(Violations of 15 U.S.C. §§ 1125(a))

718.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

719.   Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of WWO, copyright registration number 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

720.   WWO titles are live wrestling events produced and distributed across multiple platforms in Mexico, Brazil, and Latin America. In these countries, WWO titles are distinctive and well-known in the wrestling industry and among viewing members of the public. Accordingly, the public will continue to associate and identify the WWO titles currently being available on Pluto TV as the work product of WWO owned by Armando Espinosa. Thus, the infringing and fraudulent acts of the Defendants are continuing to take a steep financial toll with no revenue reports and royalty payments being made. *See supra* ¶ 27–29.

721.   After terminating the Distribution Agreement via email on August 18th, 2022, and sending a subsequent email confirming that all episodes of WWO were deleted on August 19th, 2022; any showcasing of WWO titles on Defendants' platforms was and continues to be unauthorized, non-consensual, and a willful infringement of copyright.

722.   Without Plaintiffs' authorization or consent, Defendants have continued to display various WWO titles, without limitation, on their publicly accessible online video viewing platform – Pluto TV.

723.   Publicly displaying the 30 titles of WWO on Pluto TV's streaming service after the termination of the license agreement constitutes false designation of origin of goods and services. All the Defendants are falsely representing that the 30

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

WWO titles displayed on Pluto TV are legally licensed and approved by Plaintiffs and that the Defendants are in some way affiliated or connected with the Plaintiffs.

724.   Such conduct of all the Defendants is likely to confuse, has actually confused, has misled, is likely to mislead and deceive Plaintiffs' viewers. WWO viewers believe that the Defendants have been approved, authorized, or licensed by Plaintiffs, which is untrue and a false designation of origin pursuant to 15 U.S.C. § 1125(a).

725.   Defendants' actions were done willfully, with full knowledge of falsity of such designations of origin and false descriptions or representations, with the express intent to cause confusion, and to mislead and deceive the WWO viewing public.

726.   This case qualifies as "an exceptional case" within the meaning of 15 U.S.C. §1117(a) in that the Defendants' actions have been malicious, fraudulent, deliberate, willful, and taken in bad faith with full knowledge and in conscious disregard of Plaintiff's rights. As such, Plaintiffs are entitled to recover their attorneys' fees pursuant to 15 U.S.C. §1117(a).

727.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 15 U.S.C. § 1117(d) as the conduct of all the defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 5: WWO *La Gran Revancha* #1, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title, over 19 months are $1,900,000.00 ($100,000.00 x 19 months) or an amount to be proven at trial.

728.   Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to injunctive relief because the Defendants' conduct described herein above has caused, and if not enjoined, will continue to cause irreparable damage to the rights of Plaintiffs and to the business, reputation, and goodwill of Plaintiff WWO.

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SEVENTY-FOURTH CLAIM FOR RELIEF**

[False Designation of Origin Against all Defendants for

Title 6: WWO *La Gran Revancha* #2]

(Violations of 15 U.S.C. §§ 1125(a))

729.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

730.   Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of WWO, copyright registration number 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

731.   WWO titles are live wrestling events produced and distributed across multiple platforms in Mexico, Brazil, and Latin America. In these countries, WWO titles are distinctive and well-known in the wrestling industry and among viewing members of the public. Accordingly, the public will continue to associate and identify the WWO titles currently being available on Pluto TV as the work product of WWO owned by Armando Espinosa. Thus, the infringing and fraudulent acts of the Defendants are continuing to take a steep financial toll with no revenue reports and royalty payments being made. *See supra* ¶ 27–29.

732.   After terminating the Distribution Agreement via email on August 18th, 2022, and sending a subsequent email confirming that all episodes of WWO were deleted on August 19th, 2022; any showcasing of WWO titles on Defendants' platforms was and continues to be unauthorized, non-consensual, and a willful infringement of copyright.

733.   Without Plaintiffs' authorization or consent, Defendants have continued to display various WWO titles, without limitation, on their publicly accessible online video viewing platform – Pluto TV.

734.   Publicly displaying the 30 titles of WWO on Pluto TV's streaming service after the termination of the license agreement constitutes false designation of origin of goods and services. All the Defendants are falsely representing that the 30

COMPLAINT FOR COPYRIGHT INFRINGEMENT

WWO titles displayed on Pluto TV are legally licensed and approved by Plaintiffs and that the Defendants are in some way affiliated or connected with the Plaintiffs.

735.   Such conduct of all the Defendants is likely to confuse, has actually confused, has misled, is likely to mislead and deceive Plaintiffs' viewers. WWO viewers believe that the Defendants have been approved, authorized, or licensed by Plaintiffs, which is untrue and a false designation of origin pursuant to 15 U.S.C. § 1125(a).

736.   Defendants' actions were done willfully, with full knowledge of falsity of such designations of origin and false descriptions or representations, with the express intent to cause confusion, and to mislead and deceive the WWO viewing public.

737.   This case qualifies as "an exceptional case" within the meaning of 15 U.S.C. §1117(a) in that the Defendants' actions have been malicious, fraudulent, deliberate, willful, and taken in bad faith with full knowledge and in conscious disregard of Plaintiff's rights. As such, Plaintiffs are entitled to recover their attorneys' fees pursuant to 15 U.S.C. §1117(a).

738.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 15 U.S.C. § 1117(d) as the conduct of all the defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 6: WWO *La Gran Revancha* #2, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title, over 19 months are $1,900,000.00 ($100,000.00 x 19 months) or an amount to be proven at trial.

739.   Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to injunctive relief because the Defendants' conduct described herein above has caused, and if not enjoined, will continue to cause irreparable damage to the rights of Plaintiffs and to the business, reputation, and goodwill of Plaintiff WWO.

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

**SEVENTY-FIFTH CLAIM FOR RELIEF**

[False Designation of Origin Against all Defendants for

Title 7: WWO *Total Domination* #1]

(Violations of 15 U.S.C. § 1125(a))

740.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

741.   Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of WWO, copyright registration number 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

742.   WWO titles are live wrestling events produced and distributed across multiple platforms in Mexico, Brazil, and Latin America. In these countries, WWO titles are distinctive and well-known in the wrestling industry and among viewing members of the public. Accordingly, the public will continue to associate and identify the WWO titles currently being available on Pluto TV as the work product of WWO owned by Armando Espinosa. Thus, the infringing and fraudulent acts of the Defendants are continuing to take a steep financial toll with no revenue reports and royalty payments being made. *See supra* ¶ 27–29.

743.   After terminating the Distribution Agreement via email on August 18th, 2022, and sending a subsequent email confirming that all episodes of WWO were deleted on August 19th, 2022; any showcasing of WWO titles on Defendants' platforms was and continues to be unauthorized, non-consensual, and a willful infringement of copyright.

744.   Without Plaintiffs' authorization or consent, Defendants have continued to display various WWO titles, without limitation, on their publicly accessible online video viewing platform – Pluto TV.

745.   Publicly displaying the 30 titles of WWO on Pluto TV's streaming service after the termination of the license agreement constitutes false designation of origin of goods and services. All the Defendants are falsely representing that the 30

COMPLAINT FOR COPYRIGHT INFRINGEMENT

WWO titles displayed on Pluto TV are legally licensed and approved by Plaintiffs and that the Defendants are in some way affiliated or connected with the Plaintiffs.

746.   Such conduct of all the Defendants is likely to confuse, has actually confused, has misled, is likely to mislead and deceive Plaintiffs' viewers. WWO viewers believe that the Defendants have been approved, authorized, or licensed by Plaintiffs, which is untrue and a false designation of origin pursuant to 15 U.S.C. § 1125(a).

747.   Defendants' actions were done willfully, with full knowledge of falsity of such designations of origin and false descriptions or representations, with the express intent to cause confusion, and to mislead and deceive the WWO viewing public.

748.   This case qualifies as "an exceptional case" within the meaning of 15 U.S.C. §1117(a) in that the Defendants' actions have been malicious, fraudulent, deliberate, willful, and taken in bad faith with full knowledge and in conscious disregard of Plaintiff's rights. As such, Plaintiffs are entitled to recover their attorneys' fees pursuant to 15 U.S.C. §1117(a).

749.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 15 U.S.C. § 1117(d) as the conduct of all the defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 7: WWO *Total Domination* #1, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title, over 19 months are $1,900,000.00 ($100,000.00 x 19 months) or an amount to be proven at trial.

750.   Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to injunctive relief because the Defendants' conduct described herein above has caused, and if not enjoined, will continue to cause irreparable damage to the rights of Plaintiffs and to the business, reputation, and goodwill of Plaintiff WWO.

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

1

**SEVENTY-SIXTH CLAIM FOR RELIEF**

2

[False Designation of Origin Against all Defendants for

3

Title 8: WWO *Total Domination* #2]

4

(Violations of 15 U.S.C. §§ 1125(a))

5  751.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1

6  through 39, inclusive, as if fully set forth herein.

7  752.   Armando Espinosa is and at all relevant times has been the owner of the

8  valid copyright to all titles of WWO, copyright registration number 03-2023-

9  112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

10  753.   WWO titles are live wrestling events produced and distributed across

11  multiple platforms in Mexico, Brazil, and Latin America. In these countries, WWO

12  titles are distinctive and well-known in the wrestling industry and among viewing

13  members of the public. Accordingly, the public will continue to associate and identify

14  the WWO titles currently being available on Pluto TV as the work product of WWO

15  owned by Armando Espinosa. Thus, the infringing and fraudulent acts of the

16  Defendants are continuing to take a steep financial toll with no revenue reports and

17  royalty payments being made. *See supra* ¶ 27–29.

18  754.   After terminating the Distribution Agreement via email on August 18th,

19  2022, and sending a subsequent email confirming that all episodes of WWO were

20  deleted on August 19th, 2022; any showcasing of WWO titles on Defendants'

21  platforms was and continues to be unauthorized, non-consensual, and a willful

22  infringement of copyright.

23  755.   Without Plaintiffs' authorization or consent, Defendants have continued

24  to display various WWO titles, without limitation, on their publicly accessible online

25  video viewing platform – Pluto TV.

26  756.   Publicly displaying the 30 titles of WWO on Pluto TV's streaming

27  service after the termination of the license agreement constitutes false designation of

28  origin of goods and services. All the Defendants are falsely representing that the 30

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

WWO titles displayed on Pluto TV are legally licensed and approved by Plaintiffs and that the Defendants are in some way affiliated or connected with the Plaintiffs.

757.   Such conduct of all the Defendants is likely to confuse, has actually confused, has misled, is likely to mislead and deceive Plaintiffs' viewers. WWO viewers believe that the Defendants have been approved, authorized, or licensed by Plaintiffs, which is untrue and a false designation of origin pursuant to 15 U.S.C. § 1125(a).

758.   Defendants' actions were done willfully, with full knowledge of falsity of such designations of origin and false descriptions or representations, with the express intent to cause confusion, and to mislead and deceive the WWO viewing public.

759.   This case qualifies as "an exceptional case" within the meaning of 15 U.S.C. §1117(a) in that the Defendants' actions have been malicious, fraudulent, deliberate, willful, and taken in bad faith with full knowledge and in conscious disregard of Plaintiff's rights. As such, Plaintiffs are entitled to recover their attorneys' fees pursuant to 15 U.S.C. §1117(a).

760.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 15 U.S.C. § 1117(d) as the conduct of all the defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 8: WWO *Total Domination* #2, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title, over 19 months are $1,900,000.00 ($100,000.00 x 19 months) or an amount to be proven at trial.

761.   Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to injunctive relief because the Defendants' conduct described herein above has caused, and if not enjoined, will continue to cause irreparable damage to the rights of Plaintiffs and to the business, reputation, and goodwill of Plaintiff WWO.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

**SEVENTY-SEVENTH CLAIM FOR RELIEF**

[False Designation of Origin Against all Defendants for

Title 9: WWO *La Cuenta Final*]

(Violations of 15 U.S.C. §§ 1125(a))

762.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

763.   Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of WWO, copyright registration number 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

764.   WWO titles are live wrestling events produced and distributed across multiple platforms in Mexico, Brazil, and Latin America. In these countries, WWO titles are distinctive and well-known in the wrestling industry and among viewing members of the public. Accordingly, the public will continue to associate and identify the WWO titles currently being available on Pluto TV as the work product of WWO owned by Armando Espinosa. Thus, the infringing and fraudulent acts of the Defendants are continuing to take a steep financial toll with no revenue reports and royalty payments being made. *See supra* ¶ 27–29.

765.   After terminating the Distribution Agreement via email on August 18th, 2022, and sending a subsequent email confirming that all episodes of WWO were deleted on August 19th, 2022; any showcasing of WWO titles on Defendants' platforms was and continues to be unauthorized, non-consensual, and a willful infringement of copyright.

766.   Without Plaintiffs' authorization or consent, Defendants have continued to display various WWO titles, without limitation, on their publicly accessible online video viewing platform – Pluto TV.

767.   Publicly displaying the 30 titles of WWO on Pluto TV's streaming service after the termination of the license agreement constitutes false designation of origin of goods and services. All the Defendants are falsely representing that the 30

COMPLAINT FOR COPYRIGHT INFRINGEMENT

WWO titles displayed on Pluto TV are legally licensed and approved by Plaintiffs and that the Defendants are in some way affiliated or connected with the Plaintiffs.

768.   Such conduct of all the Defendants is likely to confuse, has actually confused, has misled, is likely to mislead and deceive Plaintiffs' viewers. WWO viewers believe that the Defendants have been approved, authorized, or licensed by Plaintiffs, which is untrue and a false designation of origin pursuant to 15 U.S.C. § 1125(a).

769.   Defendants' actions were done willfully, with full knowledge of falsity of such designations of origin and false descriptions or representations, with the express intent to cause confusion, and to mislead and deceive the WWO viewing public.

770.   This case qualifies as "an exceptional case" within the meaning of 15 U.S.C. §1117(a) in that the Defendants' actions have been malicious, fraudulent, deliberate, willful, and taken in bad faith with full knowledge and in conscious disregard of Plaintiff's rights. As such, Plaintiffs are entitled to recover their attorneys' fees pursuant to 15 U.S.C. §1117(a).

771.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 15 U.S.C. § 1117(d) as the conduct of all the defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 9: WWO *La Cuenta Final*, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title, over 19 months are $1,900,000.00 ($100,000.00 x 19 months) or an amount to be proven at trial.

772.   Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to injunctive relief because the Defendants' conduct described herein above has caused, and if not enjoined, will continue to cause irreparable damage to the rights of Plaintiffs and to the business, reputation, and goodwill of Plaintiff WWO.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

**SEVENTY-EIGHTH CLAIM FOR RELIEF**

[False Designation of Origin Against all Defendants for

Title 10: WWO *Tijuana En Fuego*]

(Violations of 15 U.S.C. §§ 1125(a))

773.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

774.   Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of WWO, copyright registration number 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

775.   WWO titles are live wrestling events produced and distributed across multiple platforms in Mexico, Brazil, and Latin America. In these countries, WWO titles are distinctive and well-known in the wrestling industry and among viewing members of the public. Accordingly, the public will continue to associate and identify the WWO titles currently being available on Pluto TV as the work product of WWO owned by Armando Espinosa. Thus, the infringing and fraudulent acts of the Defendants are continuing to take a steep financial toll with no revenue reports and royalty payments being made. *See supra* ¶ 27–29.

776.   After terminating the Distribution Agreement via email on August 18th, 2022, and sending a subsequent email confirming that all episodes of WWO were deleted on August 19th, 2022; any showcasing of WWO titles on Defendants' platforms was and continues to be unauthorized, non-consensual, and a willful infringement of copyright.

777.   Without Plaintiffs' authorization or consent, Defendants have continued to display various WWO titles, without limitation, on their publicly accessible online video viewing platform – Pluto TV.

778.   Publicly displaying the 30 titles of WWO on Pluto TV's streaming service after the termination of the license agreement constitutes false designation of origin of goods and services. All the Defendants are falsely representing that the 30

COMPLAINT FOR COPYRIGHT INFRINGEMENT

WWO titles displayed on Pluto TV are legally licensed and approved by Plaintiffs and that the Defendants are in some way affiliated or connected with the Plaintiffs.

779.   Such conduct of all the Defendants is likely to confuse, has actually confused, has misled, is likely to mislead and deceive Plaintiffs' viewers. WWO viewers believe that the Defendants have been approved, authorized, or licensed by Plaintiffs, which is untrue and a false designation of origin pursuant to 15 U.S.C. § 1125(a).

780.   Defendants' actions were done willfully, with full knowledge of falsity of such designations of origin and false descriptions or representations, with the express intent to cause confusion, and to mislead and deceive the WWO viewing public.

781.   This case qualifies as "an exceptional case" within the meaning of 15 U.S.C. §1117(a) in that the Defendants' actions have been malicious, fraudulent, deliberate, willful, and taken in bad faith with full knowledge and in conscious disregard of Plaintiff's rights. As such, Plaintiffs are entitled to recover their attorneys' fees pursuant to 15 U.S.C. §1117(a).

782.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 15 U.S.C. § 1117(d) as the conduct of all the defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 10: WWO *Tijuana En Fuego*, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title, over 19 months are $1,900,000.00 ($100,000.00 x 19 months) or an amount to be proven at trial.

783.   Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to injunctive relief because the Defendants' conduct described herein above has caused, and if not enjoined, will continue to cause irreparable damage to the rights of Plaintiffs and to the business, reputation, and goodwill of Plaintiff WWO.

**SEVENTY-NINTH CLAIM FOR RELIEF**

[False Designation of Origin Against all Defendants for

Title 11: WWO *Misterio Mayhem*]

(Violations of 15 U.S.C. §§ 1125(a))

784.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

785.   Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of WWO, copyright registration number 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

786.   WWO titles are live wrestling events produced and distributed across multiple platforms in Mexico, Brazil, and Latin America. In these countries, WWO titles are distinctive and well-known in the wrestling industry and among viewing members of the public. Accordingly, the public will continue to associate and identify the WWO titles currently being available on Pluto TV as the work product of WWO owned by Armando Espinosa. Thus, the infringing and fraudulent acts of the Defendants are continuing to take a steep financial toll with no revenue reports and royalty payments being made. *See supra* ¶ 27–29.

787.   After terminating the Distribution Agreement via email on August 18th, 2022, and sending a subsequent email confirming that all episodes of WWO were deleted on August 19th, 2022; any showcasing of WWO titles on Defendants' platforms was and continues to be unauthorized, non-consensual, and a willful infringement of copyright.

788.   Without Plaintiffs' authorization or consent, Defendants have continued to display various WWO titles, without limitation, on their publicly accessible online video viewing platform – Pluto TV.

789.   Publicly displaying the 30 titles of WWO on Pluto TV's streaming service after the termination of the license agreement constitutes false designation of origin of goods and services. All the Defendants are falsely representing that the 30

131

COMPLAINT FOR COPYRIGHT INFRINGEMENT

WWO titles displayed on Pluto TV are legally licensed and approved by Plaintiffs and that the Defendants are in some way affiliated or connected with the Plaintiffs.

790.   Such conduct of all the Defendants is likely to confuse, has actually confused, has misled, is likely to mislead and deceive Plaintiffs' viewers. WWO viewers believe that the Defendants have been approved, authorized, or licensed by Plaintiffs, which is untrue and a false designation of origin pursuant to 15 U.S.C. § 1125(a).

791.   Defendants' actions were done willfully, with full knowledge of falsity of such designations of origin and false descriptions or representations, with the express intent to cause confusion, and to mislead and deceive the WWO viewing public.

792.   This case qualifies as "an exceptional case" within the meaning of 15 U.S.C. §1117(a) in that the Defendants' actions have been malicious, fraudulent, deliberate, willful, and taken in bad faith with full knowledge and in conscious disregard of Plaintiff's rights. As such, Plaintiffs are entitled to recover their attorneys' fees pursuant to 15 U.S.C. §1117(a).

793.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 15 U.S.C. § 1117(d) as the conduct of all the defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 11: WWO *Misterio Mayhem*, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title, over 19 months are $1,900,000.00 ($100,000.00 x 19 months) or an amount to be proven at trial.

794.   Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to injunctive relief because the Defendants' conduct described herein above has caused, and if not enjoined, will continue to cause irreparable damage to the rights of Plaintiffs and to the business, reputation, and goodwill of Plaintiff WWO.

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

**EIGHTIETH CLAIM FOR RELIEF**

[False Designation of Origin Against all Defendants for

Title 12: WWO *Tag Team Tournament*]

(Violations of 15 U.S.C. §§ 1125(a))

795.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

796.   Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of WWO, copyright registration number 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

797.   WWO titles are live wrestling events produced and distributed across multiple platforms in Mexico, Brazil, and Latin America. In these countries, WWO titles are distinctive and well-known in the wrestling industry and among viewing members of the public. Accordingly, the public will continue to associate and identify the WWO titles currently being available on Pluto TV as the work product of WWO owned by Armando Espinosa. Thus, the infringing and fraudulent acts of the Defendants are continuing to take a steep financial toll with no revenue reports and royalty payments being made. *See supra* ¶ 27–29.

798.   After terminating the Distribution Agreement via email on August 18th, 2022, and sending a subsequent email confirming that all episodes of WWO were deleted on August 19th, 2022; any showcasing of WWO titles on Defendants' platforms was and continues to be unauthorized, non-consensual, and a willful infringement of copyright.

799.   Without Plaintiffs' authorization or consent, Defendants have continued to display various WWO titles, without limitation, on their publicly accessible online video viewing platform – Pluto TV.

800.   Publicly displaying the 30 titles of WWO on Pluto TV's streaming service after the termination of the license agreement constitutes false designation of origin of goods and services. All the Defendants are falsely representing that the 30

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

WWO titles displayed on Pluto TV are legally licensed and approved by Plaintiffs and that the Defendants are in some way affiliated or connected with the Plaintiffs.

801.   Such conduct of all the Defendants is likely to confuse, has actually confused, has misled, is likely to mislead and deceive Plaintiffs' viewers. WWO viewers believe that the Defendants have been approved, authorized, or licensed by Plaintiffs, which is untrue and a false designation of origin pursuant to 15 U.S.C. § 1125(a).

802.   Defendants' actions were done willfully, with full knowledge of falsity of such designations of origin and false descriptions or representations, with the express intent to cause confusion, and to mislead and deceive the WWO viewing public.

803.   This case qualifies as "an exceptional case" within the meaning of 15 U.S.C. §1117(a) in that the Defendants' actions have been malicious, fraudulent, deliberate, willful, and taken in bad faith with full knowledge and in conscious disregard of Plaintiff's rights. As such, Plaintiffs are entitled to recover their attorneys' fees pursuant to 15 U.S.C. §1117(a).

804.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 15 U.S.C. § 1117(d) as the conduct of all the defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 12: WWO *Tag Team Tournament*, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title, over 19 months are $1,900,000.00 ($100,000.00 x 19 months) or an amount to be proven at trial.

805.   Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to injunctive relief because the Defendants' conduct described herein above has caused, and if not enjoined, will continue to cause irreparable damage to the rights of Plaintiffs and to the business, reputation, and goodwill of Plaintiff WWO.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

**EIGHTY-FIRST CLAIM FOR RELIEF**

[False Designation of Origin Against all Defendants for

Title 13: WWO *Tijuana Nights* #1]

(Violations of 15 U.S.C. §§ 1125(a))

806.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

807.   Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of WWO, copyright registration number 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

808.   WWO titles are live wrestling events produced and distributed across multiple platforms in Mexico, Brazil, and Latin America. In these countries, WWO titles are distinctive and well-known in the wrestling industry and among viewing members of the public. Accordingly, the public will continue to associate and identify the WWO titles currently being available on Pluto TV as the work product of WWO owned by Armando Espinosa. Thus, the infringing and fraudulent acts of the Defendants are continuing to take a steep financial toll with no revenue reports and royalty payments being made. *See supra* ¶ 27–29.

809.   After terminating the Distribution Agreement via email on August 18th, 2022, and sending a subsequent email confirming that all episodes of WWO were deleted on August 19th, 2022; any showcasing of WWO titles on Defendants' platforms was and continues to be unauthorized, non-consensual, and a willful infringement of copyright.

810.   Without Plaintiffs' authorization or consent, Defendants have continued to display various WWO titles, without limitation, on their publicly accessible online video viewing platform – Pluto TV.

811.   Publicly displaying the 30 titles of WWO on Pluto TV's streaming service after the termination of the license agreement constitutes false designation of origin of goods and services. All the Defendants are falsely representing that the 30

COMPLAINT FOR COPYRIGHT INFRINGEMENT

WWO titles displayed on Pluto TV are legally licensed and approved by Plaintiffs and that the Defendants are in some way affiliated or connected with the Plaintiffs.

812.  Such conduct of all the Defendants is likely to confuse, has actually confused, has misled, is likely to mislead and deceive Plaintiffs' viewers. WWO viewers believe that the Defendants have been approved, authorized, or licensed by Plaintiffs, which is untrue and a false designation of origin pursuant to 15 U.S.C. § 1125(a).

813.  Defendants' actions were done willfully, with full knowledge of falsity of such designations of origin and false descriptions or representations, with the express intent to cause confusion, and to mislead and deceive the WWO viewing public.

814.  This case qualifies as "an exceptional case" within the meaning of 15 U.S.C. §1117(a) in that the Defendants' actions have been malicious, fraudulent, deliberate, willful, and taken in bad faith with full knowledge and in conscious disregard of Plaintiff's rights. As such, Plaintiffs are entitled to recover their attorneys' fees pursuant to 15 U.S.C. §1117(a).

815.  At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 15 U.S.C. § 1117(d) as the conduct of all the defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 13: WWO *Tijuana Nights* #1, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title, over 19 months are $1,900,000.00 ($100,000.00 x 19 months) or an amount to be proven at trial.

816.  Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to injunctive relief because the Defendants' conduct described herein above has caused, and if not enjoined, will continue to cause irreparable damage to the rights of Plaintiffs and to the business, reputation, and goodwill of Plaintiff WWO.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

**EIGHTY-SECOND CLAIM FOR RELIEF**

[False Designation of Origin Against all Defendants for

Title 14: WWO *Tijuana Nights* #2]

(Violations of 15 U.S.C. §§ 1125(a))

817.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

818.   Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of WWO, copyright registration number 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

819.   WWO titles are live wrestling events produced and distributed across multiple platforms in Mexico, Brazil, and Latin America. In these countries, WWO titles are distinctive and well-known in the wrestling industry and among viewing members of the public. Accordingly, the public will continue to associate and identify the WWO titles currently being available on Pluto TV as the work product of WWO owned by Armando Espinosa. Thus, the infringing and fraudulent acts of the Defendants are continuing to take a steep financial toll with no revenue reports and royalty payments being made. *See supra* ¶ 27–29.

820.   After terminating the Distribution Agreement via email on August 18th, 2022, and sending a subsequent email confirming that all episodes of WWO were deleted on August 19th, 2022; any showcasing of WWO titles on Defendants' platforms was and continues to be unauthorized, non-consensual, and a willful infringement of copyright.

821.   Without Plaintiffs' authorization or consent, Defendants have continued to display various WWO titles, without limitation, on their publicly accessible online video viewing platform – Pluto TV.

822.   Publicly displaying the 30 titles of WWO on Pluto TV's streaming service after the termination of the license agreement constitutes false designation of origin of goods and services. All the Defendants are falsely representing that the 30

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

WWO titles displayed on Pluto TV are legally licensed and approved by Plaintiffs and that the Defendants are in some way affiliated or connected with the Plaintiffs.

823.  Such conduct of all the Defendants is likely to confuse, has actually confused, has misled, is likely to mislead and deceive Plaintiffs' viewers. WWO viewers believe that the Defendants have been approved, authorized, or licensed by Plaintiffs, which is untrue and a false designation of origin pursuant to 15 U.S.C. § 1125(a).

824.  Defendants' actions were done willfully, with full knowledge of falsity of such designations of origin and false descriptions or representations, with the express intent to cause confusion, and to mislead and deceive the WWO viewing public.

825.  This case qualifies as "an exceptional case" within the meaning of 15 U.S.C. §1117(a) in that the Defendants' actions have been malicious, fraudulent, deliberate, willful, and taken in bad faith with full knowledge and in conscious disregard of Plaintiff's rights. As such, Plaintiffs are entitled to recover their attorneys' fees pursuant to 15 U.S.C. §1117(a).

826.  At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 15 U.S.C. § 1117(d) as the conduct of all the defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 14: WWO *Tijuana Nights* #2, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title, over 19 months are $1,900,000.00 ($100,000.00 x 19 months) or an amount to be proven at trial.

827.  Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to injunctive relief because the Defendants' conduct described herein above has caused, and if not enjoined, will continue to cause irreparable damage to the rights of Plaintiffs and to the business, reputation, and goodwill of Plaintiff WWO.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

**EIGHTY-THIRD CLAIM FOR RELIEF**

[False Designation of Origin Against all Defendants for

Title 15: WWO *Tijuana Nights* #3]

(Violations of 15 U.S.C. §§ 1125(a))

828.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

829.   Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of WWO, copyright registration number 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

830.   WWO titles are live wrestling events produced and distributed across multiple platforms in Mexico, Brazil, and Latin America. In these countries, WWO titles are distinctive and well-known in the wrestling industry and among viewing members of the public. Accordingly, the public will continue to associate and identify the WWO titles currently being available on Pluto TV as the work product of WWO owned by Armando Espinosa. Thus, the infringing and fraudulent acts of the Defendants are continuing to take a steep financial toll with no revenue reports and royalty payments being made. *See supra* ¶ 27–29.

831.   After terminating the Distribution Agreement via email on August 18th, 2022, and sending a subsequent email confirming that all episodes of WWO were deleted on August 19th, 2022; any showcasing of WWO titles on Defendants' platforms was and continues to be unauthorized, non-consensual, and a willful infringement of copyright.

832.   Without Plaintiffs' authorization or consent, Defendants have continued to display various WWO titles, without limitation, on their publicly accessible online video viewing platform – Pluto TV.

833.   Publicly displaying the 30 titles of WWO on Pluto TV's streaming service after the termination of the license agreement constitutes false designation of origin of goods and services. All the Defendants are falsely representing that the 30

139

COMPLAINT FOR COPYRIGHT INFRINGEMENT

WWO titles displayed on Pluto TV are legally licensed and approved by Plaintiffs and that the Defendants are in some way affiliated or connected with the Plaintiffs.

834.  Such conduct of all the Defendants is likely to confuse, has actually confused, has misled, is likely to mislead and deceive Plaintiffs' viewers. WWO viewers believe that the Defendants have been approved, authorized, or licensed by Plaintiffs, which is untrue and a false designation of origin pursuant to 15 U.S.C. § 1125(a).

835.  Defendants' actions were done willfully, with full knowledge of falsity of such designations of origin and false descriptions or representations, with the express intent to cause confusion, and to mislead and deceive the WWO viewing public.

836.  This case qualifies as "an exceptional case" within the meaning of 15 U.S.C. §1117(a) in that the Defendants' actions have been malicious, fraudulent, deliberate, willful, and taken in bad faith with full knowledge and in conscious disregard of Plaintiff's rights. As such, Plaintiffs are entitled to recover their attorneys' fees pursuant to 15 U.S.C. §1117(a).

837.  At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 15 U.S.C. § 1117(d) as the conduct of all the defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 15: WWO *Tijuana Nights* #3, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title, over 19 months are $1,900,000.00 ($100,000.00 x 19 months) or an amount to be proven at trial.

838.  Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to injunctive relief because the Defendants' conduct described herein above has caused, and if not enjoined, will continue to cause irreparable damage to the rights of Plaintiffs and to the business, reputation, and goodwill of Plaintiff WWO.

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

1

**EIGHTY-FOURTH CLAIM FOR RELIEF**

2

[False Designation of Origin Against all Defendants for

3

Title 16: WWO *Tijuana Nights* #4]

4

(Violations of 15 U.S.C. §§ 1125(a))

5
6

839.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

7
8
9

840.   Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of WWO, copyright registration number 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

10
11
12
13
14
15
16
17

841.   WWO titles are live wrestling events produced and distributed across multiple platforms in Mexico, Brazil, and Latin America. In these countries, WWO titles are distinctive and well-known in the wrestling industry and among viewing members of the public. Accordingly, the public will continue to associate and identify the WWO titles currently being available on Pluto TV as the work product of WWO owned by Armando Espinosa. Thus, the infringing and fraudulent acts of the Defendants are continuing to take a steep financial toll with no revenue reports and royalty payments being made. *See supra* ¶ 27–29.

18
19
20
21
22

842.   After terminating the Distribution Agreement via email on August 18th, 2022, and sending a subsequent email confirming that all episodes of WWO were deleted on August 19th, 2022; any showcasing of WWO titles on Defendants' platforms was and continues to be unauthorized, non-consensual, and a willful infringement of copyright.

23
24
25

843.   Without Plaintiffs' authorization or consent, Defendants have continued to display various WWO titles, without limitation, on their publicly accessible online video viewing platform – Pluto TV.

26
27
28

844.   Publicly displaying the 30 titles of WWO on Pluto TV's streaming service after the termination of the license agreement constitutes false designation of origin of goods and services. All the Defendants are falsely representing that the 30

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

WWO titles displayed on Pluto TV are legally licensed and approved by Plaintiffs and that the Defendants are in some way affiliated or connected with the Plaintiffs.

845.   Such conduct of all the Defendants is likely to confuse, has actually confused, has misled, is likely to mislead and deceive Plaintiffs' viewers. WWO viewers believe that the Defendants have been approved, authorized, or licensed by Plaintiffs, which is untrue and a false designation of origin pursuant to 15 U.S.C. § 1125(a).

846.   Defendants' actions were done willfully, with full knowledge of falsity of such designations of origin and false descriptions or representations, with the express intent to cause confusion, and to mislead and deceive the WWO viewing public.

847.   This case qualifies as "an exceptional case" within the meaning of 15 U.S.C. §1117(a) in that the Defendants' actions have been malicious, fraudulent, deliberate, willful, and taken in bad faith with full knowledge and in conscious disregard of Plaintiff's rights. As such, Plaintiffs are entitled to recover their attorneys' fees pursuant to 15 U.S.C. §1117(a).

848.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 15 U.S.C. § 1117(d) as the conduct of all the defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 16: WWO *Tijuana Nights* #4, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title, over 19 months are $1,900,000.00 ($100,000.00 x 19 months) or an amount to be proven at trial.

849.   Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to injunctive relief because the Defendants' conduct described herein above has caused, and if not enjoined, will continue to cause irreparable damage to the rights of Plaintiffs and to the business, reputation, and goodwill of Plaintiff WWO.

**EIGHTY-FIFTH CLAIM FOR RELIEF**

[False Designation of Origin Against all Defendants for

Title 17: WWO *Tijuana Nights* #5]

(Violations of 15 U.S.C. §§ 1125(a))

850.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

851.   Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of WWO, copyright registration number 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

852.   WWO titles are live wrestling events produced and distributed across multiple platforms in Mexico, Brazil, and Latin America. In these countries, WWO titles are distinctive and well-known in the wrestling industry and among viewing members of the public. Accordingly, the public will continue to associate and identify the WWO titles currently being available on Pluto TV as the work product of WWO owned by Armando Espinosa. Thus, the infringing and fraudulent acts of the Defendants are continuing to take a steep financial toll with no revenue reports and royalty payments being made. *See supra* ¶ 27–29.

853.   After terminating the Distribution Agreement via email on August 18th, 2022, and sending a subsequent email confirming that all episodes of WWO were deleted on August 19th, 2022; any showcasing of WWO titles on Defendants' platforms was and continues to be unauthorized, non-consensual, and a willful infringement of copyright.

854.   Without Plaintiffs' authorization or consent, Defendants have continued to display various WWO titles, without limitation, on their publicly accessible online video viewing platform – Pluto TV.

855.   Publicly displaying the 30 titles of WWO on Pluto TV's streaming service after the termination of the license agreement constitutes false designation of origin of goods and services. All the Defendants are falsely representing that the 30

COMPLAINT FOR COPYRIGHT INFRINGEMENT

WWO titles displayed on Pluto TV are legally licensed and approved by Plaintiffs and that the Defendants are in some way affiliated or connected with the Plaintiffs.

856.   Such conduct of all the Defendants is likely to confuse, has actually confused, has misled, is likely to mislead and deceive Plaintiffs' viewers. WWO viewers believe that the Defendants have been approved, authorized, or licensed by Plaintiffs, which is untrue and a false designation of origin pursuant to 15 U.S.C. § 1125(a).

857.   Defendants' actions were done willfully, with full knowledge of falsity of such designations of origin and false descriptions or representations, with the express intent to cause confusion, and to mislead and deceive the WWO viewing public.

858.   This case qualifies as "an exceptional case" within the meaning of 15 U.S.C. §1117(a) in that the Defendants' actions have been malicious, fraudulent, deliberate, willful, and taken in bad faith with full knowledge and in conscious disregard of Plaintiff's rights. As such, Plaintiffs are entitled to recover their attorneys' fees pursuant to 15 U.S.C. §1117(a).

859.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 15 U.S.C. § 1117(d) as the conduct of all the defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 17: WWO *Tijuana Nights* #5, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title, over 19 months are $1,900,000.00 ($100,000.00 x 19 months) or an amount to be proven at trial.

860.   Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to injunctive relief because the Defendants' conduct described herein above has caused, and if not enjoined, will continue to cause irreparable damage to the rights of Plaintiffs and to the business, reputation, and goodwill of Plaintiff WWO.

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

**EIGHTY-SIXTH CLAIM FOR RELIEF**

[False Designation of Origin Against all Defendants for

Title 18: WWO *Tijuana Nights* #6]

(Violations of 15 U.S.C. §§ 1125(a))

861.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

862.   Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of WWO, copyright registration number 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

863.   WWO titles are live wrestling events produced and distributed across multiple platforms in Mexico, Brazil, and Latin America. In these countries, WWO titles are distinctive and well-known in the wrestling industry and among viewing members of the public. Accordingly, the public will continue to associate and identify the WWO titles currently being available on Pluto TV as the work product of WWO owned by Armando Espinosa. Thus, the infringing and fraudulent acts of the Defendants are continuing to take a steep financial toll with no revenue reports and royalty payments being made. *See supra* ¶ 27–29.

864.   After terminating the Distribution Agreement via email on August 18th, 2022, and sending a subsequent email confirming that all episodes of WWO were deleted on August 19th, 2022; any showcasing of WWO titles on Defendants' platforms was and continues to be unauthorized, non-consensual, and a willful infringement of copyright.

865.   Without Plaintiffs' authorization or consent, Defendants have continued to display various WWO titles, without limitation, on their publicly accessible online video viewing platform – Pluto TV.

866.   Publicly displaying the 30 titles of WWO on Pluto TV's streaming service after the termination of the license agreement constitutes false designation of origin of goods and services. All the Defendants are falsely representing that the 30

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

WWO titles displayed on Pluto TV are legally licensed and approved by Plaintiffs and that the Defendants are in some way affiliated or connected with the Plaintiffs.

867.   Such conduct of all the Defendants is likely to confuse, has actually confused, has misled, is likely to mislead and deceive Plaintiffs' viewers. WWO viewers believe that the Defendants have been approved, authorized, or licensed by Plaintiffs, which is untrue and a false designation of origin pursuant to 15 U.S.C. § 1125(a).

868.   Defendants' actions were done willfully, with full knowledge of falsity of such designations of origin and false descriptions or representations, with the express intent to cause confusion, and to mislead and deceive the WWO viewing public.

869.   This case qualifies as "an exceptional case" within the meaning of 15 U.S.C. §1117(a) in that the Defendants' actions have been malicious, fraudulent, deliberate, willful, and taken in bad faith with full knowledge and in conscious disregard of Plaintiff's rights. As such, Plaintiffs are entitled to recover their attorneys' fees pursuant to 15 U.S.C. §1117(a).

870.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 15 U.S.C. § 1117(d) as the conduct of all the Defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 18: WWO *Tijuana Nights* #6, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title, over 19 months are $1,900,000.00 ($100,000.00 x 19 months) or an amount to be proven at trial.

871.   Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to injunctive relief because the Defendants' conduct described herein above has caused, and if not enjoined, will continue to cause irreparable damage to the rights of Plaintiffs and to the business, reputation, and goodwill of Plaintiff WWO.

**EIGHTY-SEVENTH CLAIM FOR RELIEF**

[False Designation of Origin Against all Defendants for

Title 19: WWO *Tijuana Nights* #7]

(Violations of 15 U.S.C. §§ 1125(a))

872.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

873.   Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of WWO, copyright registration number 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

874.   WWO titles are live wrestling events produced and distributed across multiple platforms in Mexico, Brazil, and Latin America. In these countries, WWO titles are distinctive and well-known in the wrestling industry and among viewing members of the public. Accordingly, the public will continue to associate and identify the WWO titles currently being available on Pluto TV as the work product of WWO owned by Armando Espinosa. Thus, the infringing and fraudulent acts of the Defendants are continuing to take a steep financial toll with no revenue reports and royalty payments being made. *See supra* ¶ 27–29.

875.   After terminating the Distribution Agreement via email on August 18th, 2022, and sending a subsequent email confirming that all episodes of WWO were deleted on August 19th, 2022; any showcasing of WWO titles on Defendants' platforms was and continues to be unauthorized, non-consensual, and a willful infringement of copyright.

876.   Without Plaintiffs' authorization or consent, Defendants have continued to display various WWO titles, without limitation, on their publicly accessible online video viewing platform – Pluto TV.

877.   Publicly displaying the 30 titles of WWO on Pluto TV's streaming service after the termination of the license agreement constitutes false designation of origin of goods and services. All the Defendants are falsely representing that the 30

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

WWO titles displayed on Pluto TV are legally licensed and approved by Plaintiffs and that the Defendants are in some way affiliated or connected with the Plaintiffs.

878.   Such conduct of all the Defendants is likely to confuse, has actually confused, has misled, is likely to mislead and deceive Plaintiffs' viewers. WWO viewers believe that the Defendants have been approved, authorized, or licensed by Plaintiffs, which is untrue and a false designation of origin pursuant to 15 U.S.C. § 1125(a).

879.   Defendants' actions were done willfully, with full knowledge of falsity of such designations of origin and false descriptions or representations, with the express intent to cause confusion, and to mislead and deceive the WWO viewing public.

880.   This case qualifies as "an exceptional case" within the meaning of 15 U.S.C. §1117(a) in that the Defendants' actions have been malicious, fraudulent, deliberate, willful, and taken in bad faith with full knowledge and in conscious disregard of Plaintiff's rights. As such, Plaintiffs are entitled to recover their attorneys' fees pursuant to 15 U.S.C. §1117(a).

881.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 15 U.S.C. § 1117(d) as the conduct of all the Defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 19: WWO *Tijuana Nights* #7, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title, over 19 months are $1,900,000.00 ($100,000.00 x 19 months) or an amount to be proven at trial.

882.   Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to injunctive relief because the Defendants' conduct described herein above has caused, and if not enjoined, will continue to cause irreparable damage to the rights of Plaintiffs and to the business, reputation, and goodwill of Plaintiff WWO.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

**EIGHTY-EIGHTH CLAIM FOR RELIEF**

[False Designation of Origin Against all Defendants for

Title 20: WWO *Tijuana Nights* #8]

(Violations of 15 U.S.C. §§ 1125(a))

883.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

884.   Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of WWO, copyright registration number 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

885.   WWO titles are live wrestling events produced and distributed across multiple platforms in Mexico, Brazil, and Latin America. In these countries, WWO titles are distinctive and well-known in the wrestling industry and among viewing members of the public. Accordingly, the public will continue to associate and identify the WWO titles currently being available on Pluto TV as the work product of WWO owned by Armando Espinosa. Thus, the infringing and fraudulent acts of the Defendants are continuing to take a steep financial toll with no revenue reports and royalty payments being made. *See supra* ¶ 27–29.

886.   After terminating the Distribution Agreement via email on August 18th, 2022, and sending a subsequent email confirming that all episodes of WWO were deleted on August 19th, 2022; any showcasing of WWO titles on Defendants' platforms was and continues to be unauthorized, non-consensual, and a willful infringement of copyright.

887.   Without Plaintiffs' authorization or consent, Defendants have continued to display various WWO titles, without limitation, on their publicly accessible online video viewing platform – Pluto TV.

888.   Publicly displaying the 30 titles of WWO on Pluto TV's streaming service after the termination of the license agreement constitutes false designation of origin of goods and services. All the Defendants are falsely representing that the 30

149

WWO titles displayed on Pluto TV are legally licensed and approved by Plaintiffs and that the Defendants are in some way affiliated or connected with the Plaintiffs.

889.   Such conduct of all the Defendants is likely to confuse, has actually confused, has misled, is likely to mislead and deceive Plaintiffs' viewers. WWO viewers believe that the Defendants have been approved, authorized, or licensed by Plaintiffs, which is untrue and a false designation of origin pursuant to 15 U.S.C. § 1125(a).

890.   Defendants' actions were done willfully, with full knowledge of falsity of such designations of origin and false descriptions or representations, with the express intent to cause confusion, and to mislead and deceive the WWO viewing public.

891.   This case qualifies as "an exceptional case" within the meaning of 15 U.S.C. §1117(a) in that the Defendants' actions have been malicious, fraudulent, deliberate, willful, and taken in bad faith with full knowledge and in conscious disregard of Plaintiff's rights. As such, Plaintiffs are entitled to recover their attorneys' fees pursuant to 15 U.S.C. §1117(a).

892.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 15 U.S.C. § 1117(d) as the conduct of all the Defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 20: WWO *Tijuana Nights* #8, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title, over 19 months are $1,900,000.00 ($100,000.00 x 19 months) or an amount to be proven at trial.

893.   Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to injunctive relief because the Defendants' conduct described herein above has caused, and if not enjoined, will continue to cause irreparable damage to the rights of Plaintiffs and to the business, reputation, and goodwill of Plaintiff WWO.

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

**EIGHTY-NINTH CLAIM FOR RELIEF**

[False Designation of Origin Against all Defendants for

Title 21: WWO *Tijuana Nights* #9]

(Violations of 15 U.S.C. §§ 1125(a))

894.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

895.   Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of WWO, copyright registration number 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

896.   WWO titles are live wrestling events produced and distributed across multiple platforms in Mexico, Brazil, and Latin America. In these countries, WWO titles are distinctive and well-known in the wrestling industry and among viewing members of the public. Accordingly, the public will continue to associate and identify the WWO titles currently being available on Pluto TV as the work product of WWO owned by Armando Espinosa. Thus, the infringing and fraudulent acts of the Defendants are continuing to take a steep financial toll with no revenue reports and royalty payments being made. *See supra* ¶ 27–29.

897.   After terminating the Distribution Agreement via email on August 18th, 2022, and sending a subsequent email confirming that all episodes of WWO were deleted on August 19th, 2022; any showcasing of WWO titles on Defendants' platforms was and continues to be unauthorized, non-consensual, and a willful infringement of copyright.

898.   Without Plaintiffs' authorization or consent, Defendants have continued to display various WWO titles, without limitation, on their publicly accessible online video viewing platform – Pluto TV.

899.   Publicly displaying the 30 titles of WWO on Pluto TV's streaming service after the termination of the license agreement constitutes false designation of origin of goods and services. All the Defendants are falsely representing that the 30

COMPLAINT FOR COPYRIGHT INFRINGEMENT

WWO titles displayed on Pluto TV are legally licensed and approved by Plaintiffs and that the Defendants are in some way affiliated or connected with the Plaintiffs.

900.   Such conduct of all the Defendants is likely to confuse, has actually confused, has misled, is likely to mislead and deceive Plaintiffs' viewers. WWO viewers believe that the Defendants have been approved, authorized, or licensed by Plaintiffs, which is untrue and a false designation of origin pursuant to 15 U.S.C. § 1125(a).

901.   Defendants' actions were done willfully, with full knowledge of falsity of such designations of origin and false descriptions or representations, with the express intent to cause confusion, and to mislead and deceive the WWO viewing public.

902.   This case qualifies as "an exceptional case" within the meaning of 15 U.S.C. §1117(a) in that the Defendants' actions have been malicious, fraudulent, deliberate, willful, and taken in bad faith with full knowledge and in conscious disregard of Plaintiff's rights. As such, Plaintiffs are entitled to recover their attorneys' fees pursuant to 15 U.S.C. §1117(a).

903.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 15 U.S.C. § 1117(d) as the conduct of all the Defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 21: WWO *Tijuana Nights* #9, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title, over 19 months are $1,900,000.00 ($100,000.00 x 19 months) or an amount to be proven at trial.

904.   Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to injunctive relief because the Defendants' conduct described herein above has caused, and if not enjoined, will continue to cause irreparable damage to the rights of Plaintiffs and to the business, reputation, and goodwill of Plaintiff WWO.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

**NINETIETH CLAIM FOR RELIEF**

[False Designation of Origin Against all Defendants for

Title 22: WWO *Tijuana Nights* #10]

(Violations of 15 U.S.C. §§ 1125(a))

905.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

906.   Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of WWO, copyright registration number 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

907.   WWO titles are live wrestling events produced and distributed across multiple platforms in Mexico, Brazil, and Latin America. In these countries, WWO titles are distinctive and well-known in the wrestling industry and among viewing members of the public. Accordingly, the public will continue to associate and identify the WWO titles currently being available on Pluto TV as the work product of WWO owned by Armando Espinosa. Thus, the infringing and fraudulent acts of the Defendants are continuing to take a steep financial toll with no revenue reports and royalty payments being made. *See supra* ¶ 27–29.

908.   After terminating the Distribution Agreement via email on August 18th, 2022, and sending a subsequent email confirming that all episodes of WWO were deleted on August 19th, 2022; any showcasing of WWO titles on Defendants' platforms was and continues to be unauthorized, non-consensual, and a willful infringement of copyright.

909.   Without Plaintiffs' authorization or consent, Defendants have continued to display various WWO titles, without limitation, on their publicly accessible online video viewing platform – Pluto TV.

910.   Publicly displaying the 30 titles of WWO on Pluto TV's streaming service after the termination of the license agreement constitutes false designation of origin of goods and services. All the Defendants are falsely representing that the 30

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

WWO titles displayed on Pluto TV are legally licensed and approved by Plaintiffs and that the Defendants are in some way affiliated or connected with the Plaintiffs.

911.   Such conduct of all the Defendants is likely to confuse, has actually confused, has misled, is likely to mislead and deceive Plaintiffs' viewers. WWO viewers believe that the Defendants have been approved, authorized, or licensed by Plaintiffs, which is untrue and a false designation of origin pursuant to 15 U.S.C. § 1125(a).

912.   Defendants' actions were done willfully, with full knowledge of falsity of such designations of origin and false descriptions or representations, with the express intent to cause confusion, and to mislead and deceive the WWO viewing public.

913.   This case qualifies as "an exceptional case" within the meaning of 15 U.S.C. §1117(a) in that the Defendants' actions have been malicious, fraudulent, deliberate, willful, and taken in bad faith with full knowledge and in conscious disregard of Plaintiff's rights. As such, Plaintiffs are entitled to recover their attorneys' fees pursuant to 15 U.S.C. §1117(a).

914.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 15 U.S.C. § 1117(d) as the conduct of all the Defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 22: WWO *Tijuana Nights* #10, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title, over 19 months are $1,900,000.00 ($100,000.00 x 19 months) or an amount to be proven at trial.

915.   Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to injunctive relief because the Defendants' conduct described herein above has caused, and if not enjoined, will continue to cause irreparable damage to the rights of Plaintiffs and to the business, reputation, and goodwill of Plaintiff WWO.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NINETY-FIRST CLAIM FOR RELIEF**

[False Designation of Origin Against all Defendants for

Title 23: WWO *Tijuana Nights* #11]

(Violations of 15 U.S.C. §§ 1125(a))

916.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

917.   Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of WWO, copyright registration number 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

918.   WWO titles are live wrestling events produced and distributed across multiple platforms in Mexico, Brazil, and Latin America. In these countries, WWO titles are distinctive and well-known in the wrestling industry and among viewing members of the public. Accordingly, the public will continue to associate and identify the WWO titles currently being available on Pluto TV as the work product of WWO owned by Armando Espinosa. Thus, the infringing and fraudulent acts of the Defendants are continuing to take a steep financial toll with no revenue reports and royalty payments being made. *See supra* ¶ 27–29.

919.   After terminating the Distribution Agreement via email on August 18th, 2022, and sending a subsequent email confirming that all episodes of WWO were deleted on August 19th, 2022; any showcasing of WWO titles on Defendants' platforms was and continues to be unauthorized, non-consensual, and a willful infringement of copyright.

920.   Without Plaintiffs' authorization or consent, Defendants have continued to display various WWO titles, without limitation, on their publicly accessible online video viewing platform – Pluto TV.

921.   Publicly displaying the 30 titles of WWO on Pluto TV's streaming service after the termination of the license agreement constitutes false designation of origin of goods and services. All the Defendants are falsely representing that the 30

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

WWO titles displayed on Pluto TV are legally licensed and approved by Plaintiffs and that the Defendants are in some way affiliated or connected with the Plaintiffs.

922.   Such conduct of all the Defendants is likely to confuse, has actually confused, has misled, is likely to mislead and deceive Plaintiffs' viewers. WWO viewers believe that the Defendants have been approved, authorized, or licensed by Plaintiffs, which is untrue and a false designation of origin pursuant to 15 U.S.C. § 1125(a).

923.   Defendants' actions were done willfully, with full knowledge of falsity of such designations of origin and false descriptions or representations, with the express intent to cause confusion, and to mislead and deceive the WWO viewing public.

924.   This case qualifies as "an exceptional case" within the meaning of 15 U.S.C. §1117(a) in that the Defendants' actions have been malicious, fraudulent, deliberate, willful, and taken in bad faith with full knowledge and in conscious disregard of Plaintiff's rights. As such, Plaintiffs are entitled to recover their attorneys' fees pursuant to 15 U.S.C. §1117(a).

925.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 15 U.S.C. § 1117(d) as the conduct of all the Defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 23: WWO *Tijuana Nights* #11, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title, over 19 months are $1,900,000.00 ($100,000.00 x 19 months) or an amount to be proven at trial.

926.   Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to injunctive relief because the Defendants' conduct described herein above has caused, and if not enjoined, will continue to cause irreparable damage to the rights of Plaintiffs and to the business, reputation, and goodwill of Plaintiff WWO.

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

**NINETY-SECOND CLAIM FOR RELIEF**

[False Designation of Origin Against all Defendants for

Title 24: WWO *Tijuana Nights* #12]

(Violations of 15 U.S.C. §§ 1125(a))

927. Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

928. Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of WWO, copyright registration number 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

929. WWO titles are live wrestling events produced and distributed across multiple platforms in Mexico, Brazil, and Latin America. In these countries, WWO titles are distinctive and well-known in the wrestling industry and among viewing members of the public. Accordingly, the public will continue to associate and identify the WWO titles currently being available on Pluto TV as the work product of WWO owned by Armando Espinosa. Thus, the infringing and fraudulent acts of the Defendants are continuing to take a steep financial toll with no revenue reports and royalty payments being made. *See supra* ¶ 27–29.

930. After terminating the Distribution Agreement via email on August 18th, 2022, and sending a subsequent email confirming that all episodes of WWO were deleted on August 19th, 2022; any showcasing of WWO titles on Defendants' platforms was and continues to be unauthorized, non-consensual, and a willful infringement of copyright.

931. Without Plaintiffs' authorization or consent, Defendants have continued to display various WWO titles, without limitation, on their publicly accessible online video viewing platform – Pluto TV.

932. Publicly displaying the 30 titles of WWO on Pluto TV's streaming service after the termination of the license agreement constitutes false designation of origin of goods and services. All the Defendants are falsely representing that the 30

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

WWO titles displayed on Pluto TV are legally licensed and approved by Plaintiffs and that the Defendants are in some way affiliated or connected with the Plaintiffs.

933.   Such conduct of all the Defendants is likely to confuse, has actually confused, has misled, is likely to mislead and deceive Plaintiffs' viewers. WWO viewers believe that the Defendants have been approved, authorized, or licensed by Plaintiffs, which is untrue and a false designation of origin pursuant to 15 U.S.C. § 1125(a).

934.   Defendants' actions were done willfully, with full knowledge of falsity of such designations of origin and false descriptions or representations, with the express intent to cause confusion, and to mislead and deceive the WWO viewing public.

935.   This case qualifies as "an exceptional case" within the meaning of 15 U.S.C. §1117(a) in that the Defendants' actions have been malicious, fraudulent, deliberate, willful, and taken in bad faith with full knowledge and in conscious disregard of Plaintiff's rights. As such, Plaintiffs are entitled to recover their attorneys' fees pursuant to 15 U.S.C. §1117(a).

936.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 15 U.S.C. § 1117(d) as the conduct of all the defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 24: WWO *Tijuana Nights* #12, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title, over 19 months are $1,900,000.00 ($100,000.00 x 19 months) or an amount to be proven at trial.

937.   Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to injunctive relief because the Defendants' conduct described herein above has caused, and if not enjoined, will continue to cause irreparable damage to the rights of Plaintiffs and to the business, reputation, and goodwill of Plaintiff WWO.

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

**NINETY-THIRD CLAIM FOR RELIEF**

[False Designation of Origin Against all Defendants for

Title 25: WWO *Tijuana Nights* #13]

(Violations of 15 U.S.C. §§ 1125(a))

938.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

939.   Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of WWO, copyright registration number 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

940.   WWO titles are live wrestling events produced and distributed across multiple platforms in Mexico, Brazil, and Latin America. In these countries, WWO titles are distinctive and well-known in the wrestling industry and among viewing members of the public. Accordingly, the public will continue to associate and identify the WWO titles currently being available on Pluto TV as the work product of WWO owned by Armando Espinosa. Thus, the infringing and fraudulent acts of the Defendants are continuing to take a steep financial toll with no revenue reports and royalty payments being made. *See supra* ¶ 27–29.

941.   After terminating the Distribution Agreement via email on August 18th, 2022, and sending a subsequent email confirming that all episodes of WWO were deleted on August 19th, 2022; any showcasing of WWO titles on Defendants' platforms was and continues to be unauthorized, non-consensual, and a willful infringement of copyright.

942.   Without Plaintiffs' authorization or consent, Defendants have continued to display various WWO titles, without limitation, on their publicly accessible online video viewing platform – Pluto TV.

943.   Publicly displaying the 30 titles of WWO on Pluto TV's streaming service after the termination of the license agreement constitutes false designation of origin of goods and services. All the Defendants are falsely representing that the 30

COMPLAINT FOR COPYRIGHT INFRINGEMENT

WWO titles displayed on Pluto TV are legally licensed and approved by Plaintiffs and that the Defendants are in some way affiliated or connected with the Plaintiffs.

944.   Such conduct of all the Defendants is likely to confuse, has actually confused, has misled, is likely to mislead and deceive Plaintiffs' viewers. WWO viewers believe that the Defendants have been approved, authorized, or licensed by Plaintiffs, which is untrue and a false designation of origin pursuant to 15 U.S.C. § 1125(a).

945.   Defendants' actions were done willfully, with full knowledge of falsity of such designations of origin and false descriptions or representations, with the express intent to cause confusion, and to mislead and deceive the WWO viewing public.

946.   This case qualifies as "an exceptional case" within the meaning of 15 U.S.C. §1117(a) in that the Defendants' actions have been malicious, fraudulent, deliberate, willful, and taken in bad faith with full knowledge and in conscious disregard of Plaintiff's rights. As such, Plaintiffs are entitled to recover their attorneys' fees pursuant to 15 U.S.C. §1117(a).

947.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 15 U.S.C. § 1117(d) as the conduct of all the Defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 25: WWO *Tijuana Nights* #13, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title, over 19 months are $1,900,000.00 ($100,000.00 x 19 months) or an amount to be proven at trial.

948.   Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to injunctive relief because the Defendants' conduct described herein above has caused, and if not enjoined, will continue to cause irreparable damage to the rights of Plaintiffs and to the business, reputation, and goodwill of Plaintiff WWO.

**NINETY-FOURTH CLAIM FOR RELIEF**

[False Designation of Origin Against all Defendants for

Title 26: WWO *Tijuana Nights* #14]

(Violations of 15 U.S.C. §§ 1125(a))

949.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

950.   Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of WWO, copyright registration number 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

951.   WWO titles are live wrestling events produced and distributed across multiple platforms in Mexico, Brazil, and Latin America. In these countries, WWO titles are distinctive and well-known in the wrestling industry and among viewing members of the public. Accordingly, the public will continue to associate and identify the WWO titles currently being available on Pluto TV as the work product of WWO owned by Armando Espinosa. Thus, the infringing and fraudulent acts of the Defendants are continuing to take a steep financial toll with no revenue reports and royalty payments being made. *See supra* ¶ 27–29.

952.   After terminating the Distribution Agreement via email on August 18th, 2022, and sending a subsequent email confirming that all episodes of WWO were deleted on August 19th, 2022; any showcasing of WWO titles on Defendants' platforms was and continues to be unauthorized, non-consensual, and a willful infringement of copyright.

953.   Without Plaintiffs' authorization or consent, Defendants have continued to display various WWO titles, without limitation, on their publicly accessible online video viewing platform – Pluto TV.

954.   Publicly displaying the 30 titles of WWO on Pluto TV's streaming service after the termination of the license agreement constitutes false designation of origin of goods and services. All the Defendants are falsely representing that the 30

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

WWO titles displayed on Pluto TV are legally licensed and approved by Plaintiffs and that the Defendants are in some way affiliated or connected with the Plaintiffs.

955.   Such conduct of all the Defendants is likely to confuse, has actually confused, has misled, is likely to mislead and deceive Plaintiffs' viewers. WWO viewers believe that the Defendants have been approved, authorized, or licensed by Plaintiffs, which is untrue and a false designation of origin pursuant to 15 U.S.C. § 1125(a).

956.   Defendants' actions were done willfully, with full knowledge of falsity of such designations of origin and false descriptions or representations, with the express intent to cause confusion, and to mislead and deceive the WWO viewing public.

957.   This case qualifies as "an exceptional case" within the meaning of 15 U.S.C. §1117(a) in that the Defendants' actions have been malicious, fraudulent, deliberate, willful, and taken in bad faith with full knowledge and in conscious disregard of Plaintiff's rights. As such, Plaintiffs are entitled to recover their attorneys' fees pursuant to 15 U.S.C. §1117(a).

958.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 15 U.S.C. § 1117(d) as the conduct of all the Defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 26: WWO *Tijuana Nights* #14, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title, over 19 months are $1,900,000.00 ($100,000.00 x 19 months) or an amount to be proven at trial.

959.   Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to injunctive relief because the Defendants' conduct described herein above has caused, and if not enjoined, will continue to cause irreparable damage to the rights of Plaintiffs and to the business, reputation, and goodwill of Plaintiff WWO.

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

**NINETY-FIFTH CLAIM FOR RELIEF**

[False Designation of Origin Against all Defendants for

Title 27: WWO *Tijuana Nights* #15]

(Violations of 15 U.S.C. §§ 1125(a))

960.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

961.   Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of WWO, copyright registration number 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

962.   WWO titles are live wrestling events produced and distributed across multiple platforms in Mexico, Brazil, and Latin America. In these countries, WWO titles are distinctive and well-known in the wrestling industry and among viewing members of the public. Accordingly, the public will continue to associate and identify the WWO titles currently being available on Pluto TV as the work product of WWO owned by Armando Espinosa. Thus, the infringing and fraudulent acts of the Defendants are continuing to take a steep financial toll with no revenue reports and royalty payments being made. *See supra* ¶ 27–29.

963.   After terminating the Distribution Agreement via email on August 18th, 2022, and sending a subsequent email confirming that all episodes of WWO were deleted on August 19th, 2022; any showcasing of WWO titles on Defendants' platforms was and continues to be unauthorized, non-consensual, and a willful infringement of copyright.

964.   Without Plaintiffs' authorization or consent, Defendants have continued to display various WWO titles, without limitation, on their publicly accessible online video viewing platform – Pluto TV.

965.   Publicly displaying the 30 titles of WWO on Pluto TV's streaming service after the termination of the license agreement constitutes false designation of origin of goods and services. All the Defendants are falsely representing that the 30

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

WWO titles displayed on Pluto TV are legally licensed and approved by Plaintiffs and that the Defendants are in some way affiliated or connected with the Plaintiffs.

966.   Such conduct of all the Defendants is likely to confuse, has actually confused, has misled, is likely to mislead and deceive Plaintiffs' viewers. WWO viewers believe that the Defendants have been approved, authorized, or licensed by Plaintiffs, which is untrue and a false designation of origin pursuant to 15 U.S.C. § 1125(a).

967.   Defendants' actions were done willfully, with full knowledge of falsity of such designations of origin and false descriptions or representations, with the express intent to cause confusion, and to mislead and deceive the WWO viewing public.

968.   This case qualifies as "an exceptional case" within the meaning of 15 U.S.C. §1117(a) in that the Defendants' actions have been malicious, fraudulent, deliberate, willful, and taken in bad faith with full knowledge and in conscious disregard of Plaintiff's rights. As such, Plaintiffs are entitled to recover their attorneys' fees pursuant to 15 U.S.C. §1117(a).

969.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 15 U.S.C. § 1117(d) as the conduct of all the Defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 27: WWO *Tijuana Nights* #15, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title, over 19 months are $1,900,000.00 ($100,000.00 x 19 months) or an amount to be proven at trial.

970.   Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to injunctive relief because the Defendants' conduct described herein above has caused, and if not enjoined, will continue to cause irreparable damage to the rights of Plaintiffs and to the business, reputation, and goodwill of Plaintiff WWO.

**NINETY-SIXTH CLAIM FOR RELIEF**

[False Designation of Origin Against all Defendants for

Title 28: WWO *Tijuana Nights* #16]

(Violations of 15 U.S.C. §§ 1125(a))

971.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

972.   Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of WWO, copyright registration number 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

973.   WWO titles are live wrestling events produced and distributed across multiple platforms in Mexico, Brazil, and Latin America. In these countries, WWO titles are distinctive and well-known in the wrestling industry and among viewing members of the public. Accordingly, the public will continue to associate and identify the WWO titles currently being available on Pluto TV as the work product of WWO owned by Armando Espinosa. Thus, the infringing and fraudulent acts of the Defendants are continuing to take a steep financial toll with no revenue reports and royalty payments being made. *See supra* ¶ 27–29.

974.   After terminating the Distribution Agreement via email on August 18th, 2022, and sending a subsequent email confirming that all episodes of WWO were deleted on August 19th, 2022; any showcasing of WWO titles on Defendants' platforms was and continues to be unauthorized, non-consensual, and a willful infringement of copyright.

975.   Without Plaintiffs' authorization or consent, Defendants have continued to display various WWO titles, without limitation, on their publicly accessible online video viewing platform – Pluto TV.

976.   Publicly displaying the 30 titles of WWO on Pluto TV's streaming service after the termination of the license agreement constitutes false designation of origin of goods and services. All the Defendants are falsely representing that the 30

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

WWO titles displayed on Pluto TV are legally licensed and approved by Plaintiffs and that the Defendants are in some way affiliated or connected with the Plaintiffs.

977.   Such conduct of all the Defendants is likely to confuse, has actually confused, has misled, is likely to mislead and deceive Plaintiffs' viewers. WWO viewers believe that the Defendants have been approved, authorized, or licensed by Plaintiffs, which is untrue and a false designation of origin pursuant to 15 U.S.C. § 1125(a).

978.   Defendants' actions were done willfully, with full knowledge of falsity of such designations of origin and false descriptions or representations, with the express intent to cause confusion, and to mislead and deceive the WWO viewing public.

979.   This case qualifies as "an exceptional case" within the meaning of 15 U.S.C. §1117(a) in that the Defendants' actions have been malicious, fraudulent, deliberate, willful, and taken in bad faith with full knowledge and in conscious disregard of Plaintiff's rights. As such, Plaintiffs are entitled to recover their attorneys' fees pursuant to 15 U.S.C. §1117(a).

980.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 15 U.S.C. § 1117(d) as the conduct of all the Defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 28: WWO *Tijuana Nights* #16, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title, over 19 months are $1,900,000.00 ($100,000.00 x 19 months) or an amount to be proven at trial.

981.   Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to injunctive relief because the Defendants' conduct described herein above has caused, and if not enjoined, will continue to cause irreparable damage to the rights of Plaintiffs and to the business, reputation, and goodwill of Plaintiff WWO.

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

**NINETY-SEVENTH CLAIM FOR RELIEF**

[False Designation of Origin Against all Defendants for

Title 29: WWO *Tijuana Nights* #17]

(Violations of 15 U.S.C. §§ 1125(a))

982. Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

983. Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of WWO, copyright registration number 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

984. WWO titles are live wrestling events produced and distributed across multiple platforms in Mexico, Brazil, and Latin America. In these countries, WWO titles are distinctive and well-known in the wrestling industry and among viewing members of the public. Accordingly, the public will continue to associate and identify the WWO titles currently being available on Pluto TV as the work product of WWO owned by Armando Espinosa. Thus, the infringing and fraudulent acts of the Defendants are continuing to take a steep financial toll with no revenue reports and royalty payments being made. *See supra* ¶ 27–29.

985. After terminating the Distribution Agreement via email on August 18th, 2022, and sending a subsequent email confirming that all episodes of WWO were deleted on August 19th, 2022; any showcasing of WWO titles on Defendants' platforms was and continues to be unauthorized, non-consensual, and a willful infringement of copyright.

986. Without Plaintiffs' authorization or consent, Defendants have continued to display various WWO titles, without limitation, on their publicly accessible online video viewing platform – Pluto TV.

987. Publicly displaying the 30 titles of WWO on Pluto TV's streaming service after the termination of the license agreement constitutes false designation of origin of goods and services. All the Defendants are falsely representing that the 30

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

WWO titles displayed on Pluto TV are legally licensed and approved by Plaintiffs and that the Defendants are in some way affiliated or connected with the Plaintiffs.

988.   Such conduct of all the Defendants is likely to confuse, has actually confused, has misled, is likely to mislead and deceive Plaintiffs' viewers. WWO viewers believe that the Defendants have been approved, authorized, or licensed by Plaintiffs, which is untrue and a false designation of origin pursuant to 15 U.S.C. § 1125(a).

989.   Defendants' actions were done willfully, with full knowledge of falsity of such designations of origin and false descriptions or representations, with the express intent to cause confusion, and to mislead and deceive the WWO viewing public.

990.   This case qualifies as "an exceptional case" within the meaning of 15 U.S.C. §1117(a) in that the Defendants' actions have been malicious, fraudulent, deliberate, willful, and taken in bad faith with full knowledge and in conscious disregard of Plaintiff's rights. As such, Plaintiffs are entitled to recover their attorneys' fees pursuant to 15 U.S.C. §1117(a).

991.   At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 15 U.S.C. § 1117(d) as the conduct of all the Defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 29: WWO *Tijuana Nights* #17, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title, over 19 months are $1,900,000.00 ($100,000.00 x 19 months) or an amount to be proven at trial.

992.   Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to injunctive relief because the Defendants' conduct described herein above has caused, and if not enjoined, will continue to cause irreparable damage to the rights of Plaintiffs and to the business, reputation, and goodwill of Plaintiff WWO.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

**NINETY-EIGHTH CLAIM FOR RELIEF**

[False Designation of Origin Against all Defendants for

Title 30: WWO *Tijuana Nights* #18]

(Violations of 15 U.S.C. §§ 1125(a))

993.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39, inclusive, as if fully set forth herein.

994.   Armando Espinosa is and at all relevant times has been the owner of the valid copyright to all titles of WWO, copyright registration number 03-2023-112910551300-01, reflecting a filing date of November 29th, 2023. *See* **Exhibit 3**.

995.   WWO titles are live wrestling events produced and distributed across multiple platforms in Mexico, Brazil, and Latin America. In these countries, WWO titles are distinctive and well-known in the wrestling industry and among viewing members of the public. Accordingly, the public will continue to associate and identify the WWO titles currently being available on Pluto TV as the work product of WWO owned by Armando Espinosa. Thus, the infringing and fraudulent acts of the Defendants are continuing to take a steep financial toll with no revenue reports and royalty payments being made. *See supra* ¶ 27–29.

996.   After terminating the Distribution Agreement via email on August 18th, 2022, and sending a subsequent email confirming that all episodes of WWO were deleted on August 19th, 2022; any showcasing of WWO titles on Defendants' platforms was and continues to be unauthorized, non-consensual, and a willful infringement of copyright.

997.   Without Plaintiffs' authorization or consent, Defendants have continued to display various WWO titles, without limitation, on their publicly accessible online video viewing platform – Pluto TV.

998.   Publicly displaying the 30 titles of WWO on Pluto TV's streaming service after the termination of the license agreement constitutes false designation of origin of goods and services. All the Defendants are falsely representing that the 30

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

WWO titles displayed on Pluto TV are legally licensed and approved by Plaintiffs and that the Defendants are in some way affiliated or connected with the Plaintiffs.

999.   Such conduct of all the Defendants is likely to confuse, has actually confused, has misled, is likely to mislead and deceive Plaintiffs' viewers. WWO viewers believe that the Defendants have been approved, authorized, or licensed by Plaintiffs, which is untrue and a false designation of origin pursuant to 15 U.S.C. § 1125(a).

1000. Defendants' actions were done willfully, with full knowledge of falsity of such designations of origin and false descriptions or representations, with the express intent to cause confusion, and to mislead and deceive the WWO viewing public.

1001. This case qualifies as "an exceptional case" within the meaning of 15 U.S.C. §1117(a) in that the Defendants' actions have been malicious, fraudulent, deliberate, willful, and taken in bad faith with full knowledge and in conscious disregard of Plaintiff's rights. As such, Plaintiffs are entitled to recover their attorneys' fees pursuant to 15 U.S.C. §1117(a).

1002. At Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages pursuant to 15 U.S.C. § 1117(d) as the conduct of all the defendants were willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Here, Title 30: WWO *Tijuana Nights* #18, was continuously, intentionally, and publicly displayed for 19 months after the license had expired. The statutory damages that should be awarded for this title, over 19 months are $1,900,000.00 ($100,000.00 x 19 months) or an amount to be proven at trial.

1003. Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to injunctive relief because the Defendants' conduct described herein above has caused, and if not enjoined, will continue to cause irreparable damage to the rights of Plaintiffs and to the business, reputation, and goodwill of Plaintiff WWO.

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

## PRAYER

**WHEREFORE**, Plaintiffs prays for judgment against all the Defendants herein as follows:

1. That the Court find that:

 a. All the Defendants have over the course of 19 months repeatedly infringed and thus violated the Copyright of the 30 WWO titles;

 b. All the Defendants have breached the Distribution Agreement by passively failing to provide any revenue reports or payment in the form of royalties;

 c. All the Defendants have breached an implied duty of good faith and fair dealing by failing to perform their obligations as laid out in the Distribution Agreement; and

 d. All the Defendants have violated 15 U.S.C. §1125(a) by publicly displaying the 30 titles of WWO on Pluto TV's streaming service after the termination of the license agreement thereby instituting false designation of the origin of goods and services.

2. That the Court find that as a direct and proximate result of Defendants' foregoing acts, Plaintiffs are entitled to the following damages:

 a. At Plaintiffs' election, statutory damages of up to $150,000.00 for each separate act of the infringement of the Copyright of the 30 WWO titles. Since each month required a royalty statement, by contract, and each month, Defendants ignored delivering any royalty statement, each month of streaming each of the 30 WWO titles amounts to 30 infringements per month. Thus, at 19 months x 30 WWO titles x $150,000.00 per infringement, Plaintiffs seeks no less than $85,500,000.000 in statutory damages for willful infringement pursuant to 17 U.S.C. § 504(c);

 b. Plaintiffs seek reasonable attorneys' fees and costs of the suit;

 c. Plaintiffs seek compensatory damages and attorney fees for the 19

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

breaches of contract for each month;

d.    Plaintiffs seek damages and attorney fees for the 19 breaches of good faith and fair dealing implied in every contract under California Law;

e.    At Plaintiffs' election, statutory damages of up to $100,000.00 for each separate act of the Defendants' willful, intentional, deliberate, with malice, and in complete reckless disregard of Plaintiffs' rights. Each of the 30 WWO titles were continuously, intentionally, and publicly displayed for 19 months after the license had expired. Thus, at 19 months x 30 WWO titles x $100,000.00 per infringement, Plaintiffs seeks no less than $57,000,000.00 in statutory damages for false designation of origin pursuant to 15 U.S.C. § 1125(a).

f.    Plaintiffs seek such other and further relief as this honorable court deems just and appropriate.

3.    That the Court enjoin Defendants, their agents, servants, employees, attorneys, successors, assigns, subsidiaries, and all persons, firms, and corporations acting in concert with them, from directly or indirectly infringing the copyrights in the Film, including but not limited to continuing to distribute, copy, publicly perform, market, advertise, promote, produce, sell, or offer for sale, in any medium, the Film or any works derived or copied from the Film, and from participating or assisting in any such activity whether or not it occurs in the United States.

That the Court grant such other, further relief as it deems just and proper.

DATED: 05/29/2024          TROPE LAW GROUP, P.C.

KONRAD L. TROPE,
ATTORNEYS FOR PLAINTIFFS

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury on all issues triable by a jury in the above-entitled action.

DATED:  05/29/2024                                TROPE LAW GROUP, P.C.


_____
KONRAD L. TROPE,
ATTORNEYS FOR PLAINTIFF

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

# EXHIBIT '1'

*25 de noviembre de 2019*

**REMITENTE:**

**ISRAEL LEYVA HERNANDEZ**

*TELEVISA. S.A. DE C.V.*

*BOULEVARD ADOLFO LOPEZ MATEOS 2551 (EDIFICIO 6 CIR 1ER PISO TELEVISA INTERNACIONAL)*
*COL. LOMAS DE SAN ANGEL INN*
*DEL. ALVARO OBREGON*
*C.P. 01790*
*CIUDAD DE MEXICO, MEXICO*
*ijleyvah@televisa.com.mx*

*DESTINATARIO:*
*Bruder Releasing, Inc.*
*2020 Broadway*
*2nd Floor Suite 201*
*Santa Monica, CA 90404*
*Para: Pamela Benny*
*Phone: 310-829-2222 x160*
*DOCUMENTOS: 2548*

*CENTRO DE COSTOS: 552-07-431-122208-00828030-000-0*

2548

# DISTRIBUTION AGREEMENT

This Distribution Agreement (the "**Agreement**") is entered as of October 16th, 2019, by and between Bruder Releasing Inc (the "**Licensor**" or "**BRI**"), a company duly organized under the laws of the United States of America, and Televisa, S.A. de C.V. (the "**Distributor**" or "**Televisa**"), a company duly organized under the laws of Mexican United States ("**Mexico**") pursuant the following Recitals Definitions and Terms.

## RECITALS

Whereas the Parties have agreed to establish the conditions, guidelines and Terms under which Televisa will distribute the Programs owned by Licensor.

 NOW, THEREFORE, in consideration of the terms and conditions set forth herein, the parties agree as follows:

## DEFINITIONS

**A. Programs:** shall mean 30 (thirty) wrestling shows of Season 2019-2020 of World Wrestling Organization WWO that will be produced in Tijuana, B.C. Mexico, with a length of 60 (sixty) minutes each.

**B. Territory:** shall mean México, Brazil and all countries of Latin-America but expressly excluding Puerto Rico and any territories and/or possessions of the United States of America.

C. Ancillary Rights: All profits generated from the sales of merchandising products such as action figures, posters, t-shirts or other goods that parties may agree.

**C. Term:** For all rights licensed herein, the License Period shall start on November 1st, 2019 and shall terminate on October 31, 2020 (the "Term").

**D. Authorized Language(s)**:  Licensor hereby authorizes Televisa to distribute the Programs for broadcast in the original language and or dubbed and or / Subtitled into Brazilian Portuguese.

**E. Media:** The Distributor shall be entitled to offer the Programs to any third in the Territory enunciatively but limitative for means Broadcast via free television, Pay television, AVOD, FVOD, NVOD, SVOD, OTT, or any other existing media or hereinafter developed.

**F. Net Receipts for the Territory:** Shall mean all monies received by Distributor minus distribution costs capped to 10% (ten percent) of the license fee.

## TERMS

### 1. Distribution Rights

Licensor hereby grants to Distributor an exclusive distribution license for the Program by Free and Pay television, AVOD, FVOD, NVOD, SVOD, OTT, or any other existing media or hereinafter developed in the Territory during the Term. The Rights Granted herein include the right to use any and all elements of the Program and all Delivery Materials (including without limitation the names, voices, likenesses and biographies of all persons appearing in and/or connected with each episode of the Program), and any portions thereof, in connection with the publicity, advertising, marketing and packaging of each episode of the Program including



1

sound recordings contained in the, by any and all means of distribution in all media now or hereafter known or devised; and the right to change the title of or otherwise modify the Picture to meet the requirements of censorship, community standards, ratings, or other laws or regulations.. For purposes of clarity, it is understood between the parties that Distributor shall be also entitled to distribute the Program to any of the its affiliates, subsidiaries or companies part of Grupo Televisa, S.A.B. In all cases the Commission of Clause 3 shall apply.

## 2. Delivery Materials

The delivery of the materials shall be made according to the calendar and the specifications of Exhibit "A" of this Agreement.

## 3. Commission

(a) Distributor will be paid or credited with a commission fee of 30% (thirty percent) of the Net Receipts received by Distributor for the license of the Program. Distributor shall notify Licensor for each business opportunity regarding the license of the Programs with general deal terms on case by case basis (e-mail to suffice). Licensor shall notify to Distributor on the next 5 (five) following days its reply. If no notice is received by Distributor during the aforesaid period, then the proposed business shall be considered as approved by Licensor.

(b) In addition, Distributor shall be paid with the 10% (ten) percent of all monies received by the Licensor as *back end* for the exploitation of the Ancillary Rights in the Territory (as this term is known in the industry. The payments of this regard shall be paid on a quarterly basis to the following bank account: 1310092718; MUFG Union Bank; 20th And Wilshire Branch; 2001 Wilshire Blvd; Santa Monica, CA 90403. ABA/ Routing Number: 122000496; Swift Code: BOFCUS33

(c) All payments of the exploitation of the Ancillary Rights, shall be in Dollars, United States Legal Currency. It is agreed that Licensor will make all documents relevant regarding the exploitation of the Ancillary Rights during the previous quarter to Distributor. Together with each payment, Licensor must include sufficiently to assure compliance of the terms of this agreement, within the first ten (10) business days of the last quarter during the License Term of this Agreement, Distributor must receive a certification from Licensor containing a sworn statement by a legal representative of the latter, giving testimony of the earnings during the previous quarter. to check the information provided by Licensor, Distributor shall be entitled to ask Licensor for more information, or as the case may be, have an international certified public accountant firm audit the information provided by Licensor. Fees and expenses of the international public accountant firm practicing the audit must be paid by Distributor, unless such audit shows an adjustment to Distributor equal to or above 5% (five percent) of the amount originally calculated by Licensor, in which case such fees and expenses shall be paid by Licensor. For purposes of this clause, Licensor commits to provide Distributor access to records regarding the exploitation of Ancillary Rights.
1310092718; MUFG Union Bank; 20th And Wilshire Branch; 2001 Wilshire Blvd; Santa Monica, CA 90403. ABA/ Routing Number: 122000496; Swift Code: BOFCUS33

## 4. Payments

Distributor shall make payments to the following Licensor's Bank Account on a quarterly basis in USD. For this purpose, on the first 15 (fifteen) days of each quarter during the Term the parties shall reconcile the Net Revenues received by the Distributor in the immediately preceding quarter from the exploitation of the Programs. Thereafter, the Distributor shall remit the to the Licensor its revenue Share to the following bank account: 1310092718; MUFG Union Bank; 20th And Wilshire Branch; 2001 Wilshire Blvd; Santa Monica, CA 90403. ABA/ Routing Number: 122000496; Swift Code: BOFCUS33



(a). Synchronization Rights:

i.    Licensor will be responsible for acquiring all rights necessary to synchronize the music contained in the Program.

ii.    Licensor will be responsible for paying all royalties or charges incurred in obtaining and maintaining such synchronization licenses in effect for the Term.

(b). The Performance Rights with respect to the music contained in the Picture shall be:

i.    in the public domain in the Territory;

ii.    controlled by Licensor sufficient to allow Distributor to exploit all of the Licensed Rights without the necessity of any additional payment; or

iii.    available by license from the local music performing rights society in the Territory affiliated with the American Society of Composers, Authors and Publishers (ASCAP), Broadcast Music, Inc. (BMI), or SESAC, Inc. (SESAC).

## 6. Representations and Warranties:

(a) Licensor hereby represents and warrants that:

(i)    Licensor has the full right, power, and authority to enter into and perform this Agreement and to grant exclusively to Distributor hereunder all of the Rights Granted, and that Licensor will solely control throughout the Territory during the Term all of the Rights Granted in and to each Program and all elements thereof, including without limitation all performance, distribution, exhibition, advertising, trademarks and all other rights therein;

(ii)    To Licensor's knowledge in the exercise of reasonable prudence, no claim has been made that Licensor does not or may not have any of the Rights Granted, and there is not now valid or outstanding;

(iii)    Licensor will not hereafter grant, any right in connection with the Program which is or would be adverse to, or inconsistent with, or impair, the Rights Granted; no portion of the Program has been taken from any other work and there has been no claim that the Program violates, conflicts with, or infringes upon, and the Program does not violates, conflicts with or infringes upon, any rights whatsoever including without limitation any copyright, including trademarks  common law or statutory right anywhere in the world; any right of publication, performance, or any other right in any work; nor does any Program constitute or contain any libel, slander, invasion of privacy or defamation of any person, or entity; neither any Program nor any elements thereof are the subject of any third party claim; and each Picture and all elements thereof and all Delivery Materials will be fully cleared by Licensor for all distribution and uses set forth herein, and no payments will be required to be made by Distributor to any third party in connection with the exploitation of the Program hereunder (or, if any such payments are required, Licensor will be solely responsible therefore and indemnify and hold harmless Distributor in connection therewith); and

(iv)    The main and end titles, credit block and all publicity, promotion, trademarks, advertising and packaging information and materials with respect to each episode of the Program will (i) contain all necessary and proper credits for, actors and directors, and all other persons appearing in or connected with the production of the  Program who are entitled to receive such credit, and (ii) fully comply with all applicable Mexican contractual, guild, union and statutory requirements and agreements (with Licensor representing that the only applicable contractual, guild, union and statutory requirements and agreements are Mexican).

(b) Distributor hereby represents and warrants that has the full right, power, and authority to enter into and perform this Agreement, and it has not made nor will it make any contractual or other commitment which will or may prevent, impair or hinder its full performance of this Agreement.



## 7. Notices and Communications

All notices and communications between the parties hereto or in relation to action provided for herein, shall be issued and presented personally or by special courier service or facsimile with acknowledgement of receipt to the address provided by each party below, unless the other party may have issued written notice of another address within 30 (thirty) calendar days following the date of change of address.

Licensor:    BRI

Bruder Releasing Inc
2020 Broadway, Santa Monica, CA.
90404. USA

Distributor:

Televisa, S.A. de C.V.
Blvd. Adolfo López Mateos 2551
CIR Building, 1st Floor
Colonia Lomas de San Angel Inn
        C.P. 01790, Ciudad de México
        Attention: Andrés Soberón

Copy to:

Grupo Televisa, S.A.B.
        Avenida Vasco de Quiroga 2000
        Edificio C, 3rd, Floor
        Zedec, Santa Fe
        01210, Ciudad de México
        Attention: Roberto Cornish

## 8. Confidentiality Information.

Means any and all information relating to and/or proprietary to any Party hereof, that may be received or disclosed during any conversation, meetings, discussions and/or negotiations between the Parties in relation to the arrangement contemplated under this Agreement, and shall include (i) any trade secrets, information, ideas, stories, concepts, processes, techniques, or any other Intellectual Property, (ii) any information or data relating to the affairs of any Party including any project, work in progress, channel views, reports, statistics, summaries, records, future business, operational or financial plans, revenue projections, financing or personnel matters, (iii) information relating to present or future works, subscribers, clients, customers, employees, key persons engaged by any Party, (iv) the terms and conditions contained in this Agreement, and (v) any and all other information that may be confidential or proprietary to any Party, whether or not specifically marked as confidential, and whether such information is disclosed orally, in writing, graphically or in electronic form.

## 9. Taxes

All amounts payable to the Licensor shall be subject to the Treaty entered into between Mexico and the United States of America, if any, for the avoidance of double taxation (the "Treaty"); now in existence, which may require the deduction of withholding taxes from payments made to the Licensor under this Agreement. In the event that a reduced withholding tax rate is applicable under the Treaty, the Licensee  respectively, shall deduct such withholding taxes from the payment hereunder to the Licensor, at such reduced rate (including, but not limited to, a zero tax rate), provided however that the Licensor shall furnish



by the corresponding tax authority and dated during each tax year in which any payment is made to the Licensor under this Agreement. The Licensee shall furnish the Licensor, official tax certificates with respect to withholding taxes so deducted.

## 10. Anticorruption.

(a) Compliance with Anticorruption Regulations. The parties agree that, during the term of this Agreement, the parties shall at all times comply with the provisions set forth in the law and regulations related to anticorruption, anti-money laundering, sanctions and the prevention of financing of illegal activities, and terrorism, in the Mexican United States, the United States of America, and any other applicable jurisdiction, including, without limitation, the Mexican Ley General de Responsabilidades Administrativas and the Foreign Corrupt Practices Act (jointly, the "Anticorruption Regulations"). In addition, the Licensor acknowledges and agrees that it has read and understood, and shall comply with, the Code of Ethics of Grupo Televisa, S.A.B. and its subsidiaries (which is available at http://www.televisair.com/en/governance/codes-and-bylaws), as well as with Grupo Televisa, S.A.B.'s Anticorruption Policy. (b) Prohibition of corruption acts and/or improper acts. The Licensor acknowledges and agrees that neither it, nor its subsidiaries, affiliates, shareholders, directors, officers, employees, representatives and agents, for purposes of the performance of this Agreement, has paid, delivered, promised, offered, authorized, requested or accepted, neither will pay, deliver, promise, offer, authorize, request or accept the payment of any amount of money, loans, gifts, facilitating payments, grants or anything of value, or other improper advantage or otherwise, directly or indirectly, to any: (i) public official, political party, member or candidate of a political party, to induce him or her to carry out or omit any act in violation of his or her legal duty, or to help Grupo Televisa, S.A.B., or any of its subsidiaries (jointly, "GTV") to obtain or maintain businesses, benefits, concessions or permits, for GTV or for other person, or to refer businesses or benefits to third parties in an improper way; or (ii) officers, executives, employees or agents of any client or supplier of GTV in order to influence the grant of an improper benefit to GTV, in violation with any duty assumed before its employer. (c) Money Laundering and Financing of Terrorism. Distributor may unilaterally and immediately terminate the business relationship derived from the execution of this Agreement, without any obligation to pay any indemnity, in case the Licensor, its subsidiaries, affiliates, shareholders, officers, employees, sub-contractors, agents or any other third party that is controlled by or under its significant influence, and that is used for the performance of this Agreement, is: (i) condemned by an appropriate authority for money laundering and financing of illegal activities, including terrorism, and/or for managing resources related to such activities; or (ii) included in the lists for risk control on money laundering and financing of illegal activities, including terrorism, whether national or international, specially the Office of Foreign Assets Control (OFAC) list issued by the U.S. Department of the Treasury, the list of the United Nations Security Council and/or other lists related to money laundering and financing of illegal activities, including terrorism. By virtue of the foregoing, the Licensor shall respond Distributor for any damages that may be caused as a consequence of the Licensor's breach of this provision.

## 11.    Termination.

Either Party may terminate this Agreement in the following circumstances:

(i)      Upon no less than 30 (thirty) days prior written notice to the other party, where either Party to this Agreement is prevented from performing its obligations hereunder by reason of any decision, license condition or regulation of a governmental authority.

(ii)     In the event of any material breach of this Agreement by the other Party which has not been cured by such other party (or, in the case of a breach which cannot be cured within such period, the Party has undertaken good faith efforts and is continuing diligently to remedy such breach) within 30 (thirty) days of the date of receipt of notice of the breach, upon written notice to the other Party effective 30 (thirty) days after the date the notice is received.



(iii)      Upon written notice to the other Party, effective as of the date such notice is delivered, in the event of any bankruptcy, or appointment of a receiver over the assets of the other party, the winding up of the other Party or the taking of steps to dissolve or liquidate, or any similar or like event.

(iv)      It is understood between the parties that Distributor shall be entitled to early terminate this Agreement at any time during the Term by giving written notice to Licensor for this regard.

## 12. Headings

Headings of the Clauses of this Agreement have been inserted only as reference and shall by no means affect the construction of any provision contained therein.

## 13. Full Understanding

This Agreement constitutes the full understanding between Licensor and Distributor in relation to the subject matter of this instrument, and replaces all previous agreements, understandings, negotiations and discussions between the parties, both oral or in writing.

## 14. No Association

None of the provisions of this Agreement shall constitute an association or alliance between the parties nor shall be construed as a power of attorney or representation by either party with respect to the other party. Neither party shall be liable by reason of any statement, act or omission by the other party against any of this Agreement.

## 15. Applicable Law

This Agreement shall be governed and construed according to the applicable federal laws of Mexico.

## 16. Jurisdiction

The parties hereto expressly and irrevocable agree to bind themselves to the competent courts of the Mexico City with respect to any claim, action or proceeding derived from or related to this Agreement, and irrevocably waive any other jurisdiction that might correspond to them by reason of their present or future domiciles, or for any other reason.

HAVING READ THIS DISTRIBUTION AGREEMENT AND BEEN INFORMED OF THE CONTENT AND LEGAL SCOPE, THE PARTIES SIGN IT MANIFESTING THEIR CONSENT IN THE CITY OF MEXICO, FEDERAL DISTRICT, ON October 16th, 2019.

BRI,

Bruder, Releasing Inc

By:  Marc Bruder
Title: President

Distributor,

Televisa, SA DE C.V.

By: Vladimir Martín Rivas Fonseca
Title: Legal Representative

By: Julio Barba Hurtado
Title: Legal Representative

JURIDICO

## EXHIBIT "A"

### Delivery Materials

(a)  Materials shall be sent to Distributor once a show is produced during the following 30 days after each episode is produced.



**Pamela Benny**

| | |
|---|---|
| **From:** | Kenny Land <kennyl@brivideo.com> |
| **Sent:** | Monday, February 10, 2020 10:09 AM |
| **To:** | bruder@brivideo.com; pam@brivideo.com |
| **Subject:** | FW: FedEx Shipment 537098933202 Delivered |

Hey Guy,

The package has been delivered... ☺

**From:** TrackingUpdates@fedex.com [mailto:TrackingUpdates@fedex.com]
**Sent:** Monday, February 10, 2020 9:19 AM
**To:** KENNYL@BRIVIDEO.COM
**Subject:** FedEx Shipment 537098933202 Delivered



# Your package has been delivered

Tracking # 537098933202

Ship date:
Fri, 2/7/2020

KENNY LAND
BRUDER
RELEASING / BRI /
CED
SANTA MONICA,
CA 90404
US

Delivery date:
Mon, 2/10/2020
11:01 am

LUIS DE LA VEGA
TELEVISA
INTERNACIONAL
BLVD. ADOLFO
LOPEZ MATEOS
2551
COL.LOMAS DE SAN
ANGEL INN
MEXICO CITY, DF
01790
MX

Delivered

## Shipment Facts

Our records indicate that the following package has
been delivered.

| | |
|---|---|
| **Tracking number:** | 537098933202 |
| **Status:** | Delivered: 02/10/2020 11:01 AM Signed for By: M.MANUEL MORALES |
| **Department number:** | PER MARC |

1

| | |
|---|---|
| | BRUDER |
| Signed for by: | M.MANUEL MORALES |
| Delivery location: | MEXICO CITY, DF |
| Delivered to: | Residence |
| Service type: | International Priority® |
| Packaging type: | Your Packaging |
| Number of pieces: | 1 |
| Weight: | 1.00 lb. |
| Special handling/Services: | Deliver Weekday |
| | Residential Delivery |
| Standard transit: | 2/10/2020 by 6:00 pm |

Please do not respond to this message. This email was sent from an unattended mailbox. This report was generated at approximately 11:19 AM CST on 02/10/2020.

All weights are estimated.

To track the latest status of your shipment, click on the tracking number above.

Standard transit is the date and time the package is scheduled to be delivered by, based on the selected service, destination and ship date. Limitations and exceptions may apply. Please see the FedEx Service Guide for terms and conditions of service, including the FedEx Money-Back Guarantee, or contact your FedEx Customer Support representative.

© 2020 Federal Express Corporation. The content of this message is protected by copyright and trademark laws under U.S. and international law. Review our privacy policy. All rights reserved.

Thank you for your business.

# EXHIBIT '2'

# BRI-Televisa fully executed licensing agreement for WWO

*19 de febrero de 2020*

*REMITENTE:*

*ISRAEL LEYVA HERNANDEZ*

*TELEVISA. S.A. DE C.V.*

*BOULEVARD ADOLFO LOPEZ MATEOS 2551 (EDIFICIO 6 CIR 1ER PISO TELEVISA INTERNACIONAL)*
*COL. LOMAS DE SAN ANGEL INN*
*DEL. ALVARO OBREGON*
*C.P. 01790*
*CIUDAD DE MEXICO, MEXICO*
*ijleyvah@televisa.com.mx*

*DESTINATARIO:*
*Marc Bruder*
*President*
*BRI & CED*
*2020 Broadway*
*Santa Monica, CA. 90404*
*USA*
*T(310) 829-2222 Ext. 100*
*TICKET: 34936*
*DOCUMENTOS: 2567*

*CENTRO DE COSTOS: 552-07-431-122208-00828030-000-0*

2567

## DISTRIBUTION AGREEMENT

This Distribution Agreement (the "**Agreement**") is entered as of January 28, 2020, by and between Bruder Releasing Inc (the "**Licensor**" or "**BRI**"), a company duly organized under the laws of the United States of America, and Televisa, S.A. de C.V. (the "**Distributor**" or "**Televisa**"), a company duly organized under the laws of Mexican United States ("**Mexico**") pursuant the following Recitals Definitions and Terms.

## RECITALS

Whereas the Parties have agreed to establish the conditions, guidelines and Terms under which Televisa will distribute the Programs owned by Licensor.

NOW, THEREFORE, in consideration of the terms and conditions set forth herein, the parties agree as follows:

## DEFINITIONS

**A. Programs:** shall mean all programs selected by Televisa upon availability notice by BRI. For this regard BRI shall send to Televisa an availability notice list on a quarterly basis in order for Televisa to freely select those titles to be distributed in terms of this Agreement.

**B. Territory:** Latin America (Mexico and Brazil included) but expressly excluding Puerto Rico and all United States of America possessions or territories.

**C. Ancillary Rights**: All profits generated from the sales of merchandising products such as action figures, posters, t-shirts or other goods that parties may agree.

**D. Term:** For all rights licensed herein, the License Period shall start on February1st, 2020 and shall terminate on January 31, 2023 (the "Term").

**E. Authorized Language(s)**: Licensor hereby authorizes Televisa to distribute the Programs for broadcast in the original language and or dubbed and or / Subtitled into any agreed language in the Territory.

**F. Media:** The Distributor shall be entitled to offer the Programs to any third in the Territory enunciatively but not limitative for means of Broadcast via free television, Pay television, AVOD, FVOD, NVOD, SVOD, OTT, or any other existing media or hereinafter developed without any restriction.

**G. Net Receipts for the Territory:** Shall mean all monies received by





Distributor minus distribution costs, third party agency commissions, withholding taxes, materials, and dubbing costs among others.

## TERMS

### 1. Distribution Rights

Licensor hereby grants to Distributor a non-exclusive distribution license for the Programs by Free and Pay television, AVOD, FVOD, NVOD, SVOD, OTT, or any other existing media or hereinafter developed in the Territory during the Term. The Rights Granted herein include the right to use any and all elements of the Programs and all Delivery Materials (including but not limited to the names, voices, likenesses and biographies of all persons appearing in and/or connected with each episode of the Program), and any portions thereof, in connection with the publicity, advertising, marketing and packaging of each episode of the Programs including without limitation to the right to reproduce, distribute and exhibit any and all visual images and/or sound recordings contained in the programs, by any and all means of distribution in all media now or hereafter known or devised; and the right to change the title of or otherwise modify the Picture to meet the requirements of censorship, community standards, ratings, or other laws or regulations.. For purposes of clarity, it is understood between the parties that Distributor shall be also entitled to distribute the Programs to any of the its affiliates, subsidiaries or companies part of Grupo Televisa, S.A.B. In all cases the Commission of Clause 3 shall apply.

### 2. Delivery Materials

The delivery of the materials shall be made according to the calendar and the specifications of each contract celebrated with any third party. Televisa may freely select the number of titles to be distributed.

### 3. Commission

Distributor will be paid or credited with a commission fee of 30% (thirty percent) of the Net Receipts received by Distributor for the license of the Program. Distributor shall notify Licensor for each business opportunity regarding the license of the Programs with general deal terms on case by case basis (e-mail to suffice). Licensor shall notify to Distributor on the next 5 (five) following days its reply. If no notice is received by Distributor during the aforesaid period, then the proposed business shall be considered as approved by Licensor.

### 4. Payments

Distributor shall make payments to the Licensor's Bank Account on a quarterly basis in USD, corresponding to the 70% (seventy percent) of the Net Receipts. For this purpose, on the first 15 (fifteen) days of each quarter during the Term the parties shall reconcile the Net Revenues received by the Distributor in the immediately preceding quarter from the





exploitation of the Programs. Thereafter, the Distributor shall remit the to the Licensor its revenue Share to the following bank account: 1310092718; MUFG Union Bank; 20th And Wilshire Branch; 2001 Wilshire Blvd; Santa Monica, CA 90403. ABA/ Routing Number: 122000496; Swift Code: BOFCUS33

## 5. Music Contained on the Programs

(a). Synchronization Rights:
i.    Licensor will be responsible for acquiring all rights necessary to synchronize the music contained in the Programs.
ii.   Licensor will be responsible for paying all royalties or charges incurred in obtaining and maintaining such synchronization licenses in effect for the Term.

(b).  The Performance Rights with respect to the music contained in the Programs shall be:
i.    in the public domain in the Territory;
ii.   controlled by Licensor sufficient to allow Distributor to exploit all of the Licensed Rights without the necessity of any additional payment; or
iii.  available by license from the local music performing rights society in the Territory affiliated with the American Society of Composers, Authors and Publishers (ASCAP), Broadcast Music, Inc. (BMI), or SESAC, Inc. (SESAC).

## 6. Representations and Warranties:

(a) Licensor hereby represents and warrants that:

(i)  Licensor has the full right, power, and authority to enter into and perform this Agreement and to grant to Distributor hereunder all of the Rights Granted, and that Licensor will solely control throughout the Territory during the Term all of the Rights Granted in and to each Program and all elements thereof, including without limitation all performance, distribution, exhibition, advertising, trademarks and all other rights therein;

(ii) To Licensor's knowledge in the exercise of reasonable prudence, no claim has been made that Licensor does not or may not have any of the Rights Granted, and there is not now valid or outstanding;

(iii) Licensor will not hereafter grant, any right in connection with the Programs which is or would be adverse to, or inconsistent with, or impair, the Rights Granted; no portion of the Programs has been taken from any other work and there has been no claim that the Programs violates, conflicts with, or infringes upon, and the Programs does not violates, conflicts with or infringes upon, any rights whatsoever including without limitation any copyright, including trademarks  common law or statutory right anywhere in the world; any right of publication, performance, or any other right in any work; nor does any Programs constitute or contain any libel, slander, invasion of privacy or defamation of any person, or entity; neither any Programs nor any elements thereof are the subject of any third





party claim; and each Picture and all elements thereof and all Delivery Materials will be fully cleared by Licensor for all distribution and uses set forth herein, and no payments will be required to be made by Distributor to any third party in connection with the exploitation of the Program hereunder (or, if any such payments are required, Licensor will be solely responsible therefore and indemnify and hold harmless Distributor in connection therewith); and

(iv) The main and end titles, credit block and all publicity, promotion, trademarks, advertising and packaging information and materials with respect to each episode of the Programs will (i) contain all necessary and proper credits for, actors and directors, and all other persons appearing in or connected with the production of the  Programs who are entitled to receive such credit, and (ii) fully comply with all applicable contractual, guild, union and statutory requirements.

(b) Distributor hereby represents and warrants that has the full right, power, and authority to enter into and perform this Agreement, and it has not made nor will it make any contractual or other commitment which will or may prevent, impair or hinder its full performance of this Agreement.

### 7. Notices and Communications

All notices and communications between the parties hereto or in relation to action provided for herein, shall be issued and presented personally or by special courier service or facsimile with acknowledgement of receipt to the address provided by each party below, unless the other party may have issued written notice of another address within 30 (thirty) calendar days following the date of change of address.

Licensor:   BRI

Bruder Releasing Inc
2020 Broadway, Santa Monica, CA.
90404. USA
Attention: Marc Bruder

Distributor:

Televisa, S.A. de C.V.
Blvd. Adolfo López Mateos 2551
CIR Building, 1st Floor
Colonia Lomas de San Angel Inn
      C.P. 01790, Ciudad de México
      Attention: Carlos Aguilar

Copy to:

Grupo Televisa, S.A.B.
                    Avenida Vasco de Quiroga 2000
                    Edificio C, 3rd, Floor





Zedec, Santa Fe
01210, Ciudad de México
Attention: Roberto Cornish

## 8. Confidentiality Information.

Means any and all information relating to and/or proprietary to any Party hereof, that may be received or disclosed during any conversation, meetings, discussions and/or negotiations between the Parties in relation to the arrangement contemplated under this Agreement, and shall include (i) any trade secrets, information, ideas, stories, concepts, processes, techniques, or any other Intellectual Property, (ii) any information or data relating to the affairs of any Party including any project, work in progress, channel views, reports, statistics, summaries, records, future business, operational or financial plans, revenue projections, financing or personnel matters, (iii) information relating to present or future works, subscribers, clients, customers, employees, key persons engaged by any Party, (iv) the terms and conditions contained in this Agreement, and (v) any and all other information that may be confidential or proprietary to any Party, whether or not specifically marked as confidential, and whether such information is disclosed orally, in writing, graphically or in electronic form.

## 9. Taxes

All amounts payable to the Licensor shall be subject to the Treaty entered into between Mexico and the United States of America, if any, for the avoidance of double taxation (the "Treaty"); now in existence, which may require the deduction of withholding taxes from payments made to the Licensor under this Agreement. In the event that a reduced withholding tax rate is applicable under the Treaty, the Licensee respectively, shall deduct such withholding taxes from the payment hereunder to the Licensor, at such reduced rate (including, but not limited to, a zero tax rate), provided however that the Licensor shall furnish to the Licensee an official certificate of residency from the applicable Treaty jurisdiction issued by the corresponding tax authority and dated during each tax year in which any payment is made to the Licensor under this Agreement. The Licensee shall furnish the Licensor, official tax certificates with respect to withholding taxes so deducted.

## 10. Anticorruption.

(a) Compliance with Anticorruption Regulations. The parties agree that, during the term of this Agreement, the parties shall at all times comply with the provisions set forth in the law and regulations related to anticorruption, anti-money laundering, sanctions and the prevention of financing of illegal activities, and terrorism, in the Mexican United States, the United States of America, and any other applicable jurisdiction, including, without limitation, the Mexican Ley General de Responsabilidades Administrativas and the Foreign Corrupt Practices Act (jointly, the "Anticorruption Regulations"). In addition, the Licensor acknowledges and agrees that it has read and understood, and shall





comply with, the Code of Ethics of Grupo Televisa, S.A.B. and its subsidiaries (which is available at http://www.televisair.com/en/governance/codes-and-bylaws), as well as with Grupo Televisa, S.A.B.'s Anticorruption Policy. (b) Prohibition of corruption acts and/or improper acts. The Licensor acknowledges and agrees that neither it, nor its subsidiaries, affiliates, shareholders, directors, officers, employees, representatives and agents, for purposes of the performance of this Agreement, has paid, delivered, promised, offered, authorized, requested or accepted, neither will pay, deliver, promise, offer, authorize, request or accept the payment of any amount of money, loans, gifts, facilitating payments, grants or anything of value, or other improper advantage or otherwise, directly or indirectly, to any: (i) public official, political party, member or candidate of a political party, to induce him or her to carry out or omit any act in violation of his or her legal duty, or to help Grupo Televisa, S.A.B., or any of its subsidiaries (jointly, "GTV") to obtain or maintain businesses, benefits, concessions or permits, for GTV or for other person, or to refer businesses or benefits to third parties in an improper way; or (ii) officers, executives, employees or agents of any client or supplier of GTV in order to influence the grant of an improper benefit to GTV, in violation with any duty assumed before its employer. (c) Money Laundering and Financing of Terrorism. Distributor may unilaterally and immediately terminate the business relationship derived from the execution of this Agreement, without any obligation to pay any indemnity, in case the Licensor, its subsidiaries, affiliates, shareholders, officers, employees, sub-contractors, agents or any other third party that is controlled by or under its significant influence, and that is used for the performance of this Agreement, is: (i) condemned by an appropriate authority for money laundering and financing of illegal activities, including terrorism, and/or for managing resources related to such activities; or (ii) included in the lists for risk control on money laundering and financing of illegal activities, including terrorism, whether national or international, specially the Office of Foreign Assets Control (OFAC) list issued by the U.S. Department of the Treasury, the list of the United Nations Security Council and/or other lists related to money laundering and financing of illegal activities, including terrorism. By virtue of the foregoing, the Licensor shall respond Distributor for any damages that may be caused as a consequence of the Licensor's breach of this provision.

### 11.    Termination.

Either Party may terminate this Agreement in the following circumstances:

(i)      Upon no less than 30 (thirty) days prior written notice to the other party, where either Party to this Agreement is prevented from performing its obligations hereunder by reason of any decision, license condition or regulation of a governmental authority.

(ii)     In the event of any material breach of this Agreement by the other Party which has not been cured by such other party (or, in the case





of a breach which cannot be cured within such period, the Party has undertaken good faith efforts and is continuing diligently to remedy such breach) within 30 (thirty) days of the date of receipt of notice of the breach, upon written notice to the other Party effective 30 (thirty) days after the date the notice is received.

(iii)    Upon written notice to the other Party, effective as of the date such notice is delivered, in the event of any bankruptcy, or appointment of a receiver over the assets of the other party, the winding up of the other Party or the taking of steps to dissolve or liquidate, or any similar or like event.

(iv)    It is understood between the parties that Distributor shall be entitled to early terminate this Agreement at any time during the Term by giving written notice to Licensor for this regard.

## 12. Headings

Headings of the Clauses of this Agreement have been inserted only as reference and shall by no means affect the construction of any provision contained therein.

## 13. Full Understanding

This Agreement constitutes the full understanding between Licensor and Distributor in relation to the subject matter of this instrument, and replaces all previous agreements, understandings, negotiations and discussions between the parties, both oral or in writing.

## 14. No Association

None of the provisions of this Agreement shall constitute an association or alliance between the parties nor shall be construed as a power of attorney or representation by either party with respect to the other party. Neither party shall be liable by reason of any statement, act or omission by the other party against any of this Agreement.

## 15. Applicable Law

This Agreement shall be governed and construed according to the applicable federal laws of the State of New York, United States of America.

## 16. Jurisdiction

The parties hereto expressly and irrevocable agree to bind themselves to the competent courts of New York City with respect to any claim, action or proceeding derived from or related to this Agreement, and irrevocably waive any other jurisdiction that might correspond to them by reason of their present or future domiciles, or for any other reason.




HAVING READ THIS DISTRIBUTION AGREEMENT AND BEEN INFORMED OF THE CONTENT AND LEGAL SCOPE, THE PARTIES SIGN IT MANIFESTING THEIR CONSENT IN THE CITY OF MEXICO, FEDERAL DISTRICT, ON JANUARY 28, 2020.

BRI,

Bruder Releasing Inc

By:  Marc Bruder
Title: President

Fonseca

Distributor,

Televisa, S.A. DE C.V.

By: Julio Barba Hurtado
Title: Legal representative

By:     Vladimir     Martín     Rivas
Title: Legal representative

JURIDICO

# EXHIBIT '3'

# CERTIFICADO

## Registro Público del Derecho de Autor

Para los efectos de los artículos 13, 162, 163 fracción I, 164 fracción I, y demás relativos de la Ley Federal del Derecho de Autor, se hace constar que la **OBRA** cuyas especificaciones aparecen a continuación, ha quedado inscrita en el Registro Público del Derecho de Autor, con los siguientes datos:

| | |
|---|---|
| **AUTOR:** | ESPINOZA PERALTA ARMANDO FRANCISCO |
| **TÍTULO:** | WORLD WRESTLING ORGANIZATION - WWO LUCHA LIBRE |
| **RAMA:** | LITERARIA |
| **TITULAR:** | ESPINOZA PERALTA ARMANDO FRANCISCO |

Con fundamento en lo establecido por el artículo 168 de la Ley Federal del Derecho de Autor, las inscripciones en el registro establecen la presunción de ser ciertos los hechos y actos que en ellas consten, salvo prueba en contrario. Toda inscripción deja a salvo los derechos de terceros. Si surge controversia, los efectos de la inscripción quedarán suspendidos en tanto se pronuncie resolución firme por autoridad competente.

Con fundamento en los artículos 2, 208, 209 fracción III y 211 de la Ley Federal del Derecho de Autor; artículos 64, 103 fracción IV y 104 del Reglamento de la Ley Federal del Derecho de Autor; y artículos 1, 3 fracción I, 4, 8 fracción I y 9 del Reglamento Interior de Instituto Nacional del Derecho de Autor, se expide el presente certificado.

**Número de Registro: 03-2023-112910551300-01**

**Ciudad de México, a 29 de noviembre de 2023**

**EL DIRECTOR DEL REGISTRO PÚBLICO DEL DERECHO DE AUTOR**

**JESÚS PARETS GÓMEZ**




# ESCALETA Y ESTRUCTURA
# DEL PROGRAMA

## "WORLD WRESTLING ORGANIZATION"
## "WWO LUCHA LIBRE"

Cada programa de televisión estará conformado por un bloque con un total de 60 minutos aproximados, cada programa que se realice tendrá contenido de eventos de lucha libre con las estrellas de la World Wrestling Organization.

| NO. DE REGISTRO: | 03-2023-112910551300-01 |
| TÍTULO: | WORLD WRESTLING ORGANIZATION - |
| TIPO DE TRÁMITE: | OBRAS |
| PRESENTACIÓN: | HOJAS |

 INDAUTOR

## DE FORMA GENERAL CADA
## PROGRAMA TENDRA COMO CONTENIDO

- **2 (DOS) LUCHAS POR PROGRAMA**
- **CAPSULAS INFORMATIVAS DIVERSAS SOBRE NUESTRO DEPORTE**

CULTURA - INDAUTOR
REGISTRO PÚBLICO DEL DERECHO
DE AUTOR
03-2023-112910551300-01

# PROGRAMA DESGLOZADO

## BLOQUE 1
## TOTAL DE TIEMO POR PROGRAMA
## (60 MINUTOS)

- INICIO DEL PROGRAMA (TEMA MUSICAL)
- CORTINILLAS DE ENTRADA
- BIENVENIDA (LOCUTORES)
- CORTINILLA PRIMERA LUCHA
- PRIMERA LUCHA
- CORTINILLA SEGUNDA LUCHA
- SEGUNDA LUCHA
- COMENTARIOS DE DESPEDIDA
- CREDITOS (TEMA MUSICAL)

## Programas de Television

1. WWO Destruccion Total #1     © 2019
2. WWO Destruccion Total #2     © 2019
3. WWO The Crash     © 2019
4. WWO Apocalipsis     © 2019
5. WWO La Gran Revancha #1     © 2019
6. WWO La Gran Revancha #2     © 2019

1. WWO Total Domination #1     © 2015
2. WWO Total Domination #2     © 2015
3. WWO La Cuenta Final     © 2015
4. WWO Tijuana En Fuego     © 2015
5. WWO Misterio Mayhem     © 2015
6. WWO Tag Team Tournament     © 2015
7. WWO Tijuana Nights #1     © 2015
8. WWO Tijuana Nights #2     © 2015
9. WWO Tijuana Nights #3     © 2015
10. WWO Tijuana Nights #4     © 2015
11. WWO Tijuana Nights #5     © 2015
12. WWO Tijuana Nights #6     © 2015
13. WWO Tijuana Nights #7     © 2015
14. WWO Tijuana Nights #8     © 2015
15. WWO Tijuana Nights #9     © 2015
16. WWO Tijuana Nights #10     © 2015
17. WWO Tijuana Nights #11     © 2015
18. WWO Tijuana Nights #12     © 2015
19. WWO Tijuana Nights #13     © 2015
20. WWO Tijuana Nights #14     © 2015
21. WWO Tijuana Nights #15     © 2015
22. WWO Tijuana Nights #16     © 2015
23. WWO Tijuana Nights #17     © 2015
24. WWO Tijuana Nights #18     © 2015

1. WWO Classics Episode #1      © 2000
2. WWO Classics Episode #2      © 2000
3. WWO Classics Episode #3      © 2000
4. WWO Classics Episode #4      © 2000
5. WWO Classics Episode #5      © 2000
6. WWO Classics Episode #6      © 2000
7. WWO Classics Episode #7      © 2000
8. WWO Classics Episode #8      © 2000
9. WWO Classics Episode #9      © 2000
10. WWO Classics Episode #10      © 2000
11. WWO Classics Episode #11      © 2000
12. WWO Classics Episode #12      © 2000
13. WWO Classics Episode #13      © 2000
14. WWO Classics Episode #14      © 2000
15. WWO Classics Episode #15      © 2000
16. WWO Classics Episode #16      © 2000
17. WWO Classics Episode #17      © 2000
18. WWO Classics Episode #18      © 2000
19. WWO Classics Episode #19      © 2000
20. WWO Classics Episode #20      © 2000
21. WWO Classics Episode #21      © 2000
22. WWO Classics Episode #22      © 2000
23. WWO Classics Episode #23      © 2000
24. WWO Classics Episode #24      © 2000
25. WWO Classics Episode #25      © 2000
26. WWO Classics Episode #26      © 2000
27. WWO Classics Episode #27      © 2000
28. WWO Classics Episode #28      © 2000
29. WWO Classics Episode #29      © 2000
30. WWO Classics Episode #30      © 2000
31. WWO Classics Episode #31      © 2000
32. WWO Classics Episode #32      © 2000
33. WWO Classics Episode #33      © 2000
34. WWO Classics Episode #34      © 2000
35. WWO Classics Episode #35      © 2000
36. WWO Classics Episode #36      © 2000
37. WWO Classics Episode #37      © 2000

38. WWO Classics Episode #38     © 2000
39. WWO Classics Episode #39     © 2000
40. WWO Classics Episode #40     © 2000
41. WWO Classics Episode #41     © 2000
42. WWO Classics Episode #42     © 2000
43. WWO Classics Episode #43     © 2000
44. WWO Classics Episode #44     © 2000
45. WWO Classics Episode #45     © 2000
46. WWO Classics Episode #46     © 2000
47. WWO Classics Episode #47     © 2000
48. WWO Classics Episode #48     © 2000
49. WWO Classics Episode #49     © 2000
50. WWO Classics Episode #50     © 2000
51. WWO Classics Episode #51     © 2000
52. WWO Classics Episode #52     © 2000
53. WWO Classics Episode #53     © 2000
54. WWO Classics Episode #54     © 2000
55. WWO Classics Episode #55     © 2000
56. WWO Classics Episode #56     © 2000
57. WWO Classics Episode #57     © 2000
58. WWO Classics Episode #58     © 2000
59. WWO Classics Episode #59     © 2000
60. WWO Classics Episode #60     © 2000
61. WWO Classics Episode #61     © 2000
62. WWO Classics Episode #62     © 2000
63. WWO Classics Episode #63     © 2000
64. WWO Classics Episode #64     © 2000
65. WWO Classics Episode #65     © 2000
66. WWO Classics Episode #66     © 2000
67. WWO Classics Episode #67     © 2000
68. WWO Classics Episode #68     © 2000
69. WWO Classics Episode #69     © 2000
70. WWO Classics Episode #70     © 2000

# EXHIBIT '4'

# BRI

## Bruder Releasing Inc.

### 79585 Baya

### La Quinta, CA 92253

### W(310) 829-2222  M(310) 749-2580

### www.4BRI.net

Dear Konrad and Katie,

Following is all the documentation needed to show chain-of-title for the BRI licensing of WWO to Televisa.

Thank you and Stay well,

Marc Bruder

BRI President

# BRI-WWO signed representation agreement for Televisa

### BRI
## BRUDER RELEASING, INC.

10/10/19

TO: WWO
ATTN: Armando Espinozaa

#### DEAL MEMO:

Bruder Releasing, Inc (BRI) has licensed your title(s) to PPV-Pay Per View and VOD-Video on OTT Broadcast television as indicated below:

TITLE(S) – HD VERSIONS          ALL EPISODES
SYSTEM -                        TELEVISA

AIRDATE -                       November 1, 2019
LICENSING FEE --                30% - WITH 10% FOR ANCILLARY RIGHTS
BRI DIST FEE                    25%
LICENSING PERIOD -              . Either Party may terminate this Agreement in the following
                                circumstances: Upon no less than 30 (thirty) days prior written notice
                                to the other party, where either Party to this Agreement is prevented
                                from performing its obligations hereunder by reason of any decision,
                                license condition or regulation of a governmental authority.
TERMS AND CONDITIONS --         Non-Exclusive, OTT  PPV-VOD, AVOD, FVOD, NVOD,
TERRITORY-                      SVOD for 1 year
                                All of Latin America

**TERMS AND CONDITIONS – Non- Exclusive Rights on SPANISH versions– Latin America.  BRI will deduct the cost of Mastering Charges and editing if required from royalties.**

**INDEMNIFICATION:  Producer agrees at it's own expense to indemnify and otherwise hold Agent free and harmless from all legal fees and costs, including title, copyright and all other related rights, but not limited to, damages from Agent arising out of any legal actions and/or claims from the above Picture(s).**

**NON-CIRCUMVENTION, NON-DISCLOSURE & CONFIDENTIALITY WORKING AGREEMENT**
**WHEREAS the undersigned Principals wish to enter into an Agreement and define certain parameters of their Legal obligations to, and with each other relating to certain broadcast systems, platforms, networks, channels and entities being serviced with program licensing by Bruder Releasing, Inc. (BRI) .  Confidentiality: The terms and conditions of this Agreement are confidential between the parties and shall not be disclosed to anyone else, except as may be necessary to effectuate its terms.**

**ADDITIONAL MATERIALS REQUIRED °°  Box Cover, Cast List, Synopsis, Runtime,  DOP in completed metadata sheet**

**Please have your Masters ready for pick-up and or contact Kenny Land at BRI to schedule a pick up /delivery.**

Should you have any questions or require any additional information please do not hesitate to contact me.

Best Regards,                                   Approved by:

Marc Bruder                                     Armando Espinoza
President                                       WWO
MB/cp

2020 BROADWAY*SANTA MONICA *CA*90404*PHN: (310) 829-0033*FAX: (310)829-0202

# EXHIBIT '5'

| | |
|---|---|
| **From:** | Pam - BRI |
| **To:** | Konrad Trope |
| **Cc:** | Katie Serviss; Marc - BRI |
| **Subject:** | FW: PLUTO TV & TELEVISA: WWO /Mexico & Latam= Revenue Share |
| **Date:** | Friday, December 15, 2023 1:01:30 PM |

Best regards,
Pam

Pamela Benny
BRI
Accounting Manager
Phone: 424-625-9811
pam@brivideo.com

NON-DISCLOSURE & CONFIDENTIALITY ANNOUNCEMENT...
This correspondence shall serve in full force and effect the rules and laws of confidentiality and non-circumvention.

**From:** Marc Bruder <Bruder@brivideo.com>
**Sent:** Tuesday, June 30, 2020 8:17 AM
**To:** 'Castro Mario' <mcastro@televisa.com.mx>
**Cc:** 'de la Vega Galeano Luis Alberto' <lavegag@televisa.com.mx>; penny@brivideo.com; 'Kenny Land' <Kennyl@brivideo.com>; Pamela Benny <pam@brivideo.com>; Vincent Anelle <vincent@brivideo.com>; Lorin Russell <lorin@brivideo.com>
**Subject:** RE: PLUTO TV & TELEVISA: WWO /Mexico & Latam= Revenue Share

# YES brother!!!! Go do it...make us some pesos. Stay well

# Marc

Marc Bruder
President
**BRI** & CED
2020 Broadway
Santa Monica, CA. 90404
USA
T(310) 829-2222 Ext. 100
F(310) 829-0202
M(310) 749-2580
[www.4BRI.net](www.4BRI.net)
"Where Content Is King"

NON-DISCLOSURE & CONFIDENTIALITY ANNOUNCEMENT...
This correspondence shall serve in full force and effect the rules and laws of confidentiality and non-circumvention

**From:** Castro Mario [mailto:mcastro@televisa.com.mx]
**Sent:** Monday, June 29, 2020 5:18 PM
**To:** Marc Bruder
**Cc:** de la Vega Galeano Luis Alberto
**Subject:** PLUTO TV & TELEVISA: WWO /Mexico & Latam= Revenue Share

Dear Marc,
I hope you are doing well.
On my side I'm doing well.

I'd like to know if you'll agree to include WWO in Pluto TV platform.

- Pluto Tv:
- It's a platform with more than 50 VOD channels.
- It's service is FREE/ Add Supported
- AVOD
- Pluto Tv will have a Wrestling VOD Channel
- Mexico & Latam
- Revenue Share
- Televisa 50% & Pluto TV 50%
- Non Exclusive
- Starting date: September 2020 Approximate

Looking forward to your comments.
Regards
Mario

"Stay safe"



# EXHIBIT '6'

| | |
|---|---|
| **From:** | Pam - BRI |
| **To:** | Konrad Trope |
| **Cc:** | Katie Serviss; Marc - BRI |
| **Subject:** | FW: WWO |
| **Date:** | Friday, December 15, 2023 12:44:06 PM |

Best regards,
Pam

Pamela Benny
BRI
Accounting Manager
Phone: 424-625-9811
pam@brivideo.com

NON-DISCLOSURE & CONFIDENTIALITY ANNOUNCEMENT...
This correspondence shall serve in full force and effect the rules and laws of confidentiality and non-circumvention.

**From:** Marc Bruder <bruder@brivideo.com>
**Sent:** Monday, August 08, 2022 10:42 AM
**To:** mcastro@televisa.com.mx
**Cc:** Aviva Howard <Aviva@brivideo.com>; Pamela Benny <pam@brivideo.com>; jballeste@univision.net; Aguilar Vazquez Carlos Alberto <caaguilarv@televisa.com.mx>; 'asacasa@univision.net' <asacasa@univision.net>; yayala@univision.net; arovegno@univision.net; rmazon@univision.net
**Subject:** RE: WWO

My brother Mario, and Televisa/Univision friends,
I hope you and your families are well.
Armando Espinosa JR (Warlock) called to let me know you spoke with him.
I understand that the report you will be sending will not be big but that is ok.
After speaking with The Warlock, we request that you extend the term and add the new shows that WWO will be producing soon.
Let's talk when you have time and stay well,
ALSO, www.4BRI.net has new Spanish Speaking programs for you...we are producing a great series of Christmas movies and would like to talk to you about a strong partnership...the newest Release is called..."**La Segunda Esposa de Papa' Noel"** (Santa's Second Wife...it is going to be great).
(Please note our address change below)

Marc
Marc Bruder
President
**BRI** & CED

**79585 Baya**
**La Quinta, CA. 92253**
T(310) 829-2222
M(310) 749-2580
[www.4BRI.net](www.4BRI.net)
Content Is King"

NON-DISCLOSURE & CONFIDENTIALITY ANNOUNCEMENT...
This correspondence shall serve in full force and effect the rules and laws of confidentiality and non-circumvention

| | |
|---|---|
| **From:** | Pam - BRI |
| **To:** | Konrad Trope |
| **Cc:** | Katie Serviss; Marc - BRI |
| **Subject:** | FW: WWO - IN DEMAND Q1 2022 REPORTS- January - March 2022 |
| **Date:** | Friday, December 15, 2023 12:45:34 PM |

Best regards,
Pam

Pamela Benny
BRI
Accounting Manager
Phone: 424-625-9811
pam@brivideo.com

NON-DISCLOSURE & CONFIDENTIALITY ANNOUNCEMENT...
This correspondence shall serve in full force and effect the rules and laws of confidentiality and non-circumvention.

**From:** Armando Espinosa <wwoluchalibre@gmail.com>
**Sent:** Thursday, June 02, 2022 9:33 AM
**To:** Pamela Benny <pam@brivideo.com>
**Subject:** Re: WWO - IN DEMAND Q1 2022 REPORTS- January - March 2022

Ok thank you

On Thu, Jun 2, 2022 at 9:29 AM Pamela Benny <pam@brivideo.com> wrote:

> Hi Armando,
>
> Televisa say's they are expecting report next week. I will send to you as soon as I receive it.
>
> Best regards,
> Pam
>
> Pamela Benny
> CED/BRI
> Accounting Manager
> Phone: 424-625-9811
> pam@brivideo.com
>
> NON-DISCLOSURE & CONFIDENTIALITY ANNOUNCEMENT...
> This correspondence shall serve in full force and effect the rules and laws of confidentiality and non-circumvention.

**From:** Armando Espinosa <wwoluchalibre@gmail.com>
**Sent:** Wednesday, June 01, 2022 1:10 PM
**To:** Pamela Benny <pam@brivideo.com>
**Subject:** Re: WWO - IN DEMAND Q1 2022 REPORTS- January - March 2022

Perfect,

So now we wait for Televisa's report?

On Wed, Jun 1, 2022 at 12:45 PM Pamela Benny <pam@brivideo.com> wrote:

> Armando,
> See highlighted below in my email. Trying to find the answers!
>
> Best regards,
> Pam
>
> Pamela Benny
> CED/BRI
> Accounting Manager
> Phone: 424-625-9811
> pam@brivideo.com
>
> NON-DISCLOSURE & CONFIDENTIALITY ANNOUNCEMENT...
> This correspondence shall serve in full force and effect the rules and laws of confidentiality and
> non-circumvention.
>
> **From:** Armando Espinosa <wwoluchalibre@gmail.com>
> **Sent:** Wednesday, June 01, 2022 12:24 PM
> **To:** Pamela Benny <pam@brivideo.com>
> **Subject:** Re: WWO - IN DEMAND Q1 2022 REPORTS- January - March 2022
>
> Perfect, thank you.
>
> Have you gotten a response from Roku?
>
> On Wed, Jun 1, 2022 at 12:15 PM Pamela Benny <pam@brivideo.com> wrote:
>
>> Hi Armando,
>>
>> Enclosed are the reports for In Demand Q1 2022.
>> A check will be going out in the mail today.
>>
>> Please let us know if you have any questions.
>>
>> Also, we are still working on the Roku investigation and will get back to
>> you with any information we can find out from Roku.

Best regards,
Pam

Pamela Benny
CED/BRI
Accounting Manager
Phone: 424-625-9811
pam@brivideo.com

NON-DISCLOSURE & CONFIDENTIALITY ANNOUNCEMENT...
This correspondence shall serve in full force and effect the rules and laws of confidentiality
and non-circumvention.

| | |
|---|---|
| **From:** | Pam - BRI |
| **To:** | Konrad Trope |
| **Cc:** | Katie Serviss; Marc - BRI |
| **Subject:** | FW: WWO QUARTER 4 2021- IN DEMAND & TELEVISA QTR 3 2021 |
| **Date:** | Friday, December 15, 2023 12:48:30 PM |
| **Attachments:** | Televisa Revenue - LATAM Report - Q3 2021 - (Per Clip).xlsx |

Best regards,
Pam

Pamela Benny
BRI
Accounting Manager
Phone: 424-625-9811
pam@brivideo.com

NON-DISCLOSURE & CONFIDENTIALITY ANNOUNCEMENT...
This correspondence shall serve in full force and effect the rules and laws of confidentiality and non-circumvention.

**From:** Pamela Benny
**Sent:** Wednesday, March 02, 2022 1:13 PM
**To:** Marc Bruder <bruder@brivideo.com>; Armando Espinosa <wwoluchalibre@gmail.com>
**Cc:** Aviva Howard <Aviva@brivideo.com>
**Subject:** RE: WWO QUARTER 4 2021- IN DEMAND & TELEVISA QTR 3 2021

Hi Armando,

Enclosed is the one and only report we have received from Televisa. Quarter 3 2021.
I will also include this payment, along with any other report I receive before sending check to WWO.

Best regards,
Pam

Pamela Benny
CED/BRI
Accounting Manager
Phone: 424-625-9811
pam@brivideo.com

NON-DISCLOSURE & CONFIDENTIALITY ANNOUNCEMENT...
This correspondence shall serve in full force and effect the rules and laws of confidentiality and non-circumvention.

**From:** Marc Bruder <bruder@brivideo.com>
**Sent:** Wednesday, March 02, 2022 1:07 PM
**To:** Armando Espinosa <wwoluchalibre@gmail.com>
**Cc:** Aviva Howard <Aviva@brivideo.com>; Pamela Benny <pam@brivideo.com>
**Subject:** Re: WWO QUARTER 4 2021- IN DEMAND

Pam will get the reports and Mario is asking when ne shows are ready, so is iNDemand and VA Media I'm Australia and the new fast channels. Let us know when new shows are ready please

Sent from my iPhone

> On Mar 2, 2022, at 12:58 PM, Armando Espinosa <wwoluchalibre@gmail.com> wrote:

> Perfect, also, per Mario Castro, you should be getting a report from Televisa (PlutoTV) soon.

> On Wed, Mar 2, 2022 at 10:49 AM Marc Bruder <bruder@brivideo.com> wrote:
>> Any new shows?
>>
>> Sent from my iPhone
>>
>>> On Mar 2, 2022, at 10:48 AM, Pamela Benny <pam@brivideo.com> wrote:
>>>
>>> Hi Armando,
>>>
>>> I hope you are doing well.
>>> Enclosed is the 4th Quarter 2021 Revenue Report for In Demand.
>>> We will get a check out to you shortly for the balance due of $614.50.
>>>
>>> Please let us know if you have any questions.
>>>
>>> Best regards,
>>> Pam
>>>
>>> Pamela Benny
>>> CED/BRI
>>> Accounting Manager
>>> Phone: 424-625-9811
>>> pam@brivideo.com

NON-DISCLOSURE & CONFIDENTIALITY ANNOUNCEMENT...
This correspondence shall serve in full force and effect the rules and
laws of confidentiality and non-circumvention.

# EXHIBIT '7'

| | |
|---|---|
| **From:** | Pam - BRI |
| **To:** | Konrad Trope |
| **Cc:** | Katie Serviss; Marc - BRI |
| **Subject:** | FW: WWO for Pluto direct with BRI and more |
| **Date:** | Friday, December 15, 2023 12:42:22 PM |
| **Attachments:** | image002.png |
| | image001.png |
| | image005.png |
| | image003.png |
| | image004.png |
| | image006.png |

Best regards,
Pam

Pamela Benny
BRI
Accounting Manager
Phone: 424-625-9811
pam@brivideo.com

NON-DISCLOSURE & CONFIDENTIALITY ANNOUNCEMENT…
This correspondence shall serve in full force and effect the rules and laws of confidentiality and non-circumvention.

**From:** Marc Bruder <bruder@brivideo.com>
**Sent:** Thursday, August 18, 2022 8:40 AM
**To:** Ojito, Yanaice <Yanaice.Ojito@vimn.com>
**Cc:** mcastro@televisa.com.mx; Aviva Howard <Aviva@brivideo.com>; Pamela Benny <pam@brivideo.com>; Figueredo, Florencia <Florencia.Figueredo@vimn.com>; Arias, Eduardo <Eduardo.Arias@vimn.com>
**Subject:** Re: WWO for Pluto direct with BRI and more

What about other content we have for you in Spanish language at www.4BRI.net let's talk soon

Sent from my iPhone

> On Aug 18, 2022, at 8:33 AM, Ojito, Yanaice <Yanaice.Ojito@vimn.com> wrote:

Hi Marc,
Being that the current volume of WWO hours is only 14, the programming team has decided to pass on renewing.
In the even that there's a significant volume increase we can continue conversations.
As for the avails sent a few weeks back, I do apologize in the delay in getting that evaluation back to you.

The team is working through a thick backlog of evaluations but I should be getting back to you on that shortly.
Best,
Yani



**YANI OJITO**

**SR. MANAGER – CONTENT PARTNERSHIPS**

Mail: Yanaice.Ojito@vimn.com | Miami, FL.

---

**From:** Marc Bruder <bruder@brivideo.com>
**Sent:** Wednesday, August 17, 2022 11:30 PM
**To:** mcastro@televisa.com.mx; Ojito, Yanaice <Yanaice.Ojito@vimn.com>
**Cc:** Aviva Howard <Aviva@brivideo.com>; Pamela Benny <pam@brivideo.com>; Figueredo, Florencia <Florencia.Figueredo@vimn.com>; Arias, Eduardo <Eduardo.Arias@vimn.com>
**Subject:** RE: WWO for Pluto direct with BRI and more

External Email

Yanaice…do you need anything from BRI regarding WWO?
Please send the licensing agreement at your earliest convenience.
Stay well,
Abrazo

Marc
Marc Bruder
President
**BRI** & CED
T(310) 829-2222
M(310) 749-2580
www.4BRI.net
Content **I**s King"

NON-DISCLOSURE & CONFIDENTIALITY ANNOUNCEMENT…
This correspondence shall serve in full force and effect the rules and laws of confidentiality and non-circumvention

---

**From:** Castro Mario <mcastro@televisa.com.mx>
**Sent:** Tuesday, August 9, 2022 9:54 AM

**To:** Marc Bruder <bruder@brivideo.com>; Ojito, Yanaice <Yanaice.Ojito@vimn.com>
**Cc:** Aviva Howard <Aviva@brivideo.com>; Pamela Benny <pam@brivideo.com>;
Figueredo, Florencia <Florencia.Figueredo@vimn.com>; Arias, Eduardo
<Eduardo.Arias@vimn.com>
**Subject:** RE: WWO for Pluto direct with BRI and more

Dear Yani,
Le me introduce Marc Bruder from BRI based in la Quinta California.
As you'll see on the following email Marc has the interest to continue the Business
relationship directly with Pluto TV.
I'd appreciate it to coordinate with him the next steps to keep the WWO and additional
episodes in Pluto TV.
Thanks all for your help and support.
Sincerely
Mario



Mario Castro | Director of Sales
Televisa Internacional | http://www.televisainternacional.com
✉ mcastro@televisa.com.mx |  +1 (305) 775-8312

---

**From:** Marc Bruder <bruder@brivideo.com>
**Sent:** Tuesday, August 9, 2022 12:46 PM
**To:** Castro Mario <mcastro@televisa.com.mx>
**Cc:** Aviva Howard <Aviva@brivideo.com>; Pamela Benny <pam@brivideo.com>
**Subject:** WWO for Pluto direct with BRI and more

> **[Remitente Externo]**
>    **El correo recibido proviene de una dirección externa a la organización, por favor verificar el
> remitente y el contenido así como los archivos y vínculos incluidos.**

Thanks for the call brother...yes! We can go directly with Pluto and the WWO series...
also will introduce everything else in Spanish language at www.4BRI.net to Pluto...you
can share this email with your Pluto contact.
Be well Mario.

## Marc

Marc Bruder
President
**BRI** & CED
79585 Baya
La Qu8inta, CA. 92253
T(310) 829-2222
M(310) 749-2580
www.4BRI.net
Content Is King"

NON-DISCLOSURE & CONFIDENTIALITY ANNOUNCEMENT...
This correspondence shall serve in full force and effect the rules and laws of
confidentiality and non-circumvention

# EXHIBIT '8'



October 30, 2023

Alejandro Sacasa (Televisa/Univision),
Douglas Welch (Televisa/Univision),
Yuri Ayala (Televisa/Univision),
Jorge Balleste (Televisa/Univision),
Mario Castro (Televisa/Univision),
Karina Etchison (Televisa/Univision),
Luis Alberto de la Vega Galeano (Televisa/Univision),
Yanaice Ojito (Viacom/PlutoTv),
Eduardo Arias (Viacom/PlutoTv),
Florencia Figueredo (Viacom/PlutoTv),
Marc Bruder (Bruder Releasing),
Aviva Howard (Bruder Releasing),
Pamela Benny (Bruder Releasing).

**RE: FINAL NOTICE BEFORE LEGAL ACTION AGAINST ALL PARTIES**

Our content distributor, Bruder Releasing, has repeatedly contacted you regarding the unlicensed appropriation of our World Wrestling Organization program content. They have provided you with a copy of the licensing agreement that was originally signed with Televisa for Latin America on November 25, 2019, but was subsequently cancelled by Televisa in August of 2022, as they stated PlutoTv had no additional interest in airing the content. Also, according to Mario Castro in an email dated August 19, 2022, he stated they had deleted the episodes off their drives.

On August 21, 2023, I notified Burder Releasing that PlutoTv was airing World Wrestling Organization program content, to which they have no license to do so. Bruder Releasing has repeatedly attempted to contact Televisa, PlutoTv, Claxson, with all eventually pointing out that Televisa is the one that provided the program content to PlutoTv.

Due to your lack of professionalism in responding to Bruder Releasing in order to remedy the claims brought on you, we have turned over all the information to our legal department and have instructed them to commence both a lawsuit and audit against all parties here named above.

However, there is still time to avoid such a lawsuit and audit if you contact Bruder Releasing within the next three (3) days. This will be your final opportunity to resolve the matter without the added expense of court proceedings. All the charges regarding court orders and other legal proceedings or any other amount related to this legal action shall also be paid by you in addition to all monies due to the World Wrestling Organization.

Sincerely,

**Armando Espinosa Jr.**
COO - **Talent, Live Events & Creative**

WORLD WRESTLING ORGANIZATION
1808 E 8TH STREET – NATIONAL CITY, CA. 91950

# EXHIBIT '9'

| Revenue received after Televisa-MTVNLA license agreement terminated | | | |
|---|---|---|---|
| Row Labels | Sum of Partner Rev Share Usd | Costs (overages) | Payout |
| 9/1/2022 | $ 30.16 | $ - | $ 30.16 |
| 10/1/2022 | $ 31.08 | $ 5.41 | $ 25.67 |
| 11/1/2022 | $ 62.51 | $ 5.41 | $ 57.10 |
| 12/1/2022 | $ 105.86 | $ 5.41 | $ 100.45 |
| 1/1/2023 | $ 29.13 | $ 1.04 | $ 28.10 |
| 2/1/2023 | $ 27.33 | $ 1.04 | $ 26.29 |
| 3/1/2023 | $ 33.36 | $ 1.04 | $ 32.32 |
| 4/1/2023 | $ 2.40 | $ - | $ 2.40 |
| 5/1/2023 | $ 46.90 | $ - | $ 46.90 |
| 6/1/2023 | $ 89.26 | $ - | $ 89.26 |
| 7/1/2023 | $ 27.11 | $ - | $ 27.11 |
| 8/1/2023 | $ 18.20 | $ - | $ 18.20 |
| 9/1/2023 | $ 60.65 | $ - | $ 60.65 |
| 10/1/2023 | $ 53.86 | $ - | $ 53.86 |
| Grand Total | $ 617.82 | $ 19.33 | $ 598.49 |